# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This document relates to All Actions | MDL No. 17-2795 (MJD/KMM)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, the parties STIPULATE AND AGREE to entry of the following Protective Order and to abide by its terms:

1. As used in this Protective Order, these terms have the following meanings:

(a) "Actions" means the consumer class actions consolidated in the above-entitled multi-district litigation proceeding and, for clarity, does not include (i) any action or proceeding brought under any federal securities law, any rule or regulation of the Securities and Exchange Commission, or any securities law or regulation of any state, or (ii) any shareholder derivative action, filed against any Party or its officers, directors, board members, employees or agents.

(b) "Attorneys" means counsel of record, their staff and employees, and in-house counsel for a Party;

(c) "Party" or "Parties" shall mean any or all parties to this Actions;

(d) "Producing Party" shall mean a Party or non-party on whose behalf the Discovery Material is produced, furnished, or disclosed, during the course of these Actions, in response to requests for production of documents, interrogatories, requests for admission, depositions, subpoena, or any other requests for discovery pursuant to the Federal Rules of Civil Procedure;

(d) "Receiving Party" shall mean any Party or non-party to whom Discovery Material is produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in these Actions;

(e) "Designating Party" means any Party or non-party that opts to designate any Discovery Material or portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," pursuant to this Order;

(f) "Discovery Material" shall mean any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure, or any applicable Local Rule) that are produced, disclosed, served, or filed in these Actions, as defined below, by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, or a response to any type of written discovery (including interrogatories and requests for admission);

(g) "CONFIDENTIAL" Discovery Material shall mean Discovery Material that has not been intentionally made public by the disclosing party and that the

disclosing party reasonably and in good faith believes qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (a) trade secrets, (b) confidential, proprietary or otherwise sensitive business information and communications (including, for example, information and communications concerning commercial, competitive, strategic, technical, research, and financial matters), or (c) information subject to any third-party confidentiality rights.  "CONFIDENTIAL" Discovery Material also means and includes any derivations, abstracts, excerpts, summaries, compilations or analyses of CONFIDENTIAL Discovery Material.

(h) "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" means "CONFIDENTIAL" Discovery Material that (a) the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the Designating Party or (b) Discovery Material that reveals personally identifiable customer information ("PII"). For purposes of this Order, PII includes, for example, an individual customer's account number, social security number, address, email address, phone number, date of birth, driver's license number (or other state identification number or a foreign government equivalent), passport number, financial account number, or payment card number.

(i) "Outside Vendors" means messenger, discovery, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

(j) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. Any Party or non-party may designate Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by affixing on each page a legend similar to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." For any documents produced in native format, such designation shall be made on the placeholder image associated with each designated document. Any Discovery Material not reduced to documentary form shall be designated by the Producing Party in a reasonably equivalent way.

3. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material, along with the information contained therein, shall be used solely for the purpose of these Actions, and no person receiving such Discovery Material shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Discovery Material or its contents to any person other than those specified in paragraphs 4(a)-(k) or paragraph 5. Any other use is prohibited.

4. Access to any "CONFIDENTIAL" Discovery Material shall be limited to:

(a) the Court and its staff;

(b) the Parties' outside counsel of record and their associates, staff, contract attorneys, paralegals, and regularly employed office staff;

(c) in-house counsel for Parties to these Actions;

(d) Outside Vendors;

(e) persons shown on the face of the Discovery Material to have authored or received it or a custodian or other person who it is objectively certain otherwise possessed the Discovery Material;

    (f)  court reporters retained to transcribe testimony;

    (g)  the Parties, including their directors, officers and employees, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing these Actions;

    (h)  any witness at a deposition or trial, including current or former employees of any Defendant, provided that any non-party witness and his or her counsel shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit A before reviewing the CONFIDENTIAL information;

    (i)  outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in these Actions, provided that such person shall receive a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A before reviewing the confidential information;

    (j)  any mediator appointed by the Court or mutually-agreed upon by the parties, provided that such individual shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit A before reviewing the confidential information;

    (k)  other persons upon further order of the Court or written consent of the Parties.

5. Access to any "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material shall be limited to those persons listed in Paragraphs 4(a), (b), (d), (e), (f), (h), (i), (j) and (k). In the case of persons listed in Paragraph 4(h), such Discovery Material may only be shown to the extent the person is a current or former employee of the Producing Party and the content of the Discovery Material is within the subject matter of the person's current or former employment. If Plaintiffs' counsel believes it is necessary for a named plaintiff to view specific "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Discovery Material, then counsel shall seek Defendants' consent. If Defendants withhold consent, and Plaintiffs' counsel contends that it is necessary for a named plaintiff to see the information to enable counsel to discharge his or her duties, then the dispute shall be presented to the Court. Nothing in this Protective Order, including in this or the prior section, will limit any party's use of its own Discovery Material for any purpose.

6. Third parties or non-parties producing Discovery Material in the course of these Actions may also designate it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," subject to the same protections and constraints as the parties to the Actions. A copy of the Protective Order shall be served along with any subpoena for discovery served upon a third party or non-party in connection with these Actions. All Discovery Material produced by such third parties or non-parties shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of 14 days from the date of their production, and during that period any Party may designate such Discovery Material as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEY'S EYES ONLY," pursuant to the terms of the Protective Order.

7. Counsel who provide access to Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a person or entity for whom Exhibit A is required to be signed shall maintain a collection of all such signed documents.

8. A person having custody of Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall maintain it in a manner that limits access to the designated Discovery Material to persons permitted access under this Order.

9. The parties will use reasonable care to avoid designating as "CONFIDENTIAL" documents or information that does not need to be designated as such.

10. All depositions or portions of depositions taken in these Actions that contain confidential information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded other "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Material.  Unless otherwise agreed, confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript.  Depositions shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" during the 10-day period following receipt of the final transcript.  The deposition of any witness (or any

portion of such deposition) that encompasses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" information shall be taken only in the presence of persons who are qualified to have access to such information. It shall be the responsibility of the party invoking any such designation of deposition testimony to alert any party attending the deposition of their inability to hear the testimony asserted to be CONFIDENTIAL.

       11.    If any Party or non-party inadvertently fails to identify Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," the failure to so mark the Discovery Material shall not be deemed a waiver of its confidentiality. The Producing Party shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Discovery Material. Any Receiving Party shall retrieve such improperly designated Discovery Material from persons not entitled to receive them and, upon receipt of the substitute Discovery Material, shall sequester, return or destroy the improperly designated Discovery Material. Inadvertent production of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege, protection, or immunity is resolved by agreement of the parties or by the Court.

12. Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver of the attorney-client privilege or work-product protection, or other privilege or immunity. If a Producing Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, the Producing Party shall promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return, destroy, or sequester all copies of the implicated material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege, protection, or immunity shall be destroyed or sequestered forthwith. The Parties will not conduct an inquiry under Federal Rule of Evidence (FRE) 502(b) to determine whether information was produced inadvertently. Instead, the Parties will determine inadvertence solely based on the good faith representation of the Producing Party. Nothing herein shall prevent the Receiving Party from challenging the propriety of the Discovery Material claimed to have been inadvertently produced by submitting a challenge to the Court. The Producing Party shall bear the burden of establishing the privileged, protected, or immune nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege, protection, or immunity is resolved by agreement of the parties or by the Court.

If a Receiving Party becomes aware that it is in receipt of information or materials that it knows or in good faith suspects is privileged, protected, or immune, counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party or notify the Producing Party of their destruction, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

      13.    With respect to any documents that are withheld or redacted based upon a claim of privilege, work product, or another immunity from discovery, the Producing Party will prepare a log recording the following for each document: (i) a description of the document sufficient to allow the Receiving Party to assess the claim of privilege; (ii) the author(s) or sender of the document to the extent such information is available in the metadata of the document or readily apparent on its face; (iii) the recipients of the document, including bcc recipients to the extent such information is available in the metadata of the document or readily apparent on its face; (iv) the date of the document to the extent such information is available in the metadata of the document or readily apparent on its face; and (iv) the basis of the privilege(s) claimed.  The Parties will not be required to log privileged communications or attorney work product dated after June 18, 2017, privileged communications between the parties and their outside counsel, or work product of outside counsel.

14. In addition to the limitations on expert-related discovery imposed by the Federal Rules of Civil Procedure, the following documents need not be retained and shall not be discoverable:

    (a) any draft of any expert disclosure or report; and

    (b) any correspondence or other communications, whether written or oral, that are not relied upon by the expert as a basis for his or her opinions and that occur between any testifying expert and: (i) the expert's assistants and/or clerical or support staff, (ii) other expert witnesses, (iii) non-testifying expert consultants, (iv) employees, officers, directors, or consultants of a Party, or (v) Attorneys for the Party retaining such an expert

15. If a Party files Discovery Material containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information with the Court, it shall do so in compliance with the Local Rules and Electronic Case Filing Procedures for the District of Minnesota. Any party that anticipates it may reference the content of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Material produced by the other party at trial or a hearing will confer with the other party prior to disclosure and the parties will work together so that, to the maximum extent possible under the circumstances, information protected under this Order is not shown or disclosed to the public, press, or any other persons not authorized to see it under this Order, and is not used for any purpose not authorized by this Order.

16. Notwithstanding any provision in this Protective Order, documents may only be filed under seal in connection with any motion filed with this Court to the extent such filing complies with Local Rule 5.6.

17. Any Party may request a change in the designation of any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If the Designating Party does not agree to change the existing designation within five (5) business days, the objecting party may seek relief from the Court. Any such Discovery Material shall be treated as originally designated until the change is completed. The Parties shall meet and confer in good faith upon notice that a Party believes that Discovery Material has been inappropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." As part of that conferral, the Designating Party must assess whether redaction is a viable alternative to complete nondisclosure. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in these Actions may be affected. The party asserting the material is confidential shall have the burden of proving the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and any other applicable authority.

18. Within 45 days of the termination of these Actions, including any appeals, each Receiving Party shall either destroy or return to the Producing Party all Discovery Material designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all copies of such Discovery Material, and shall destroy all extracts and/or data taken from such Discovery Material. Each Party shall provide a certification as to such return or destruction within the 45-day period.  However, Attorneys shall be entitled to retain a set of all pleadings and court filings, deposition transcripts, hearing and trial transcripts, attorney work product, and correspondence generated in connection with the Action, including any exhibits (including those that are, contain, or reference Discovery Material that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

19. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

20. Nothing herein shall be construed to prevent any Party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of the Protective Order.  Nothing herein shall be construed to prevent a Party from using or continuing to use any documents or information known to it or used by it prior to the filing of the Protective Order or that has come or shall come into a Party's possession independently of disclosure and/or discovery in this case, so long as the documents or information was obtained lawfully and does not violate a different confidentiality order, agreement, or governing ethical rule or standard.

21. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in these Actions or of any position as to discoverability or admissibility of evidence.

22. The obligations imposed by the Protective Order shall survive the termination of these Actions, and the restrictions imposed by this Protective Order may be modified or terminated only by further order of the Court.

Dated: February 22, 2018

*s/ Brian C. Gudmundson*
Carolyn G. Anderson (MN 275712)
Brian C. Gudmundson (MN 336695)
Bryce D. Riddle (MN 398019)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 641-0844
carolyn.anderson@zimmreed.com
brian.gudmundson@zimmreed.com
bryce.riddle@zimmreed.com

**ZIMMERMAN REED LLP**
Hart L. Robinovitch
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
hart.robinovitch@zimmreed.com

*Plaintiffs' Interim Co- Lead and Liaison Counsel*

*s/ William A. McNab*
William A. McNab
**WINTHROP & WEINSTINE, PA**
225 S 6th St Ste 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
wmcnab@winthrop.com

David M. Aafedt
**WINTHROP & WEINSTINE, PA**
225 S 6th St Ste 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
daafedt@winthrop.com

David A. Vogel
**COOLEY LLP**
11951 Freedom Drive, Ste. 1500
Reston, VA 20190-5656
Telephone: (703) 456-8576
dvogel@cooley.com

Douglas P. Lobel
**COOLEY LLP**
11951 Freedom Dr, Ste. 1500
Reston, VA 20190-5656

**O'MARA LAW GROUP**
Mark M. O'Mara
Channa Lloyd
Alyssa J. Flood
Caitlin Frenkel
221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
Telephone: (407) 898-5151
Facsimile: (407) 898-2468
mark@omaralawgroup.com
channa@omaralawgroup.com
alyssa@omaralawgroup.com
caitlin@omaralawgroup.com

**GERAGOS & GERAGOS, APC**
Mark J. Geragos
Benjamin J. Meiselas
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (231) 625-3900
Facsimile: (231) 232-3255
mark@geragos.com
meiselas@geragos.com

**GERAGOS & GERAGOS, APC**
Lori G. Feldman
7 West 24th Street
New York, NY 10010
Telephone: (917) 388-3121
lori@geragos.com

*Plaintiffs' Interim Co-Lead Counsel*

Telephone: (703) 456-8019
dlobel@cooley.com

Jeffrey M. Gutkin
Martin Schenker
**COOLEY LLP**
101 California Street
Ste 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jgutkin@ooley.com
mschenker@cooley.com

Joseph M. Windler
**WINTHROP & WEINSTINE, PA**
225 S 6th St Ste 3500
Minneapolis, MN 55402-4629
Telephone: (612) 604-6646
Facsimile: (612) 604-6846
jwindler@winthrop.com

*Defendant's Primary Outside Counsel*

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in *In re CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-2795 (MJD/KMM), pending in the United States District Court for the District of Minnesota.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Discovery Material, or copies of Discovery Material, designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" obtained pursuant to such Protective Order, or the contents of such Discovery Material, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such Discovery Material except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any Discovery Material in my possession designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on _____          _____
                   (Date)                                (Signature)