# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This document relates to<br>0:17-cv-02832, 0:17-cv-04613,<br>0:17-cv-04614, 0:17-cv-04615,<br>0:17-cv-04616, 0:17-cv-04617,<br>0:17-cv-04618, 0:17-cv-04619,<br>0:17-cv-04622, 0:17-cv-04943,<br>0:17-cv-04944, 0:17-cv-04945,<br>0:17-cv-04947, 0:17-cv-05001,<br>0:17-cv-05046 | MDL No. 17-2795 (MJD/KMM)<br><br>CASE MANAGEMENT ORDER NO. 3: STIPULATION AND PROPOSED ORDER REGARDING EFFECT OF CONSOLIDATED CLASS ACTION COMPLAINT AND UNDERLYING ACTIONS |

WHEREAS, on October 5, 2017, October 16, 2017, and October 25, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued Conditional Transfer Orders consolidating all of the above-named actions, among others, to the District of Minnesota for coordinated and consolidated pretrial proceedings in this multidistrict litigation ("MDL");

WHEREAS, on February 15, 2018, Plaintiffs filed a Consolidated Class Action Complaint ("CCAC") (Dkt. 38) naming CenturyLink, Inc. ("Defendant") as the sole defendant;

WHEREAS, prior to filing Plaintiffs' CCAC, CenturyLink, Inc. and several of its subsidiaries were named defendants in the previously-filed complaints in the above-listed actions (the "Consumer Actions");

WHEREAS, prior to the filing of the CCAC, Plaintiffs Andrea Bornholdt, Elizabeth Faulkner, Tajuana Dahib, Sue Anne Fitch, Katherine Parkes, Ben Jeske, Susan Remmele, Rod Stucker, Deanne Tyler, Ed Weigt, Donald Fournier, Michael Maguire, Bonnie Marino, Deen Dodge, Jeff Landahl, Ralph Aragon, Maria Ochoa, 528 Sushi and Asian Cuisine LLC, Rebecca Lavelle-Register, Kathryn O'Donnell, Rebeca Rocha, Laurie A. Raymond, Attorney at Law, Michael Anderson, Sara Young-Buck, Robert Marchese, Jason Malueg, Bob Glodowski, Hollie Richman, and Christina Scott were not named plaintiffs in previously-filed complaints in the Consumer Actions;

WHEREAS, several plaintiffs named in previously-filed complaints in the Consumer Actions were not named as Plaintiffs in Plaintiffs' CCAC;

IT IS HEREBY STIPULATED AND AGREED between Plaintiffs and Defendant, subject to approval of the Court, that in order to streamline the litigation process, the following treatment of the CCAC and underlying complaints shall apply:

1. Defendant hereby provides written consent pursuant to Fed. R. Civ. P. 15(a)(2) for Plaintiffs to file amended complaints as follows:

    a. Amend the pleading in case No. 0:17-cv-04613 to add Andrea Bornholdt and Elizabeth Faulkner as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint;

    b. Amend the pleading in case No. 0:17-cv04615 to add Tajuana Dahib, Sue Anne Fitch, and Katherine Parkes as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint;

c. Amend the pleading in case No. 0:17-cv-04616 to add Ben Jeske, Susan Remmele, Rod Stucker, Deanne Tyler, and Ed Weigt as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint;

d. Amend the pleading in case No. 0:17-cv-04617 to add Donald Fournier, Michael Maguire, Bonnie Marino as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint ;

e. Amend the pleading in case No. 0:17-cv-02832 to add Deen Dodge and Jeff Landahl as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint;

f. Amend the pleading in case No. 0:17-cv-04945 to add Ralph Aragon, Maria Ochoa, and 528 Sushi and Asian Cuisine LLC as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint;

g. Amend the pleading in case No. 0:17-cv-04619 to add Rebecca Lavelle-Register, Kathryn O'Donnell, Rebeca Rocha, and Laurie A. Raymond, Attorney at Law as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint; and

h. Amend the pleading in case No. 0:17-cv-04622 to add Michael Anderson and Sara Young-Buck as named Plaintiffs and amend as otherwise reflected in the proposed amended complaint.

2. Plaintiffs have filed, or shall file, complaints for the following plaintiffs in the reflected judicial districts and file a notice of tag along with the JPML. Defendant's undersigned counsel agrees to accept service of process of the summonses and complaints in these new actions:

    a. Robert Marchese in the Eastern District of North Carolina;

    b. Jason Malueg in the Eastern District of Wisconsin;

    c. Bob Glodowski and Hollie Richman in the District of Utah; and

    d. Christina Scott in the Western District of Missouri.

Upon transfer of each of these actions to this MDL, the action shall be considered a "Consumer Action" as defined above.

3. The CCAC shall be deemed to supersede the constituent complaints in any Consumer Action, as to any plaintiff who is named in it and will serve as the operative complaint as to all consolidated Consumer Actions.

4. Regarding the claims of any current plaintiff in a Consumer Action who is not named in the CCAC, such plaintiff shall have an opportunity to conform such plaintiff's complaint to the CCAC. The CCAC shall be deemed to amend the individual claims of any plaintiff in a Consumer Action who files a Notice to Conform to the CCAC pursuant to Federal Rule of Civil Procedure 15. Together, the Notice to Conform and the CCAC shall be treated as the operative complaint in any constituent Consumer Action for any individual plaintiff. Any responsive pleading filed by Defendant to the CCAC, whether filed before or after a Notice to Conform by the plaintiff is filed, shall apply to

the constituent case for any individual plaintiff who provides a Notice to Conform pursuant to this paragraph.

5. If the complaint in any Consumer Action names a defendant that is not named in the CCAC (an "Absent Defendant"), then each Absent Defendant is voluntarily dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Such dismissal is without prejudice to any Absent Defendant to file a motion to intervene, including but not limited to the pending motion filed on April 2, 2018 (Dkt. 82).

6. If a Defendant named in the CCAC, or later added to the CCAC, is not named in the complaint in a Consumer Action, then by filing a Notice to Conform, the plaintiff shall be deemed to have added that defendant to his or her complaint in the Consumer Action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

7. Amendments to the CCAC shall be deemed to automatically apply to and amend the complaint in any Consumer Action, for each plaintiff who has filed a Notice to Conform.

8. The CCAC, or a plaintiff filing a Notice to Conform, shall not be deemed to affect where that plaintiff's case is ultimately set for trial. All parties shall retain all of their respective rights and arguments under 28 U.S.C. § 1407, *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and otherwise as to venue at the conclusion of pretrial proceedings in this MDL. Whether named in the CCAC or having conformed their pleadings to the CCAC, plaintiffs who already have a case in this MDL shall be deemed to have filed in the jurisdiction where their case was originally filed. At

the conclusion of pretrial matters, to the extent required, plaintiffs may be severed from the master complaint for transfer back to their originating district.

9. The filing of a Notice to Conform shall have no effect on exclusion or participation in any class subsequently certified by the Court. No individual shall be deemed to have waived any right to object to class certification or opt-out of any class that the Court may certify.

10. Other than the opportunity to file a Notice to Conform, all Consumer Actions other than the CCAC that are not dismissed without prejudice shall remain stayed.

11. Orders resulting from motion practice directed at the CCAC shall be deemed to apply to the Parties in any case where a Notice to Conform has been filed.

12. Regarding any Consumer Action of a plaintiff who is not named in the CCAC and elects not to file a Notice to Conform, such action will be stayed, including the requirement for Defendant to file any responsive pleading or motion, except with regard to motions to remand to state court or to objections to the application of Orders directed to the CCAC, as set forth below. Any Orders issued by the Court that are directed to the CCAC shall be deemed to apply to all Consumer Actions to the extent the issues have the same subject matter as the individual cases. Such plaintiffs will need to file an objection to the application of any Order to the Plaintiffs' case. If a plaintiff fails to file an objection within 28 days of an Order explaining why that Order directed to the CCAC should not apply to his or her individual case, the plaintiff will be deemed to have waived such argument.

13. The parties agree that for all current Consumer Actions filed against CenturyLink, Inc. and transferred to this MDL, service of the complaints shall be deemed accepted. Defendant waives no defense other than insufficient process and insufficient service of process (Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure), and Defendant expressly reserves all other defenses, including but not limited to defenses related to jurisdiction and venue.

Respectfully submitted,

Dated: April 20, 2018

*s/ Brian C. Gudmundson*
Carolyn G. Anderson (MN 275712)
Brian C. Gudmundson (MN 336695)
Bryce D. Riddle (MN 398019)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 641-0844
carolyn.anderson@zimmreed.com
brian.gudmundson@zimmreed.com
bryce.riddle@zimmreed.com

**ZIMMERMAN REED LLP**
Hart L. Robinovitch
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
hart.robinovitch@zimmreed.com

*Plaintiffs' Interim Co- Lead and Liaison Counsel*

**O'MARA LAW GROUP**
Mark M. O'Mara
Channa Lloyd
Alyssa J. Flood
Caitlin Frenkel

221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
Telephone: (407) 898-5151
Facsimile: (407) 898-2468
mark@omaralawgroup.com
channa@omaralawgroup.com
alyssa@omaralawgroup.com
caitlin@omaralawgroup.com

**GERAGOS & GERAGOS, APC**
Mark J. Geragos
Benjamin J. Meiselas
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (231) 625-3900
Facsimile: (231) 232-3255
mark@geragos.com
meiselas@geragos.com

**GERAGOS & GERAGOS, APC**
Lori G. Feldman
7 West 24th Street
New York, NY 10010
Telephone: (917) 388-3121
lori@geragos.com

*Plaintiffs' Interim Co-Lead Counsel*

Dated: April 20, 2018    *s/ William A. McNab*
William A. McNab (MN Bar No. 320924)
David M. Aafedt, (MN Bar No. 27561X)
**WINTHROP & WEINSTINE, P.A.**
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
wmcnab@winthrop.com
daafedt@winthrop.com

Douglas P. Lobel (VA Bar No. 42329)
David A. Vogel (VA Bar No. 48971)

**COOLEY LLP**
11951 Freedom Drive
Reston, VA 20190
Telephone: (703) 456-8019
Facsimile: (703) 456-8100
dlobel@cooley.com
dvogel@cooley.com

Martin S. Schenker (CA Bar No. 109828)
Jeffrey M. Gutkin (CA Bar No. 216083)
**COOLEY LLP**
101 California Street
San Francisco, CA 94111
Telephone: (415) 693-2026
Facsimile: (415) 693-2222
mschenker@cooley.com
jgutkin@cooley.com

Carolyn J. Fairless (CO Bar No. 30214)
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeenth Street
Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1852
fairless@wtotrial.com

*Counsel for Defendants CenturyLink and Intervenors Qwest Corporation, Embarq Florida, Inc., Embarq Missouri, Inc., Carolina Telephone and Telegraph Company LLC, Central Telephone Company, CenturyTel of Idaho, Inc., CenturyTel of Larsen-Readfield, LLC, CenturyTel of Washington, Inc., CenturyTel Broadband Services, LLC, and Qwest Broadband Services, Inc.*