# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 0:17-md-02795-MJD-KMM |
| | ORDER REGARDING DISCOVERY DISPUTE |
| This document relates to: All cases | |

      This matter is before the Court on CenturyLink's request, raised through the Court's informal discovery dispute resolution procedures, to have the Plaintiffs' responses to several requests for admission deemed insufficient pursuant to Federal Rule of Civil Procedure 36. The Court held a telephonic hearing regarding this dispute on August 20, 2018, and issued its ruling during that hearing. This Order is intended to capture that ruling.

      CenturyLink asks the Court to issue an Order requiring the Plaintiffs to serve new responses that include no objections and have no statements or explanations that do not fairly respond to the substance of the requests. CenturyLink argues that Plaintiffs' responses to the requests for admission make it unclear what is being admitted or denied. In particular, CenturyLink complains that Plaintiffs' admissions or denials are "subject to" certain objections and that several responses improperly include irrelevant extraneous information and impermissible legal arguments. Plaintiffs respond that they have provided qualifications to their responses as permitted by the rules and that any confusion created by the assertion of objections is erased by reference to their answers to other discovery requests.

      Although the Plaintiffs' responses to the Requests for Admission are perhaps not beyond reproach, with two discreet exceptions they are not so objectionable as to mandate that they be withdrawn and prepared once again. The parties are all very well aware that time is of the essence at this stage of the litigation. Any alleged deficiencies in the RFA responses are ameliorated by the other discovery responses

provided by the plaintiffs. CenturyLink has received answers to interrogatories and responses to document requests from every individual plaintiff addressing the same subject matter as the requests for admission. In addition, CenturyLink will be deposing each of the individual plaintiffs before its reply memoranda are due. By these means, CenturyLink will have an ample opportunity to discover what it needs to litigate the pending defense motions, including the information relevant to CenturyLink's arguments that many of the Plaintiffs received "confirmation of service" letters or "clicked to accept" certain terms and conditions. The Court will not weigh in on the parties' disagreements about which "general objections" raised by the Plaintiffs' in their RFA responses are common practice and which are not.

Additionally, CenturyLink's concern that Plaintiffs' imperfect RFA responses could be confusing to a jury is premature. Not only do the answers not appear unduly confusing at first blush, but any effect that specific answers or objections may have on a jury can be addressed later, when time constraints are less significant. *See* Fed. R. Civ. P. 36(a)(6) ("The court may defer its final decision [regarding the sufficiency of an answer or an objection to a request for admission] until a pretrial conference or a specified time before trial.").

The two exceptions to the Court's decision not to require the Plaintiffs' responses to be changed relate to general objections 4 and 5, which Plaintiffs are ordered to withdraw. Plaintiffs' General Objection No. 4 asserts that the requests for admission call for legal conclusions or the application of law to fact. General Objection No. 5 asserts that the requests for admission shall not be construed in any way as an admission that any request is either factually or legally binding upon a Plaintiff. Neither of these appears to be a permissible objection and, as discussed at the hearing, both could be read to give rise to the confusion of which Century Link complains.

Aside from requiring the Plaintiffs to withdraw General Objections No. 4 and 5, the Court declines to micromanage the sufficiency of the Plaintiffs' answers and objections at this stage. Briefing deadlines on the pending defense motions are fast

approaching and significant work is yet to be completed before those motions are heard by the District Court.

Date: August 22, 2018                             *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge