# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

IN RE: CENTURYLINK SALES
PRACTICES AND SECURITIES
LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to
Civil File Nos. 18-2460, 18-2833,
18-2834, 18-2835, 19-263, 19-284

**MEMORANDUM OF LAW & ORDER**

---

Shawn M. Perry, Perry & Perry, PLLP, and Thomas J. McKenna and Gregory M. Egleston, Gainey McKenna & Egleston, Counsel for Plaintiffs Sona Andresian, Glen Walker, and Michael Barbree.

William B. Federman, Federman & Sherwood, and Gregg M. Corwin, Gregg M. Corwin & Associate Law Office, PC, Counsel for Plaintiff Inter-Marketing Group USA, Inc.

George C. Aguilar and Brian J. Robbins, Robbins Arroyo LLP, and Garrett D. Blanchfield, Reinhardt Wendorf & Blanchfield, Counsel for Plaintiff Edward Tansey.

Lawrence P. Eagel, David J. Stone, and Melissa A. Fortunato, Bragar Eagel & Squire, P.C., Counsel for Plaintiff Tim Ault.

Michael I. Fistel, Jr., Johnson Fistel, LLP, Counsel for Plaintiff Neil T.S. Flanders.

James M. Ficaro, Robert B. Weiser, and Brett D. Stecker, The Weiser Law Firm, P.C., Counsel for Plaintiff Dennis Palkon.

---

**I.       INTRODUCTION**

This matter is before the Court on Plaintiff Inter-Marketing Group USA, Inc.'s Motion to Consolidate Related Shareholder Derivative Action, Appoint Lead or Co-lead Plaintiff, and Approve Its Selection of Lead or Co-lead Counsel [Docket No. 330]; Application by Plaintiff Edward Tansey for Appointment of Lead and Liaison Counsel in Consolidated Derivative Action [Docket No. 332]; and Plaintiff Ault's Motion for Appointment of Lead Plaintiff and Lead Counsel [Docket No. 342].  Also before the Court is Michael Hartleib's Motion for Acceptance of Amicus Curiae Brief in Oppos[]ition to the Appointment of the Robbins Arroyo and Weiser Firms as Lead Counsel and Notice of Intent to Attend the Hearing on 3-6-19.  [Docket No. 381]

The Court heard oral argument on March 6, 2019.

## II.  BACKGROUND

### A.  Overview of the Consolidated Derivative Action

On June 6, 2018, Plaintiff Neil Flanders filed a verified derivative complaint against Nominal Defendant CenturyLink, Inc., ("CenturyLink") and its officers and directors in the Western District of Louisiana.  Later that same day, Plaintiff Tim Ault filed a similar action in the same court.

2

Plaintiffs Michael Barbree, Glen Walker, and Sona Andresian filed a similar complaint in the same court on July 3, 2018. On August 23, 2018, Plaintiff Edward Tansey filed a similar derivative action in the District of Minnesota.

On October 3, 2018, based on an order from the Judicial Panel on Multidistrict Litigation ("JPML"), the Flanders Action, Ault Action, and Barbree Action were transferred to the District of Minnesota for inclusion in the CenturyLink MDL. [Docket No. 285]

On December 4, 2018, this Court entered an order consolidating the four derivative actions that had been filed in or transferred to this Court: Tansey v. Perry, Civil File No. 18-2460, Flanders v. Post, Civil File No. 18-2833, Ault v Post, Civil File No. 18-2834, and Barbree v. Bejar, Civil File No. 18-2835. [Docket No. 310] Since that time, the JPML has transferred two additional derivative actions to this District, Inter-Marketing Group USA, Inc. v. Storey, Civil File No. 19-263, and Palkon v. CenturyLink, Inc., Civil File No. 19-284.

B. Ault Action

On June 6, 2018, Ault filed a verified derivative complaint against CenturyLink and its officers and board members in the Western District of Louisiana. Ault now moves for an order appointing him Lead Plaintiff, appointing Bragar Eagel & Squire, P.C. ("Bragar") as Lead Counsel for the

3

Consolidated Derivative Action, and entering a scheduling order for the filing of a consolidated complaint. [Docket Nos. 342-43] Ault's motion is joined by Plaintiffs Flanders and Palkon. [Docket No. 342]

### C. Tansey Action

On August 23, 2018, Tansey filed a verified shareholder derivative complaint in this District against CenturyLink and its officers and directors. Tansey now moves for an order appointing the law firm of Robbins Arroyo LLP ("Robbins Arroyo") as Lead Counsel in the Consolidated Derivative Action and appointing the law firm of Reinhardt Wendorf & Blanchfield as Liaison Counsel in the Consolidated Derivative Action. [Docket No. 332] Tansey does not seek to be appointed Lead Plaintiff, but states that, if the Court seeks to appoint a Lead Plaintiff, he is willing to serve. [Docket No. 358]

### D. Inter-Marketing Group USA, Inc. Action

On December 26, 2018, Inter-Marketing Group USA, Inc. ("IMG") filed a verified shareholder derivative complaint in the Western District of Louisiana against CenturyLink and its officers and directors. On January 17, 2019, the JPML transferred the matter to the District of Minnesota. [Docket No. 375] IMG now moves to consolidate the IMG Action with the Consolidated Derivative

4

Action, to appoint IMG as Lead or Co-Lead Plaintiff, and to appoint its counsel, Federman & Sherwood, as Lead or Co-Lead Counsel. [Docket No. 330]

## III. DISCUSSION

### A. Amicus Brief

On March 6, the Court heard oral argument on three motions to be appointed Lead Counsel in the CenturyLink derivative action. The Court also allowed Michael Hartleib to argue regarding his objection to the appointment of the Robbins Arroyo firm as Lead Counsel. The Court allowed a post-hearing brief from Robbins Arroyo regarding the allegations against it. The Court also received an email from Hartleib, copying all counsel, responding to Robbins Arroyo's brief.

The Court grants Hartleib's motion insofar as the Court allowed Hartleib to express his opinions to the Court during the hearing and to file his proposed amicus brief. The Court has carefully considered Hartleib's allegations, Robbins Arroyo's response, and the public record in the cases cited by Hartleib. The Court concludes that Hartleib has raised no legitimate questions with regard to the ethics or expertise of the Robbins Arroyo law firm. The Court is satisfied that there are no ethical concerns that would hinder Robbins Arroyo's application for appointment as Lead Counsel.

## B. Consolidation

Under Federal Rule of Civil Procedure 42(a),

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

"Consolidation can help alleviate needless duplication of time, effort, and expense on the part of the parties and the Court." Horn v. Raines, 227 F.R.D. 1, 2 (D.D.C. 2005) (citation omitted). In derivative actions, "consolidation is appropriate where the cost of defending . . . multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought." Id. (citation omitted).

Pursuant to the Court's December 4, 2018 Order Granting Consolidation of Federal Derivative Actions, each action arising out of the same transactions and occurrences and asserting derivative claims filed in this Court or transferred here shall be consolidated into the Consolidated Derivative Action. [Docket No. 310] Since entry of the Court's December 4 Order, the IMG and Palkon derivative actions have been transferred to this Court, and IMG has filed unopposed motion

to consolidate the IMG case with the Consolidated Derivative Action. All cases arise out of the same operative facts and raise similar legal issues. There has been no opposition to consolidation. Failure to consolidate will increase inefficiency and duplication. Therefore, Inter-Marketing Group USA, Inc. v. Storey, Civil File No. 19-263, and Palkon v. CenturyLink, Inc., Civil File No. 19-284 are hereby consolidated with the Consolidated Derivative Action.

**C.     Leadership**

The counsel for three different Plaintiffs – Ault, Tansey, and IMG – each seek appointment as Lead Counsel.

### 1.     Standard for Appointment of Lead Counsel

> The appointment of lead counsel in complex litigation is a long-standing practice in this country that has proved a great benefit to judicial economy and efficiency. It is not open to serious question that a federal court in a complex, consolidated case may designate one attorney or set of attorneys to handle pre-trial activity on aspects of the case where the interests of all co-parties coincide.

In re Baycol Prod. Litig., No. 02-0200, 2007 WL 9717940, at *2 (D. Minn. July 13, 2007) (citations omitted).

In choosing lead counsel,

> [t]he guiding principle is who will best serve the interest of the plaintiffs. The criteria for selecting counsel when appointing a leadership structure include factors such as experience and prior

7

success record, the number, size, and extent of involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged.

Millman ex rel. Friedman's, Inc. v. Brinkley, No. 1:03-CV-0058-WSD, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004) (citations omitted). "Other factors include the quality of the pleadings, the economic interest of the plaintiffs, and the vigor with which the plaintiffs have prosecuted their lawsuits." Freeman on behalf of Tesla, Inc. v. Musk, 324 F.R.D. 73, 88 (D. Del. 2018) (citation omitted).

### 2. Standard for Appointment of Lead Plaintiff in a Derivative Action

"In a shareholder derivative action, unlike a private securities litigation action, the Court is not required to appoint a lead plaintiff." In re Frontier Commc'ns Corp. Derivative Litig., No. 3:17-CV-1792 (VAB), 2018 WL 3553332, at *4 (D. Conn. July 23, 2018) (citations omitted). "The appointment of lead plaintiff and lead counsel in a consolidated shareholder derivative litigation is a matter of discretion." Id. at *3 (citations omitted).

> Although no statutory authority exists for the appointment of a lead plaintiff in shareholder derivative actions like these, courts have the inherent authority to appoint a lead plaintiff . . . in a derivative action in order to create an efficient case-management structure.

KBC Asset Mgmt. NV on behalf of Chemed Corp. v. McNamara, 78 F. Supp. 3d 599, 603 (D. Del. 2015) (citation omitted).

If the Court appoints a lead plaintiff, the lead plaintiff must comply with Federal Rule of Civil Procedure 23.1, which requires that the plaintiff "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association."

Derivative standing requires that the verified complaint allege "that the plaintiff was a shareholder or member at the time of the transaction complained of." Fed. R. Civ. P. 23.1(b)(1). Additionally, Louisiana state law provides that no shareholder may commence a derivative action until the shareholder has made a written demand on the corporation and at least 90 days have passed from the date of the demand or the demand was rejected, whichever is earlier. See La. Rev. Stat. § 12:1-742.

> In determining which plaintiff should be chosen as lead plaintiff [in a derivatives action], a number of courts have considered the following factors: (1) which plaintiff has the largest financial interest; (2) the preference for institutional investors to lead a lawsuit for shareholders; (3) the quality of the pleadings; (4) the vigor with which the plaintiff has pursued the suit; and (5) the plaintiff's arrangement on the payment of attorney's fees.

KBC Asset Mgmt. NV on behalf of Chemed Corp., 78 F. Supp. 3d at 604 (citations omitted).

### 3. Appointment of Lead Counsel and Lead Plaintiff

The Court concludes that appointment of both Lead Counsel and Lead Plaintiff is appropriate in this case to ensure an efficient and organized litigation that coordinates with the larger MDL, where appropriate. Appointing a lead plaintiff will ensure the efficient management and vigorous prosecution of the derivative claims by a representative who fairly and adequately represents the shareholders, and, therefore, the company's interest and oversees Lead Counsel's efforts.

The Court concludes that all law firms vying for appointment have substantial experience in derivative and complex financial litigation. All three have ample resources to lead this complex case. After considering all of the factors mentioned above, the Court finds that Bragar and Ault are the most qualified for appointment as Lead Counsel and Lead Plaintiff.

First, Bragar has already taken a leading role in this litigation. It filed one of the first derivative complaints and has demonstrated an ability to coordinate with counsel both in this MDL and in factually-related state derivative actions.

(Fortunato Decl. ¶¶ 7, 9.) Also, Bragar proposes a leadership structure that is supported by Plaintiff Flanders' counsel and Plaintiff Palkon's counsel. (Id. ¶ 8.) Bragar has aggressively and diligently pursued its client's interest, and its briefing showed attention to detail and knowledge of the case. At oral argument, Bragar demonstrated a commitment to work cooperatively with all counsel and to communicate effectively with the entire Plaintiffs' counsel team. Tansey's counsel and IMG's counsel are both competent, experienced counsel. However, Tansey filed suit directly in the District of Minnesota, although no connection to Minnesota is apparent from the Complaint. This strategic decision may have unnecessarily opened the Tansey Complaint up to attack based on lack of personal jurisdiction or improper venue. IMG's decisions regarding the timing of its filings in this MDL, including in the securities cases, weigh against appointment.

Second, balancing a number of factors, Ault is the most qualified Plaintiff. Ault has demonstrated diligence through making a demand on CenturyLink in September 2017, and filing his derivative complaint on June 6, 2018, the first day that any federal derivative complaint was filed against CenturyLink and only two months after CenturyLink rejected Ault's derivative demand letter. (Ault

Compl., Exs. A, D.) (The only other Plaintiff to file a derivative complaint that day, Flanders, supports Ault's appointment as lead plaintiff.) Ault has continuously been a CenturyLink shareholder since July 15, 1999. He currently owns 245.506 shares of CenturyLink, valued at $3,790. (Fortunato Decl., Ex. 1, Ault Decl. ¶ 8.) Although Ault's financial interest in CenturyLink is not large, it is longstanding and far greater than the nominal interest of other Plaintiffs. Finally, Ault is an experienced investor, who has been actively involved in this lawsuit, but is not a professional plaintiff, and is committed to satisfying the duties of lead plaintiff. (Ault Decl. ¶¶ 6-12.)

In contrast, Tansey has been a shareholder of CenturyLink since 2003 and only possesses 13 shares of CenturyLink stock. ([Docket No. 393] Mar. 6, 2019 Hearing Tr. 7.) IMG is a business entity and possesses the greatest economic interest in among the potential lead plaintiffs. However, no evidence has been presented that it is an institutional investor, i.e., that its "principal purpose [] is to invest money on behalf of [its] shareholders or beneficiaries." In re FleetBoston Fin. Corp. Sec. Litig., 253 F.R.D. 315, 341 (D.N.J. 2008). Also, IMG did not become a CenturyLink shareholder until December 6, 2012. (Corwin Aff., Ex. D, IMG Decl. ¶ 2.)

Overall, the Court concludes that the combination of Bragar as Lead Counsel and Ault as Lead Plaintiff is the most appropriate choice for the Consolidated Derivative Action.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Inter-Marketing Group USA, Inc.'s Motion to Consolidate Related Shareholder Derivative Action, Appoint Lead or Co-lead Plaintiff, and Approve Its Selection of Lead or Co-lead Counsel [Docket No. 330] is **GRANTED IN PART** and **DENIED IN PART** as follows: the motion to consolidate is **GRANTED,** and the motion to appoint Lead Plaintiff and Lead Counsel is **DENIED**.

2. <u>Inter-Marketing Group USA, Inc. v. Storey</u>, Civil File No. 19-263, and <u>Palkon v. CenturyLink, Inc.</u>, Civil File No. 19-284 are hereby consolidated with the Consolidated Derivative Action for all purposes in the above-captioned MDL.

3. The Application by Plaintiff Edward Tansey for Appointment of Lead and Liaison Counsel in Consolidated Derivative Action [Docket No. 332] is **DENIED**.

4. Plaintiff Ault's Motion for Appointment of Lead Plaintiff and Lead Counsel [Docket No. 342] is **GRANTED**. The Court appoints Bragar Eagel & Squire, P.C. as Lead Counsel in the Consolidated Derivative Action and appoints Tim Ault as Lead Plaintiff in the Consolidated Derivative Action. Within three weeks of the date of this Order, Lead Counsel shall submit a proposed leadership structure to this Court.

5. Michael Hartleib's Motion for Acceptance of Amicus Curiae Brief in Oppos[]ition to the Appointment of the Robbins Arroyo and Weiser Firms as Lead Counsel and Notice of Intent to Attend the Hearing on 3-6-19 [Docket No. 381] is **GRANTED**.

6. Lead Counsel and defense counsel shall meet and confer and shall submit a proposed draft case management order for the Consolidated Derivative Action within four weeks from the date of this Order.

Dated:   April 23, 2019                    s/ Michael J. Davis
                                           Michael J. Davis
                                           United States District Court