**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This document relates to:<br>18-cv-2460, 18-cv-2833, 18-cv-2834, 18-cv-2835, 19-cv-263, 19-cv-284 | MDL No. 17-2795<br><br>ORDER FOR A STAY OF THE CONSOLIDATED DERIVATIVE ACTION |

WHEREAS, on April 23, 2019 [Docket No. 400], the Court appointed Bragar Eagel & Squire, P.C. as Lead Counsel in the Consolidated Derivative Action and appointed Tim Ault as Lead Plaintiff in the Consolidated Derivative Action;

WHEREAS, on April 23, 2019 [Docket No. 400], the Court ordered that Lead Counsel and defense counsel shall meet and confer and shall submit a proposed draft case management order for the Consolidated Derivative Action within four weeks from the date of April 23, 2019 Order;

WHEREAS, on May 21, 2019, the parties filed a Proposed Joint Case Management Order [Docket No. 403];

WHEREAS on May 30, 2019, the Court issued a Case Management Order, with a proposed case schedule pursuant to which Plaintiffs planned to file an amended complaint on July 19, 2019, and briefing on any motion to dismiss would conclude by November 20, 2019 [Docket No. 405];

WHEREAS, on July 24, 2019 [Docket No. 419], the Court so ordered a stay in the Consolidated Derivative Action until the Court rendered a decision on the Motion to Dismiss the related securities class action, MDL No. 17- 2795 (MJD/KMM) (the "Securities Action");

WHEREAS, on July 30, 2019, the Court issued a decision denying Defendants' Motion to Dismiss the Securities Action [Docket No. 420];

WHEREAS, as of the date of this filing, the parties in the related consumer class action, MDL No. 17-2795 (MJD/KMM) (the "Consumer Action"), continue to engage in confirmatory discovery pursuant to a settlement in principle that was previously reached [*see* Docket No. 418];

WHEREAS, the parties have met and conferred and jointly determined that, while final resolutions of the Consumer Action and the Securities Action are both pending, a stay of the above-referenced Consolidated Derivative Action is in the best interests of CenturyLink and its shareholders;

WHEREAS, that stipulation is not a waiver of any of the parties' rights, remedies, claims, objections or defenses, and Defendants specifically reserve all applicable defenses and objections, including but not limited to any objection to personal jurisdiction or venue.

In accordance with the parties' stipulation [Docket No. 448], **IT IS HEREBY ORDERED:**

1. **Stay:** The above-referenced Consolidated Derivative Action shall be stayed until the earlier of June 30, 2020, or until the Court renders a final judgment, or a final settlement is reached, in the Securities Action, unless otherwise determined by the Court upon motion of either party in accordance with Paragraph 7 below.  Within two weeks of June 30, 2020 (or such other earlier date as provided herein), the parties will meet and confer and file an agreed-upon revised Case Management Schedule.  In the event that discovery in the Securities Action is continuing when the parties next meet and confer regarding a Case Management Schedule, the parties will submit a revised Case Management Schedule pursuant to and consistent with the provisions of this Proposed Joint Order.

2. **Discovery**: Defendants agree to share with Lead Counsel for the Derivative Plaintiffs the Consumer Action plaintiffs' written discovery requests made during confirmatory discovery and CenturyLink's corresponding responses and objections. Lead Counsel for the Derivative Plaintiffs will identify the consumer plaintiffs' discovery requests from confirmatory discovery that they deem relevant to the Consolidated Derivative Action. The parties agree to meet and confer in good faith to identify: (a) documents responsive to the relevant consumer class plaintiffs' document requests from confirmatory discovery that CenturyLink will agree to produce to the Derivative Plaintiffs, and (b) a set of conditions upon which CenturyLink will produce those documents to the Derivative Plaintiffs. To the extent necessary, the parties also agree to negotiate in good faith a confidentiality agreement and protective order prior to the production of any documents. In the event the settlement is not approved, the Derivative Plaintiffs reserve the right to seek all discovery exchanged, including discovery requests, responses and objections, documents produced, correspondence, and discovery responses exchanged or provided by either the Consumer Plaintiffs or CenturyLink, and Defendants reserve all rights to oppose such discovery requests by the Derivative Plaintiffs on any and all applicable grounds, including but not limited to irrelevance and undue burden.

3. The parties further agree that while the Consolidated Derivative Action is stayed, Defendants shall provide to Lead Counsel for the Derivative Plaintiffs any documents or responses to discovery requests in the Securities Action as soon as practicable. Lead Counsel shall be entitled to use in this Consolidated Derivative Action any such documents and discovery responses produced to Lead Counsel. Lead Counsel acknowledges that the Derivative Plaintiffs' right to receive the documents, discovery responses, and information described above is contingent upon

the Derivative Plaintiffs' agreement to be bound by any confidentiality agreement or protective order governing such documents and responses.

4. Defendants further agree to provide Lead Counsel for the Derivative Plaintiffs with notice of any depositions scheduled in either the Consumer Action or the Securities Action. Defendants agree not to oppose Lead Counsel's request to attend the deposition. Lead Counsel, however, agrees not to ask questions at the deposition. Lead Counsel's attendance at any deposition is without prejudice to the Derivative Plaintiffs' right to notice and depose any witness once the stay is lifted. Nothing herein shall prejudice Defendants' ability to oppose deposition notices by the Derivative Plaintiffs on the grounds that they would be duplicative of discovery previously taken and as such unduly burdensome, and to seek relief from the Court accordingly, and nothing herein shall prejudice the Derivative Plaintiffs' right to oppose any such requested relief on the grounds they were not allowed to ask questions.

5. The Derivative Plaintiffs acknowledge that while the Consolidated Derivative Action is stayed, the Derivative Plaintiffs will not be entitled to serve any discovery requests upon Defendants.

6. **Mediation:** The parties also agree that while the Consolidated Derivative Action is stayed, in the event that any mediation and/or formal settlement meeting(s) take place in regard to the Securities Action, Defendants will provide reasonable advance notice of, and allow Lead Counsel for the Derivative Plaintiffs to participate in, the mediation and/or formal settlement meeting(s), subject to agreement of all other participants in such mediation.

7. **Motion to Stay:** Nothing herein will foreclose or limit Defendants' ability to move to stay the Consolidated Derivative Action in its entirety if/when they deem appropriate, nor will

anything foreclose or limit the Derivative Plaintiffs' ability to oppose such a motion to stay. Any party may move to lift the stay before it expires on its own terms, upon a showing of good cause.


Dated:   August 28, 2019                          s/ Michael J. Davis
                                                                           Michael J. Davis
                                                                           United States District Court