# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br>17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, 18-1562 | **MDL No. 17-2795 (MJD/KMM)** |

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

## TABLE OF CONTENTS

**Page(s)**

PREAMBLE .................................................................................................................. 3

RECITALS .................................................................................................................... 3

AGREEMENT ............................................................................................................... 6

1.  DEFINITIONS ................................................................................................ 6

2.  SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS) .................................................................................................... 15

3.  DISTRIBUTION PLAN ................................................................................. 20

4.  CLASS NOTIFICATION PROCEDURES ................................................... 24

5.  CLAIMS SUBMISSION AND VALIDATION PROCESS ........................... 28

6.  OBJECTIONS AND REQUESTS FOR EXCLUSION ................................. 33

7.  COURT APPROVAL PROCEDURES ......................................................... 36

8.  CONTINGENCIES; TERMINATION ......................................................... 39

9.  ADDITIONAL PROVISIONS, REPRESENTATIONS AND WARRANTIES ............................................................................................. 41

## EXHIBITS

[PROPOSED] PRELIMINARY APPROVAL ORDER .................................. EXHIBIT 1

LONG-FORM NOTICE ........................................................................ EXHIBIT 2

EMAIL NOTICE ................................................................................. EXHIBIT 3

BILL NOTICE .................................................................................... EXHIBIT 4

POSTCARD NOTICE .......................................................................... EXHIBIT 5

PUBLICATION NOTICE ..................................................................... EXHIBIT 6

CLAIM FORM ................................................................................... EXHIBIT 7

[PROPOSED] FINAL APPROVAL ORDER .............................................. EXHIBIT 8

[PROPOSED] FINAL JUDGMENT ......................................................... EXHIBIT 9

CENTURYLINK OPERATING COMPANIES ………………………….... EXHIBIT 10

## PREAMBLE

This Settlement Agreement and Release (as defined in Section 1) is made, by and among the following parties, as hereinafter defined: (a) Settlement Class Representatives (as defined in Section 1), on behalf of themselves and the Settlement Class (as defined in Section 1), and (b) CenturyLink, Inc. and the Operating Companies (as defined in Section 1) (jointly "CenturyLink").   Settlement Class Representatives and CenturyLink are the "Parties" or each individually a "Party."

## RECITALS

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

**A.**     Settlement Class Representatives are plaintiffs in the Consumer MDL Action (defined in Section 1) filed against CenturyLink alleging common law claims and violations of state laws based on allegations that, among other things, CenturyLink: (1) promised customers one rate during the sales process but then charged a higher rate during actual billing; (2) billed unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered, or not delivered as promised, for services that were appropriately canceled, for equipment that was properly returned, and for early termination fees; and (3) caused customers to incur costs resulting from their accounts being improperly sent to collections without valid reason (the "Alleged Claims").

**B.** On October 5, 2017, the Judicial Panel on Multidistrict Litigation granted a motion for consolidation for coordinated pretrial proceedings and subsequently transferred the Consumer Actions (defined in Section 1) against CenturyLink, including other actions that were subsequently dismissed without prejudice, to the United States District Court for the District of Minnesota.

**C.** All of the Consumer Actions filed against CenturyLink that have not been subsequently dismissed by their plaintiffs have been consolidated in accordance with the Judicial Panel on Multidistrict Litigation's transfer orders and currently are a part of the Multidistrict Litigation proceedings pending in the Court.

**D.** Settlement Class Representatives believe that their claims are meritorious, that they and the Settlement Class Members they represent have been injured and suffered damages, and that the Complaint satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Nevertheless, Settlement Class Representatives and Settlement Class Counsel (defined in Section 1) have concluded, after discovery and investigation of the facts, after reviewing confirmatory discovery in the settlement process, and after carefully considering the circumstances of the Complaint, that it would be in the best interests of the Settlement Class to enter into this Agreement, which interests include the substantial value to be derived by this Settlement and the interest in avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class.

**E.** CenturyLink denies that: (a) the allegations and all liability with respect to any and all facts and claims alleged in the Consumer MDL Action and the Consumer

Actions have merit; (b) Settlement Class Representatives in the Consumer MDL Action and the Consumer Actions and the class they purport to represent have suffered any damage; (c) Settlement Class Representatives in the Consumer MDL Action and Consumer Actions may bring their claims outside of arbitration or small claims court in a court of general jurisdiction; and (d) Consumer MDL Action and the Consumer Actions satisfy the requirements of Federal Rule of Civil Procedure 23 such that their claims may proceed on a class-wide basis.

F.     The Settlement Class Representatives and Settlement Class Counsel in the Consumer MDL Action have concluded, after discovery and investigation of the facts and after carefully considering the circumstances of the Consumer MDL Action, including the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to compromise on highly disputed factual and legal issues and enter into this Agreement, which interests include the substantial value to be derived by this settlement and the interest in avoiding the risks and uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class.

G.     CenturyLink, despite its belief that it has valid and complete defenses to the claims asserted against it, including the existence of a valid arbitration provision containing a valid class action waiver, has nevertheless agreed to compromise on highly disputed factual and legal issues and enter into this Agreement in recognition of the allegations made by Settlement Class Representatives and plaintiffs in the Consumer MDL Action against CenturyLink, the risks and uncertainties of litigation, and to reduce

and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and thereby to resolve any controversy.

**H.**    The Parties believe that this Agreement is fair, reasonable, and adequate because, among other things it represents a reasonable compromise of highly contested legal and factual disputes and provides for significant benefits for Settlement Class Members, all while eliminating the risk of non-recovery.

**I.**    The settlement set forth in this Agreement is a product of sustained, arm's length negotiations conducted in a mediation session before The Honorable Layn R. Phillips, former United States District Judge of the United States District Court for the Western District of Oklahoma.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein and without: (a) any admission or concession on the part of Settlement Class Representatives or Settlement Class Counsel regarding the merit of the Consumer MDL Action; or (b) any admission or concession of liability or wrongdoing or the merit of any defense whatsoever by CenturyLink, IT IS HEREBY STIPULATED AND AGREED by the Parties, that the Consumer MDL Action be settled, compromised, and dismissed on the merits and with prejudice as to CenturyLink, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the following terms and conditions:

<strong>AGREEMENT</strong>

## 1.    DEFINITIONS

In addition to the definitions included above, and in the Distribution Plan (Section 3) of the Agreement, the following shall be defined terms for purposes of this Settlement

6

Agreement. Some of the definitions in this section use terms that are defined later in the section. All defined terms are in bold-face font and listed in alphabetical order:

1.0 **Agreement or Settlement Agreement**. This document, including all exhibits.

1.1 **Authorized Claimant**. A Claimant who submits a timely and valid Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Settlement Class.

1.2 **Bill Notice**. The summary notice of the Settlement that is to be provided, pursuant to Section 4 of this Agreement, to Settlement Class Members who are currently customers of CenturyLink at the time Bill Notice is provided, which provides the URL of the Settlement Website and contact information for the Settlement Administrator. The Bill Notice submitted to the Court for approval must be substantially in the form of Exhibit 4.

1.3 **CenturyLink's Counsel**. Cooley LLP; Winthrop & Weinstine, P.A.; and Wheeler Trigg O'Donnell LLP.

1.4 **Claim**. A request by a Settlement Class Member for payment pursuant to this Agreement.

1.5 **Claimant**. A Settlement Class Member who has submitted a Claim Form consistent with the claims process described in Section 3.

1.6 **Claim Form**. The document that Settlement Class Members submit to request payment pursuant to this Agreement. The Claim Form submitted to the Court for approval must be substantially in the form of Exhibit 7.

1.7 **Class Period**.  Between January 1, 2014 and the date of entry of the Preliminary Approval Order.

1.8 **Consumer Actions**.  The actions brought by and on behalf of residential and small business customers against CenturyLink relating to deceptive, unfair or improper billing practices that were consolidated for pretrial purposes in the matter entitled *In re: CenturyLink Sales Practices & Securities Litigation*, Case No. MDL 17-2795 (MJD/KMM), and that include Case Numbers: 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, and 18-1562.

1.9 **Consumer MDL Action**.  The Consumer Actions as they have been consolidated in the Multi-District Litigation bearing the case name and number *In re: CenturyLink Sales Practices & Securities Litigation*, Case No. MDL 17-2795 (MJD/KMM), pending in the United States District Court, District of Minnesota.

1.10 **Court**.  United States District Court, District of Minnesota, or such other court to whom the Consumer Actions may hereafter be assigned or transferred.

1.11 *Cy Pres* **Recipient**.  Public Justice.

1.12 **Distribution Plan**.  The plan, set forth in Section 3, for distributing the Primary Fund to Settlement Class Members.

1.13 **Effective Date**.  The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during

which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not be a Final Judgment.

1.14   **Email Notice**.  The summary notice of the Settlement that is emailed to Settlement Class Members pursuant to Section 4, providing a link to the Claim Form, a link to the Settlement Website, and contact information for the Settlement Administrator. The Email Notice submitted to the Court for approval must be substantially in the form of Exhibit 3.

1.15   **Fee, Cost, and Expense Award**.  The amount of attorneys' fees and reimbursement of costs and expenses awarded to Settlement Class Counsel and Plaintiffs' Counsel by the Court from the Settlement Funds.

1.16   **Fairness Hearing or Final Approval Hearing**.  The hearing held by the Court to consider evidence and argument for the purpose of determining whether to enter the Final Approval Order and Final Judgment, and evaluating the Fee, Cost and Expense Award and request for an award of Service Payments to the Settlement Class Representatives.

1.17   **Final Approval Order**.  The order finally certifying the Settlement Class, and approving the Settlement as fair, reasonable and adequate, substantially in the form of Exhibit 8.

1.18   **Final Judgment**.  The final judgment and order of dismissal with prejudice to be entered by the Court substantially in the form of Exhibit 9.

**1.19    Flat Payment Claim**.   A Claim that requires a Claim Form but not Supporting Documentation.

**1.20    Individual Allocated Payment Amount**.   Defined by mathematical formula in the Distribution Plan (Section 3).   The checks or electronic payments sent to Authorized Claimants shall be in the amount of that Authorized Claimant's Individual Allocated Payment Amount.

**1.21    Initial Payments**. The sum of the following amounts: Service Payments, and any Fee, Cost, and Expense Award due to be paid from the Primary Fund pursuant to Section 2.

**1.22    Litigation Risk Factor**.  Forty percent (40%).

**1.23    Long-Form Notice**.  The long-form version of the notice of the Settlement that is to be provided on the Settlement Website. The Long-Form Notice submitted to the Court for approval must be substantially in the form of Exhibit 2.

**1.24    Net Primary Fund**.  The Primary Fund, reduced by the Initial Payments.

**1.25    Notice and Administration Fund**.  CenturyLink agrees to pay up to three million dollars ($3,000,000), and half of the amount up to four million dollars ($4,000,000) to create a fund for the payment of costs for notice and claims administration.   The other half of such costs up to four million dollars ($4,000,000) shall be paid from the Primary Fund.   CenturyLink shall owe no interest on the Notice and Administration Fund.

**1.26    Operating Companies**.  The list of CenturyLink Operating Companies set forth in Exhibit 10.

10

**1.27   Plaintiffs' Counsel**.  Zimmerman Reed LLP; O'Mara Law Group; Geragos & Geragos, APC; Gustafson Gluek PLLC; Roxanne Conlin & Associates, PC; Henninger Garrison Davis, LLC; Hellmuth & Johnson, PLLC; Walsh LLC; Gardy & Notis, LLP; Olsen Daines PC; Fernald Law Group; Hodge & Langley Law Firm, PC; and Attorney Alfred M. Sanchez.

**1.28   Postcard Notice**.  The summary notice of the Settlement that is mailed to Settlement Class Members pursuant to Section 4, providing the URL of the Settlement Website, and contact information for the Settlement Administrator.  The Postcard Notice submitted to the Court for approval must be substantially in the form of Exhibit 5.

**1.29   Preliminary Approval Order**.  The Order of Preliminary Approval of Settlement to be entered by the Court substantially in the form of Exhibit 1.

**1.30   Primary Fund**.  CenturyLink agrees to pay fifteen million, five hundred thousand dollars ($15,500,000) to create a non-reversionary, capped fund from which the Initial Payments and payments to Authorized Claimants will be made.  CenturyLink shall owe no interest on the Primary Fund.

**1.31   Pro Rata Multiplier**.  Defined by mathematical formula in the Distribution Plan (Section 3).

**1.32   Publication Notice**.  The notice developed by the Settlement Administrator substantially in the form of Exhibit 6 for providing notice to the Settlement Class via publication.

**1.33   Released Claims**.  Liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees (except

as otherwise provided herein), losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or Unknown Claims, which Settlement Class Members have or may claim now or in the future to have, based on facts that occurred during the Class Period that were alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions or that could have been alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in any pleading or other paper filed in the Consumer MDL Action or in any pleading or other paper filed with any court in the underlying Consumer Actions, including (by way of example only and not by way of limitation): (1) promising customers one rate during the sales process but then charging a higher rate during actual billing; (2) billing unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered or not delivered as promised, for services that were appropriately canceled, for equipment that was properly returned, and for early termination fees; and (3) caused customers to incur costs resulting from their accounts being improperly sent to collections without valid reason.

     **1.34   Released Parties**. CenturyLink, Inc., the Operating Companies, and each of their present, former, and future parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their

respective present, former or future, officers, directors, shareholders, insurers, agents and employees.

**1.35   Releasing Party**.   The Settlement Class Representatives, all Settlement Class Members, and their respective heirs, executors, administrators, representatives, agents, lawyers, partners, successors, and assigns.

**1.36   Response Deadline**.   The date by which a Settlement Class Member must submit a Claim Form, objection to this Agreement or a request for exclusion to the Settlement Administrator, which shall be one hundred fifty one (151) calendar days after entry of the Preliminary Approval Order.

**1.37   Service Payment**.   One-time payments to the Settlement Class Representatives as set forth in Paragraph 2.2.3.

**1.38   Settlement Administrator**.   Subject to Court approval, Rust Consulting, or any other settlement administrator mutually agreed upon by the Parties.

**1.39   Settlement Class**.   All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies.   Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class.

**1.40   Settlement Class Counsel**.   Zimmerman Reed LLP, O'Mara Law Group, and Geragos & Geragos APC.

**1.41    Settlement Class Member or Settlement Class Members**.  All persons or entities who fall within the Settlement Class.

**1.42    Settlement Class Representatives**.  Pamela Romero, Deen Dodge, Andrea Bornholdt, Jeff Landahl, Elizabeth Faulkner, Deanne Tyler, Ed Weigt, Rod Stucker, Rebeca Rocha, Ben Jeske, Hollie Richman, Kathryn O'Donnell, David Garten, Jon Lodestein, Christina Scott, Luke Allison, Anthony Chavez, Tajuana Dahib, Katherine Parkes, Glodowski, Donald Fournier, Robert Marchese, Rebecca Lavelle-Register, Laurie Raymond, Bonnie Marino, Maria Ochoa, Sue Ann Fitch, Jubilee Lawhead, Richard Lucero, Ralph Aragon, Michael Anderson, Jason Malueg, and Sara Young-Buck.

**1.43    Settlement Funds**.  The Primary Fund plus the Notice and Administration Fund.

**1.44    Settlement Website**.  A website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with Notice of the proposed Settlement. This website will allow Settlement Class Members to submit Claims.

**1.45    Supported Document Claim**.  A Claim that requires Settlement Class Members to, among other things, provide Supporting Documentation regarding their Claim and receive an amount beyond that awarded in a Flat Payment Claim for the Alleged Claims.

**1.46    Supporting Documentation**.  Types of documents that can support a Supported Document Claim are: billing statements, communications between

14

CenturyLink and the Settlement Class Member, proof of payment to CenturyLink, and contemporaneous notes regarding billing.

**1.47 Total Amount Claimed**.   Defined by mathematical formula in the Distribution Plan (Section 3).

**1.48 Unknown Claims**. Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Consumer MDL Action and Consumer Actions.

## 2. SETTLEMENT CONSIDERATION (BENEFITS AND RELEASE OF CLAIMS)

**2.1 Consumer Business Practices**.   Within ninety (90) calendar days of the Effective Date, CenturyLink agrees to the following business practices:

**2.1.1** CenturyLink shall not knowingly make any false statement of material fact, nor shall CenturyLink knowingly omit any material fact, in connection with CenturyLink's sale of internet, telephone, and/or television service to a United States consumer, including but not limited to, material statements or omissions related to the price(s) of service(s) offered by CenturyLink.

**2.1.2**   When selling residential or small business internet, telephone, and/or television services, CenturyLink shall not knowingly or intentionally fail to disclose all material terms or conditions of its offer, including price. CenturyLink also shall not knowingly or intentionally charge any United States consumer any amount greater than the amount CenturyLink disclosed to the consumer (excluding taxes) unless the consumer

orders additional service(s) or if the consumer stops meeting restrictions or conditions that were disclosed at the time of sale. CenturyLink also shall not refuse to honor any price quoted at the time of sale on the basis of a condition or restriction on the consumer's ability to receive the price quoted at the time of sale if the restriction or condition was not disclosed to the consumer.  For clarity, a charge of a greater amount will not be knowing or intentional if it results from an error made, notwithstanding the use of reasonable procedures adopted under Paragraph 2.1.3.  Additionally, nothing in this Paragraph 2.1.2 shall prevent CenturyLink from, in the regular course of its business and following notice to the affected customer, adjusting the prices of its services in a manner consistent with its agreements with customers and governing law.

       **2.1.3**   CenturyLink shall implement processes and procedures, and provide sufficient training designed to ensure that it discloses to United States consumers, at the time of sale, the information required by Paragraphs 2.1.1 through 2.1.2 and governing state law.

       **2.1.4**   Annually for a period of three (3) years after the Effective Date, CenturyLink shall provide to Settlement Class Counsel a written report and sworn certification summarizing the efforts undertaken to comply with this Paragraph 2.1.

       **2.1.5**   If a Settlement Class Member contacts CenturyLink for assistance regarding negative credit issues related to debts that are based upon improper overcharges and the subject of a valid and timely Claim in this Settlement, and which have been sent to a collections agency or otherwise incorporated negatively into the credit profile of a Settlement Class Member, CenturyLink shall take reasonable steps to reverse the adverse

credit reporting incident.  Nothing herein shall require CenturyLink to take such steps with respect to legally allowable debts.

   **2.1.6**  CenturyLink shall implement additional procedures for conspicuously notifying consumers of the arbitration clauses in CenturyLink's contracts.

  **2.2** **Monetary Payments**.

   **2.2.1**  **Payment of the Settlement Funds**.  On or before twenty-one (21) calendar days after entry of the Preliminary Approval Order, CenturyLink shall pay the amount estimated by the Settlement Administrator to cover the cost of providing notice to the Settlement Class and administering the Claims process, up to three million dollars ($3,000,000).  On or before ten (10) business days after the Effective Date, CenturyLink shall provide the remainder of the Notice and Administration Fund to the Settlement Administrator, to the extent necessary to account for all predicted notice and administration costs, that was not already provided to the Settlement Administrator pursuant to preceding sentence.  Additionally, on or before ten (10) business days after the Effective Date, CenturyLink shall provide the Primary Fund to the Settlement Administrator.  CenturyLink shall not have the obligation to segregate the funds comprising the Primary or Notice and Administration Funds from its other assets, and if CenturyLink retains and/or exercises authority or control over the Primary or Notice and Administration Funds after entry of the Preliminary Approval Order, it shall do so in conformity with its obligations under this Agreement, applicable state and federal law, and Court order(s).

**2.2.2  Settlement Class Member Benefits**.   Settlement Class Members shall be eligible to receive monetary benefits from the Net Primary Fund in accordance with the Distribution Plan provided in Section 3.

**2.2.3  Service Payments**. The Settlement Class Representatives may apply to the Court for an award of Service Payments. Settlement Class Representatives' request for Service Payments will not exceed two thousand five hundred dollars ($2,500.00), per Settlement Class Representative.  Any Service Payments awarded will be paid from the Primary Fund.

**2.2.4  Plaintiffs' Counsel's Fees, Costs and Expenses**. On behalf of Plaintiffs' Counsel, Settlement Class Counsel may make a reasonable request for fees up to 33 1/3% of the total value of the Settlement Funds plus reasonable costs and expenses to the Court and CenturyLink reserves the right to respond to such fee request as it deems appropriate.  Any attorneys' fees, costs and expenses awarded by the Court shall be paid by the Settlement Administrator from the Primary Fund.  The finality or effectiveness of the Settlement will not be dependent on the Court awarding Plaintiffs' Counsel any particular amount on their request for fees and costs.  Settlement Class Counsel shall be responsible for allocating any award of Plaintiffs' Counsel's Fees, Costs and Expenses to Plaintiffs' Counsel.

**2.2.5  Settlement Administrator and Notice and Administrative Costs**. CenturyLink will pay up to three million dollars ($3,000,000) for the costs of notice and administration, and will pay half of any costs between three million dollars ($3,000,000)

and four million dollars ($4,000,000).  The other half of such costs between three million

($3,000,000) and four million dollars ($4,000,000) shall be paid from the Primary Fund.

**2.2.6  No  Additional  Amounts  Due**.  Absent  a  subsequent  written

agreement signed by both Parties, in no event shall CenturyLink be required to pay more

than nineteen million dollars ($19,000,000) under this Agreement.

**2.3  Releases.**

**2.3.1  Release of Settlement Class Claims**. As of the Effective Date, each

Releasing Party will be deemed to have completely released and forever discharged the

Released Parties, and each of them, from and for any and all Released Claims.

**2.3.2  Waiver of California Civil Code Section 1542, and Similar**

**Provisions**.  Upon the Effective Date, each of the Releasing Parties shall be deemed to

have,  and  by  operation  of  the  Final  Judgment  shall  have,  expressly  waived  and

relinquished,  to  the  fullest  extent  permitted  (a)  by  section  1542  of  the  California  Civil

Code,  or  (b)  by  any  law  of  any  state  or  territory  of  the  United  States,  federal  law,  or

principle  of  common  law  which  is  similar,  comparable,  or  equivalent  to  section  1542  of

the  California  Civil  Code,  the  provisions,  rights  and  benefits  of  any  statute  or  law  which

might otherwise render a general release unenforceable with respect to Unknown Claims.

Section 1542 of the California Civil Code reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR  OR  RELEASING  PARTY  DOES  NOT  KNOW  OR
> SUSPECT  TO  EXIST  IN  HIS  OR  HER  FAVOR  AT  THE  TIME  OF
> EXECUTING  THE  RELEASE  AND  THAT,  IF  KNOWN  BY  HIM  OR
> HER,  WOULD  HAVE  MATERIALLY  AFFECTED  HIS  OR  HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

## 3.      DISTRIBUTION PLAN

**3.1      Initial Payments.** Except as otherwise provided, on or before fifteen (15) business days after the Effective Date, the Settlement Administrator shall deduct all Initial Payments from the Primary Fund and distribute them to Settlement Class Counsel and the Settlement Class Representatives in accordance with the terms of the Agreement and the Court's Final Approval Order and Final Judgment.

**3.1.1   Additional Instructions Regarding Service Payments**. Within ten (10) business days prior to the anticipated Effective Date, Settlement Class Counsel shall provide the Settlement Administrator a signed Form W-9 and instructions for payment for all Settlement Class Representatives. The Settlement Administrator shall have no obligation to forward funds for Service Payments for Settlement Class Representatives for whom it has not received a signed Form W-9.

**3.1.2   Additional Instructions Regarding Fee, Cost, and Expense Award**.  Within ten (10) business days prior to the anticipated Effective Date, on behalf of Plaintiffs' Counsel, Zimmerman Reed LLP shall provide the Settlement Administrator the relevant Form W-9 and any instructions for payment. The Settlement Administrator shall have no obligation to pay forward the Fee, Cost, and Expense Award until it receives the Form W-9 (or Form W-9s, if applicable) and payment instructions.  Once payment is made to Zimmerman Reed LLP, Zimmerman Reed LLP shall have control over and responsibility to distribute any payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Settlement.

**3.2     Calculating Total Amount Claimed**.

**3.2.1**   A Settlement Class Member may make a Flat Payment Claim for thirty dollars ($30.00) (subject to the Pro Rata Multiplier) by submitting a timely and valid Claim Form indicating a desire to receive a Flat Payment Claim.

**3.2.2**   A Settlement Class Member is eligible to make a Supported Document Claim if he or she seeks reimbursement of more than thirty dollars ($30.00) or asserts an overpayment not described in the attestation on the Claim Form for a Flat Payment Claim.  Supported Document Claims will be eligible for compensation solely for reimbursement of amounts actually paid to CenturyLink and not previously refunded, and shall not include any additional amounts or damages, such as any form of special damages, consequential damages, or lost profits.  Additionally, no Supported Document Claim will be eligible for compensation for: 1) any amounts previously paid that the

Claimant does not dispute were appropriately charged, 2) more than six months of a claimed monthly overcharge, or 3) any claimed overcharge prior to January 1, 2014.

**3.2.3**   If the amount timely and validly claimed by a Settlement Class Member in a Supported Document Claim, when multiplied by the Litigation Risk Factor, is less than thirty dollars ($30.00) then that Settlement Class Member shall be deemed to have submitted a Flat Payment Claim.

**3.2.4**   The Total Amount Claimed pursuant to this Agreement shall be calculated by the Settlement Administrator by adding: (a) all the Flat Payment Claims, and (b) the sum of all the Supported Document Claims multiplied by the Litigation Risk Factor.

**3.3**    Authorized Claimant Settlement Award Calculations. The awards to Authorized Claimants shall be calculated and apportioned as follows:

**3.3.1**   The Net Primary Fund shall be divided by the number of Total Amount Claimed.  The resulting figure is the Pro Rata Multiplier.

**3.3.2**   For each Authorized Claimant who submitted a Flat Payment Claim, the Individual Allocated Payment Amount shall be the number obtained by multiplying $30.00 by the Pro Rata Multiplier.

**3.3.3**   For each Authorized Claimant who submitted a Document Supported Claim, the Individual Allocated Payment Amount shall be the number obtained by taking the amount the Authorized Claimant timely and validly claimed, and multiplying it by both the Litigation Risk Factor and the Pro Rata Multiplier.

**3.4** **Distribution of Authorized Claimant Awards**. The Claim Form shall allow Settlement Class Members to elect between receiving an award by check or electronically through a generally accessible electronic payment format recommended by the Settlement Administrator and agreed-upon by the Parties.  For those Authorized Claimants who requested an award by check, their Individual Allocated Payment Amounts shall be mailed as a check by the Settlement Administrator within thirty (30) calendar days following the Effective Date.  For those Authorized Claimants who requested the award to be transmitted by electronic means, a transfer reflecting their Individual Allocated Payment Amounts shall be transmitted by the Settlement Administrator within thirty (30) calendar days following the Effective Date.

**3.5** **Uncashed Settlement Checks**. Any checks issued under this Settlement shall be negotiable for at least ninety (90) calendar days.  Individual checks that have not been negotiated within ninety (90) calendar days after issuance, if any, shall be void, and the underlying funds shall be paid by the Settlement Administrator to the Cy Pres Recipient.

**3.6** **Failed Electronic Transmission of Funds**.  Settlement Class Members who elect that their Individual Allocated Payment Amount be transmitted to themselves via electronic means, but fail to provide sufficient or correct information to permit such transfer, shall, after a reasonable attempt to resolve any such payment issues, relinquish their right to payment pursuant to the Agreement.  Funds that were unable to be transferred to the Authorized Claimants electronically shall be paid by the Settlement Administrator to the Cy Pres Recipient.

**3.7    Cy Pres Distribution**.  Any funds due to be paid to the Cy Pres Recipient under this Agreement shall be paid one hundred and fifty (150) calendar days after all timely and valid Claims are paid and the expiration of the time described in Paragraph 3.5.

## 4.    CLASS NOTIFICATION PROCEDURES

**4.1    Class Member List**. Unless otherwise ordered by the Court, within twenty-one (21) calendar days after entry of the Preliminary Approval Order, CenturyLink shall provide the Settlement Administrator the names of Settlement Class Members, their account numbers, the most recent U.S. mailing address CenturyLink has available in its billing records and the most recent email address and phone numbers in its billing records (if any).  CenturyLink shall include an annotation as to which Settlement Class Members are current CenturyLink customers and which are former CenturyLink customers.

**4.2    Settlement Website**.  Unless otherwise ordered by the Court, no later than the date that notice begins being disseminated pursuant to Paragraphs 4.3–4.5, the Settlement Administrator will set up the Settlement Website.  The Settlement Website shall be designed and constructed to accept electronic Claim Forms.  Additionally the Settlement Administrator shall post on the Settlement Website: (a) the operative Complaint, (b) the Agreement, (c) Preliminary Approval Order, (d) Long-Form Notice, (e) Exhibit 10 to this Agreement (the list of the Operating Companies), (f) a downloadable (*i.e.*, PDF) Claim Form, (g) a Frequently Asked Questions section, including topics addressed in the Long-Form Notice (h) within three (3) Court days after it is filed, Settlement Class Counsel's motion for a Fee, Cost, and Expense Award.  The

Settlement Website will be active until the last date Authorized Claimants have to negotiate checks sent pursuant to Section 3.

### 4.3    Notice to Current CenturyLink Customers.

**4.3.1   Paper Bill Notice**.  Unless otherwise ordered by the Court, for Settlement Class Members whom are current customers of CenturyLink and receive their billing statements by U.S. postal mail, CenturyLink shall include a copy of the Bill Notice (attached as Exhibit 4) in the billing statements mailed to the Settlement Class Member in the first billing cycle that begins following forty-five (45) days after entry of the Preliminary Approval Order.  The Bill Notice shall be printed on a different color paper (e.g., pink, yellow, blue) than the customers' billing statements.

**4.3.2   Electronic Bill Notice**.  Unless otherwise ordered by the Court, for Settlement Class Members who are current customers of CenturyLink and receive their billing statements electronically, in the first billing cycle that begins following forty-five (45) days after entry of the Preliminary Approval Order, CenturyLink shall include in the body of the email to such customers informing them that their bill is ready to be viewed, the following statement: "Important! Click HERE for info regarding a class action settlement, including how to seek compensation if you are a residential or small business customer."  The word HERE shall be a hyperlink to a copy of the Bill Notice (attached as Exhibit 4).

**4.3.3   CenturyLink Website**. Unless otherwise ordered by the Court, starting forty-five (45) days after entry of the Preliminary Approval Order and until the Response       Deadline,       on       the       webpage       for       CenturyLink       legal,

www.centurylink.com/aboutus/legal.html, CenturyLink shall include a link to the Bill Notice (attached as Exhibit 4) along with the words conspicuously in no less than 12 point font "Important! Click here for information regarding a class action settlement, including how to seek compensation if you are a residential or small business customer."

###### 4.4    Notice to Former CenturyLink Customers.

**4.4.1   Email Appends**.   For each Settlement Class Member that is a former customer of CenturyLink, and for whom no email address was included in the Class Member list, the Settlement Administrator shall perform a search to identify email address from postal addresses (i.e., an "email appends") through a commercially available database in an attempt to identify an email address for such Settlement Class Members.

**4.4.2   Email Notice**. Unless otherwise ordered by the Court, on or before forty-five (45) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Email Notice (attached   as Exhibit 3) to those Settlement Class Members that are former customers of CenturyLink for whom an email address was provided in the Class Member list, or for whom an email address was identified through the email appends process.

**4.4.3   Postcard Notice**. Unless otherwise ordered by the Court, on or before forty-five (45) calendar days after entry of the Preliminary Approval Order, the Settlement Administrator shall send Postcard Notice (attached as Exhibit 5) to those Settlement Class Members that are former customers of CenturyLink and: (1) for whom CenturyLink possesses a mailing address; and (2) who were not sent Email Notice or for

whom the Settlement Administrator receives notification that the Email Notice was undeliverable.  Before sending out the Postcard Notice, the Settlement Administrator shall perform a search based on the "National Change of Address" dataset maintained by the U.S. Postal Service for information to update and correct for any known or identifiable postal address changes.

      **4.5**　　**Publication Notice**.  Unless otherwise ordered by the Court, on or before forty-five (45) days after entry of the Preliminary Approval Order, the Settlement Administrator shall provide additional notice to Settlement Class Members in accordance with the Publication Notice, substantially in the form of Exhibit 6.

      **4.6**　　**Inquiries from Settlement Class Members**. The Settlement Administrator will establish an email account and P.O. Box to which Class Members may submit questions regarding the Settlement. The Settlement Administrator will monitor the email account and P.O. Box and respond promptly to inquiries received from Class Members. Additionally, no later than the date that notice begins being disseminated pursuant to Paragraphs 4.3–4.5, the Settlement Administrator shall establish a toll-free telephone number that Settlement Class Members can call and listen to a set of Frequently Asked Questions and corresponding answers.

      **4.7**　　**CAFA Notice**. Within ten (10) calendar days after this Agreement is filed with the Court, CenturyLink through the Settlement Administrator shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715. The Settlement Administrator shall thereafter complete a declaration attesting to the completion of notice pursuant to the 28 U.S.C. § 1715 such that it can be

filed with the Court in advance of the hearing on the Settlement Class Representatives' motion for entry of the Preliminary Approval Order.

**5.      CLAIMS SUBMISSION AND VALIDATION PROCESS**

**5.1     One Claim Per Distinct Numbered Account.** Settlement Class Members may elect to submit one Claim per distinct numbered account that they have or had with CenturyLink: either a Flat Payment Claim or a Supported Document Claim.  Settlement Class Members may not submit more than one Claim per distinct numbered account. Married couples, domestic partners and/or other co-account holders, shall only be eligible to collectively submit one Claim per distinct numbered account.  If more than one Claim Form is submitted for the same numbered account, and only one Claim is deemed timely and valid by the Settlement Administrator, only the timely and valid Claim shall apply, with all others being rejected.  If more than one Claim Form is submitted for the same numbered account, and more than one Claim is deemed timely and otherwise valid by the Settlement Administrator, only the higher valued timely and valid Claim Form shall apply, with all others being rejected.  If more than one Claim Form is submitted on the same numbered account, and more than one Claim is deemed timely and otherwise valid by the Settlement Administrator, and the Claims are of equal value, only the first submitted timely and valid Claim shall apply, with all others being rejected.

**5.2     Claim Process for Settlement Class Members**.  To be eligible to receive an award under this Agreement, subject to the Claims review process, Settlement Class Members must accurately and timely complete and submit Claim Form and deliver that form to the Settlement Administrator.   The Claim Form will allow Settlement Class

Members to elect between a Flat Payment Claim, which requires no Supporting Documentation apart from the information required by the Claim Form, or a Supported Document Claim which requires submission of additional information in the Claim Form as well as Supporting Documentation. Claim Forms may be submitted to the Settlement Administrator electronically through the Settlement Website or by postal mail.

      **5.3**    **Claim Form Submission Deadline**. Claim Forms must be submitted by the Response Deadline. If submitted electronically, Claim Forms must be received on or before the Response Deadline by 11:59 p.m. PST. If submitted by postal mail, the date of the postmark on the envelope containing the Claim Form shall be the exclusive means used to determine whether a Claim Form has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the Claim Form.

      **5.4**    **Claims Review Process.**

      **5.4.1**  **Review of Claims**. The Settlement Administrator shall review all submitted Claim Forms within a reasonable time for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any Claim. In addition, the Settlement Administrator must otherwise verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Settlement Class Member. To be considered an Authorized Claimant a Claimant must submit a valid, complete and timely Claim Form. Claim Forms that do not meet the submission requirements and terms of this Section 5 shall be rejected. The Settlement Administrator shall review all Claims to

ensure that the Claimants demonstrate in their Claim Forms and/or Supporting Documentation that he/she (i) is a current CenturyLink customer with losses related to a CenturyLink account that fall within the Alleged Claims; and/or (ii) is a former CenturyLink customer that had an open account with CenturyLink during the Class Period and had losses related to that open account that fall within the Alleged Claims. The Settlement Administrator shall validate claims from Claimants using the information provided to it by CenturyLink.

 **5.4.2   Verification of Claims.**   The Settlement Administrator shall gather, review, prepare, and address the Claim Forms received pursuant to Sections 5 and 3 of the Settlement Agreement.  The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse in the Claims process (such as, but not limited to, verifying that the identities of Claimants who submit Claim Forms through the Settlement Website are authentic using CAPTCHA, device ID analysis, and/or IP address analysis, and verifying that any Supporting Documentation submitted by a Claimant is authentic).  The Settlement Administrator may, in its discretion, deny in whole or in part any Claim to prevent actual or possible fraud and abuse.

 **5.4.3   Deficient Claims**.   Subject to the limitations and qualifications stated herein, the Settlement Administrator shall review all Claim Forms to ensure that all information and documentation required for an eligible Claim is presented on or with the Claim Forms.   If there is missing information or documentation, the Settlement Administrator shall notify the Settlement Class Member and request correct and complete information and/or documentation.  Prior to rejection of a Claim Form, the Settlement

Administrator shall communicate with the Claimant in an effort to remedy curable deficiencies in the Claim Form submitted, except in instances where the Claim is untimely or clearly fraudulent (*e.g.*, Claim Form submitted by "John Doe").  Untimely and clearly fraudulent Claims shall be rejected without cure attempt.  Timely Supported Document Claims without sufficient documentation or narrative, that are otherwise valid, shall be given an opportunity to cure.  The Settlement Class Member shall have thirty (30) days from the date of the communication sent by the Settlement Administrator requesting that the Settlement Class Member cure any Claim Form deficiency(ies).  If a Settlement Class Member fails to cure the deficiency(ies) such that any required materials and/or missing information is/are received by the Settlement Administrator within said thirty (30) days, the Claim Form shall be deemed materially incomplete, and the Claim shall be deemed invalid and not paid.  Subject to Court approval, the Parties may jointly agree to waive this deadline and accept late Claims submitted before the Fairness Hearing, but the Parties shall be under no obligation to do so.  Materially complete Claim Forms shall not be rejected (*e.g.*, because of a missing zip code or phone number) if the information provided is materially complete so to allow the Settlement Administrator to reasonably process and verify the Claim, and the Claim Form is signed as required.  If the documentation for a timely Supported Document Claim remains insufficient after a chance to cure, the Claim shall be considered a Flat Payment Claim if it is timely and meets the criteria for such a Claim.

    **5.4.4  Manner of Communicating Deficiency**.  If the Claim Form at issue was submitted electronically, the Class Member shall be notified by email to the original

email address used.  If the Claim Form at issue was submitted by mail, the Class Member shall be notified by the email address on the Claim Form, unless the Class Member did not provide one, in which case mail to the original postal address shall be used.

        **5.4.5   Disputed Claims**. If the Parties dispute a Claim Form's timeliness, validity, or applicable Individual Allocated Payment Amount, the Parties must meet and confer in good faith to resolve the dispute. In the event the Parties cannot reach an agreement on a Claim Form's timeliness, validity, or applicable Individual Allocated Payment Amount, the Settlement Administrator shall make such a determination.

      **5.5**    **Settlement Administrator Interim Reports**. Starting one week after the deadline to start providing notice to the Settlement Class under Section 4, the Settlement Administrator shall provide weekly reports to CenturyLink's Counsel and Settlement Class Counsel concerning the Claim Forms received during the prior week and the amount claimed to date.  The report shall also identify the number of valid requests for exclusions received (*see* Paragraph 6.2, *infra*) and transmit any received objections (*see* Paragraph 6.1, *infra*) to counsel.  Additionally, for oversight and advisory purposes, Settlement Class Counsel and CenturyLink's Counsel shall be, at their request, provided electronic copies of any Claim denial due to a materially incomplete Claim Form that is sent to Settlement Class Members.

      **5.6**    **Claims Accounting**. No later than fourteen (14) calendar days before the filing date for Settlement Class Representative's motion in support of the Final Approval Order and Final Judgment, the Settlement Administrator will serve upon Settlement Class Counsel and CenturyLink's Counsel a report indicating, among other things, the number

of timely and valid Claim Forms that were submitted and the Total Amount Claimed associated with such forms.

## 6.   OBJECTIONS AND REQUESTS FOR EXCLUSION

6.1   **Objections**. Any Settlement Class Member who has not submitted a timely written request for exclusion, and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Fee, Cost, and Expense Award, or the Service Payments must comply with the following requirements.   Objections must be submitted to the Settlement Administrator by postal mail, postmarked by the Response Deadline.

6.1.1   **Content of Objections.** All objections and supporting papers must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and either the unique identification number for the Settlement Class Member assigned by the Settlement Administrator, or the Settlement Class Member's current or past account number with CenturyLink; (c) address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel) and a list of all other class actions the objecting class member or his or her counsel has been involved in presenting objections over the past five year period (whether or not the counsel appeared in the matter); (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection; and (f) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit regarding the facts supporting the objector's status as a

member of the Settlement Class, such as account number(s). Objections must be personally signed in ink by the objecting Settlement Class Member to be valid.

**6.1.2 Deadline for Objections.** Objections must be postmarked by the Response Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the objection.

**6.1.3 Failure to Object.** Settlement Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

**6.1.4 Attendance at Final Approval Hearing.** Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a "Notice of Intention to Appear" in the body of the objection. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Approval Hearing without permission of the Court.

**6.2 Requests for Exclusion.** This Settlement Agreement will not bind Settlement Class Members who timely and validly request to be excluded (also known as

opting-out) of the Settlement.  Individual requests for exclusion may be submitted to the Settlement Administrator by postal mail.  Class Members who are opting out must each separately and individually comply with the requirements of this Paragraph 6.2.

6.2.1  **Contents of a Request for Exclusion.**  All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and either the unique identification number for the Settlement Class Member assigned by the Settlement Administrator, or the Settlement Class Member's current or past account number with CenturyLink; (c) address, telephone number (optional), and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a clear and conspicuous statement indicating that they wish to be excluded from the *In re CenturyLink Sales Practices* class action settlement; and (e) be signed personally by the Settlement Class Member.

6.2.2  **Deadline to Request Exclusion.**  To be excluded from the Settlement, the request for exclusion must be postmarked no later than the Response Deadline.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request for exclusion.

6.2.3  **Effect of Requesting Exclusion.**  Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement Class shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an

objection to the Settlement.  However, if a Settlement Class Member submits a Claim Form and request for exclusion, the last submitted document will control.  If they are submitted on the same day, the request for exclusion shall be invalid and the Settlement Class Member shall remain a member of the Settlement Class, unless otherwise agreed by the parties.

**6.2.4   Exclusion List.** No later than fourteen (14) days after the Response Deadline, the Settlement Administrator shall provide Settlement Class Counsel and CenturyLink's Counsel with a list of all persons and entities who have timely and validly excluded themselves from the Settlement.  The exclusion list shall be filed with the Court as part of the Settlement Class Representatives' motion for entry of the Final Approval Order and Final Judgment.

## 7.   COURT APPROVAL PROCEDURES

### 7.1   Provisional Class Certification and Preliminary Approval Order.

**7.1.1   Settlement Class.**  For settlement purposes only, the Parties agree that the Settlement Class Representatives will move for certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) within thirty (30) calendar days following the execution of this Agreement.  CenturyLink agrees not to contest certification of the Settlement Class but reserves the right to contest any motion to certify a class for any purpose other than settlement of the Consumer Actions.

**7.1.2   Preliminary Settlement Approval.**  Contemporaneously with their motion for provisional certification of the Settlement Class, the Settlement Class Representatives shall move the Court for a Preliminary Approval Order substantially in

the form of Exhibit 1 and setting the Final Approval Hearing at least forty-five (45) calendar days after the Response Deadline.

   7.1.3   **CenturyLink's Brief.**   CenturyLink shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval Order.

   7.2   **Final Approval Hearing and Final Judgment.**

   7.2.1   **Settlement Class Counsel's Motion for Fees, Costs and Expense Award.**   At least twenty-one (21) calendar days before the Response Deadline, on behalf of Plaintiffs' Counsel, Settlement Class Counsel shall file with the Court, and serve upon CenturyLink: (a) their motion in support of a Fee, Cost, and Expense Award; and (b) any applications by Settlement Class Representatives for awards of Service Payments from the Primary Fund.

   7.2.2   **Declarations In Support of Final Approval.** No later than fourteen (14) days before the Final Approval Hearing date, the Settlement Administrator and CenturyLink will provide to Settlement Class Counsel a sworn declaration verifying that notice was provided to Settlement Class Members.   In addition, the Settlement Administrator's declaration shall include information that includes information regarding the persons who have requested exclusion from the Settlement Class and any objections sent to the Settlement Administrator and not previously filed with the Court.

   7.2.3   **Motion for Final Settlement Approval.**   Before the Final Approval Hearing, the Settlement Class Representatives and Settlement Class Counsel will request

that the Court enter the Final Approval Order and Final Judgment substantially in the form of Exhibits 8 and 9.

      **7.2.4 CenturyLink's Brief.**   CenturyLink shall be permitted, but not required, to file its own brief, response to objections, or statement of non-opposition in support of the Final Approval Order and Final Judgment.

      **7.3   Modifications Suggested by the Court.** If the Court suggests any modifications to the Agreement or conditions entry of the Preliminary Approval Order, Final Approval Order or Final Judgment on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.  However, the Parties shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to Settlement Class Members, or the cost to or burden on CenturyLink, the content or extent of notices required to Settlement Class Members, or the scope of any of the releases contemplated in this Agreement.  If the Court orders or proposes such additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within twenty one (21) calendar days from the date of the Court's order or proposal, unless otherwise agreed by the Parties.  If either Party elects to terminate the Settlement Agreement pursuant to this paragraph, the Agreement will be deemed null and void *ab initio* and the provisions of Paragraphs 8.2–8.4 will apply.

## 8.     CONTINGENCIES; TERMINATION

### 8.1     Parties' Right to Terminate Settlement.

**8.1.1**   Unless the Settlement Administrator has agreed to cap (a "not to exceed" proposal) the amount it will charge for notice and administration of this Settlement, without any restrictions or caveats, at a figure under four million dollars ($4,000,000), then within seven (7) calendar days of receiving the Class Member list, the Settlement Administrator must provide Settlement Class Counsel and CenturyLink's Counsel an updated "not to exceed" proposal for the cost of notice and administering the Settlement through its conclusion.   If that "not to exceed" proposal is more than ($4,000,000), then within seven (7) calendar days either Party has a right to terminate this Settlement.   If this Settlement Agreement is terminated, it will be deemed null and void *ab initio* and Paragraphs 8.2–8.4 below will apply.

**8.1.2**   If the number of Settlement Class Members who request exclusion exceeds one percent (1%) of the number of Class Members identified on the list provided to the Settlement Administrator pursuant to Paragraph 4.1 then CenturyLink may, in its sole discretion, notify Settlement Class Counsel in writing that it has elected to terminate this Settlement Agreement.   Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking Final Approval.   If this Settlement Agreement is terminated, it will be deemed null and void *ab initio* and Paragraphs 8.2–8.4 below will apply.

**8.2    Decertification of the Settlement Class if Settlement Not Approved.**  If the Court does not enter the Final Judgment without material modification, subject to Paragraph 7.3, or if the Final Judgment is reversed in whole or in part on appeal, or if the Effective Date does not occur, certification of the Settlement Class will be vacated, and the Parties will be returned to their positions *status quo ante* with respect to the Consumer Actions as if the Settlement Agreement had not been entered into.  In the event that Final Judgment or Effective Date is not achieved, (a) any court orders preliminarily or finally approving the certification of any class contemplated by the settlement and any other orders entered pursuant to the Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion; and (b) this Agreement will become null and void, and the fact of this Agreement, that CenturyLink did not oppose the certification of any class under the Agreement, that Settlement Class Representatives acknowledged any risks associated with the litigation, or that the Court approved the certification of a Settlement Class, shall not be used or cited thereafter by any person or entity, including but not limited to in any contested proceeding relating to the certification of any class or relating to enforcement of arbitration agreements and class-action waivers.

**8.3    Contingencies.** This Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if: (a) there is no Effective Date; (b) the Court fails to enter a Preliminary Approval Order substantially in the form attached as Exhibit 1, consistent with Paragraph 7.3; (c) the Court fails to enter Final

Approval Order or the Final Judgment substantially in the forms attached as Exhibits 8 and 9, consistent with Paragraph 7.3; or (d) CenturyLink elects to terminate pursuant to Paragraph 8.1 above.

8.4    **Effect of Termination**. In the event that this Agreement is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and they shall proceed in all respects as if this Agreement, its exhibits, and any related agreements or orders, had never been executed or entered.  Without limiting the foregoing of the other agreements between the Parties in this Agreement, but rather for clarities' sake, the Parties expressly agree that this Agreement, the settlement and mediation discussions leading to this Agreement, and any proceeding related to this Agreement shall not be construed as a waiver, acknowledgment, or concession of risk by the Parties of any claim, defense, or argument.  Additionally, to the extent that any portion of the Settlement Funds were provided to the Settlement Administrator prior to termination of the Settlement Agreement, and such funds were not used prior to termination, such funds shall be returned to CenturyLink.

## 9.    ADDITIONAL PROVISIONS, REPRESENTATIONS AND WARRANTIES

9.1    **Entire Agreement.** This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement.

**9.2    No Admissions of Liability.** This Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  Further, the Litigation Risk Factor does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by any Party of their likelihood of success on the merits, at class certification, or otherwise.  The Parties have entered into the Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Agreement may not be used by any third party against any Party.  Pursuant to Federal Rule of Evidence 408, and any similar state rule, the entering into and carrying out of the Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

**9.3    Agreement Binding on Successors in Interest.** This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

**9.4    No Effect on Legally Allowable Amounts Owed to CenturyLink.**  No provision of this Agreement shall be construed to release, discharge or forgive any legally allowable contract, obligation or indebtedness of any Settlement Class Member to CenturyLink.

**9.5    Best Efforts.** The Settlement Class Representatives and CenturyLink agree that the terms of the Agreement reflect a good-faith settlement of disputed claims. They consider the settlement effected by this Agreement to be fair and reasonable and will use their best efforts to seek preliminary approval, and if granted, final approval of the Agreement by the Court, including in responding to any objectors, intervenors or other persons or entities seeking to preclude entry of the Final Judgment and, if the settlement is granted final approval, to effectuate the Agreement's terms.  They each represent and warrant that they have not made, nor will they (a) attempt to void this Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Agreement.

**9.6    Additional Duties of the Settlement Administrator.**  In addition to its duties identified above, the Settlement Administrator shall comply with all tax reporting obligations such as issuing any necessary United States Internal Revenue Service 1099 Forms, including but not limited to obtaining any necessary information from Settlement Class Counsel, Plaintiffs' Counsel, the Settlement Class Representative and Authorized Claimants for tax reporting purposes.  The Settlement Administrator shall ensure that the information that it receives from the Parties and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information from third parties. The Settlement Administrator shall also perform any other duties necessary to administer the Class Action Settlement and/or to which the Parties otherwise agree in writing.

**9.7** **Taxes.** Any person or entity that receives a distribution from the Settlement Funds shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Funds. In no event shall CenturyLink or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Funds to the Settlement Class Representatives, Settlement Class Members, Settlement Class Counsel, Plaintiffs' Counsel or any other person or entity.

**9.8** **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives. The Parties may utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with the terms of this Agreement. The Parties may modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

**9.9** **Headings and Formatting of Definitions.** The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement. Similarly, holding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions

do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**9.10   Grammar.** Where context may require, the definitions given for terms in this Agreement shall apply equally to both the singular and plural forms of the terms defined.  Whenever the context may require, any pronoun shall include the corresponding masculine, feminine and neuter forms.

**9.11   Notices.** Any communication, verification, or notice sent by any Party in connection with this Agreement shall be sent by email and overnight mail as follows:

| | |
|---|---|
| To Settlement Class Representatives: | To CenturyLink: |
| Carolyn G. Anderson | Douglas P. Lobel |
| Brian C. Gudmundson | David A. Vogel |
| ZIMMERMAN REED LLP | COOLEY LLP |
| 1100 IDS Center, | 11951 Freedom Drive |
| 80 South 8th Street | Reston, VA 20190 |
| Minneapolis, MN 55402 | Telephone: (703) 456 8000 |
| Telephone: (612) 341-0400 | Facsimile: (703) 456 8100 |
| Facsimile: (612) 341-0844 | Email: dlobel@cooley.com |
| Email: brian.gudmundson@zimmreed.com | |

**9.12   Publicity.** The parties shall not publicize the Agreement, except as provided in Section 4, and as approved in the Preliminary Approval Order.  However, nothing shall limit (a) the ability of Settlement Class Counsel to communicate privately with a Settlement Class Member concerning the Settlement; (b) the ability of CenturyLink to make such public disclosures as the federal securities laws require or to provide information about the settlement to state and federal regulators, other government officials, or its insurers/reinsurers; (c) the ability of any Party to cite or rely upon this

Agreement in judicial or administrative proceedings; and (d) the ability of any Party or their counsel to make public statements in support of the Agreement.

**9.13   Time Periods.** The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and CenturyLink's Counsel.

**9.14   Governing Law.** This Agreement is intended to and shall be governed by the laws of the State of Minnesota without regard to its choice of law principles.

**9.15   No Construction Against Drafter.** This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

**9.16   Execution Date.** This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**9.17   Execution in Counterparts.** This Agreement shall become effective upon its execution by all of the Parties' attorneys.  The signatories may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**9.18   Signatures.** Each person executing this Agreement warrants that such person has the full authority to do so. Signatures sent in pdf format by email will constitute sufficient execution of this Agreement.  Counsel for the Settlement Class Representatives may execute the Agreement for the Settlement Class Representatives,

and in so doing, are representing that the Settlement Class Representative has read the Agreement, understand his or her obligations under the Agreement, and agrees to be bound by the Agreement.

   **9.19   Continuing Jurisdiction.** The Court shall retain jurisdiction to enforce this Agreement's terms and the Final Judgment.

[REMAINDER OF PAGE PURPOSEFULLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties hereby accept and agree-to the Agreement, as reflected by their signatures below.

Dated: 10.15.19

Brian C. Gudmundson
Zimmerman Reed LLP
Settlement Class Counsel

Dated:

Mark M. O'Mara
O'Mara Law Group
Settlement Class Counsel

Dated:

Ben J. Meiselas
Geragos & Geregos APC
Settlement Class Counsel

Dated:

Stacey W. Goff
For CenturyLink, Inc. and
the Operating Companies

IN WITNESS WHEREOF, the Parties hereby accept and agree-to the Agreement, as reflected by their signatures below.

Dated:_____

Dated:__10/15/19__

Brian C. Gudmundson
Zimmerman Reed LLP
Settlement Class Counsel

Mark M. O'Mara
O'Mara Law Group
Settlement Class Counsel

Dated:_____

Ben J. Meiselas
Geragos & Geregos APC
Settlement Class Counsel

Dated:_____

Stacey W. Goff
For CenturyLink, Inc. and
the Operating Companies

IN WITNESS WHEREOF, the Parties hereby accept and agree-to the Agreement, as reflected by their signatures below.

Dated:_____

_____
Brian C. Gudmundson
Zimmerman Reed LLP
Settlement Class Counsel

Dated:_____

_____
Mark M. O'Mara
O'Mara Law Group
Settlement Class Counsel

Dated: October 15, 2019

_____
Ben J. Meiselas
Geragos & Geregos APC
Settlement Class Counsel

Dated:_____

_____
Stacey W. Goff
For CenturyLink, Inc. and
the Operating Companies

IN WITNESS WHEREOF, the Parties hereby accept and agree-to the Agreement, as reflected by their signatures below.

Dated:_____          _____
                                        Brian C. Gudmundson
                                        Zimmerman Reed LLP
                                        Settlement Class Counsel

Dated:_____          _____
                                        Mark M. O'Mara
                                        O'Mara Law Group
                                        Settlement Class Counsel

Dated:_____          _____
                                        Ben J. Meiselas
                                        Geragos & Geregos APC
                                        Settlement Class Counsel

Dated: 10/15/19_____          _____
                                        Stacey W. Goff
                                        For CenturyLink, Inc. and
                                        the Operating Companies

**EXHIBIT 1**
[PROPOSED] PRELIMINARY APPROVAL ORDER

**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br>17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, 18-1562 | **MDL No. 17-2795 (MJD/KMM)**<br><br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

On _____ (month) ____ (day), 2019, this Court heard Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Provisional Class Certification.[1] This Court reviewed the Motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

2. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

2.     The Long-Form Notice, Email Notice, Bill Notice, Postcard Notice, Publication Notice, and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3.     For settlement purposes only, the Court concludes the following:

a.     The Settlement Class is so numerous that joinder of all Class Members is impracticable;

b.     There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members.

c.      The Settlement Class Representatives' claims are typical of the Settlement Class's claims;

d.     The Settlement Class Representative and their counsel will fairly and adequately protect the interests of the Settlement Class; and

e.     Class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      CenturyLink, Inc. ("CenturyLink") filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1.      **Settlement Approval**.  The Settlement Agreement, including the Long-Form Notice, Email Notice, Bill Notice, Postcard Notice, Publication Notice, and Claim Form, attached to the Settlement Agreement as Exhibits 2-7 are preliminarily approved.

2.      **Appointment of the Settlement Administrator and the Provision of Class Notice**.  Rust Consulting, Inc. is appointed as the Settlement Administrator. CenturyLink and the Settlement Administrator, will notify Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

3.      **Claim for a Settlement Award**.  Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than one hundred and fifty-one (151) calendar days after the entry of this Order.

4.      **Objection to Settlement**.  Any Class Member who has not submitted a timely written exclusion request pursuant to Paragraph 6 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Settlement Administrator no later one hundred and fifty-one (151) calendar days after the entry of this Order.  Objections must be in writing and: (a) clearly identify the case name and number; (b) include the full name and either the unique identification number for the Settlement Class Member

assigned by the Settlement Administrator, or the Settlement Class Member's current or past account number with CenturyLink; (c) address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel) and list of all other class actions the objecting class member or his or her counsel has been involved in presenting objections over the past five year period (whether or not the counsel appeared in the matter); (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection; and (f) be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit regarding the facts supporting the objector's status as a member of the Settlement Class, such as account number(s).  Objections must be personally signed in ink by the objecting Settlement Class member to be valid.  Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to any award of class representative service awards or of attorneys' fees and costs.  However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear."  Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing.  If a

Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or its merits.

5. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

6. **Requesting Exclusion.** Settlement Class Members may elect to not be part of the Class and to not be bound by this Settlement Agreement. To make this election, Class Members must send a written notification to the Settlement Administrator that (a) clearly identifies the case name and number; (b) includes the full name and either the unique identification number for the Settlement Class Member assigned by the Settlement Administrator, or the Settlement Class Member's account number with CenturyLink; (c) includes the address, telephone number (optional), and email address (optional) of the Settlement Class Member seeking exclusion; (d) is signed by the Settlement Class Member; and (e) contains a statement that the requestor does not wish to participate in the Settlement. A request for exclusion must be submitted no later than one hundred and fifty-one (151) calendar days after entry of this Order. Settlement Class Members who are opting out must each separately and individually comply with the requirements of this paragraph.

7. **Provisional Class Certification**.  The Settlement Class is provisionally certified as a class of all persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies.  Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class.  The Class Period is January 1, 2014 to date of entry of this Order.

8. **Conditional Appointment of Class Representative and Class Counsel**. Settlement Class Representatives are conditionally certified as the class representatives to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firms of Zimmerman Reed LLP, O'Mara Law Group, and Geragos & Geregos APC are conditionally appointed as Settlement Class Counsel.  Settlement Class Representatives and Settlement Class Counsel must fairly and adequately protect the Settlement Class's interests.

9. **Stay of Other Proceedings**.  The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement, are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

10. **Injunction against Releasing Parties' Pursuit of Released Claims**. Pending the Final Approval Hearing and issuance of the Final Approval Order and Final

Judgment, Releasing Parties are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any class action or other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action.  The Court finds no bond is necessary for issuance of this injunction.

11.    **Termination**.  If the Settlement Agreement terminates for any reason, the following will occur: (a) provisional class certification will be automatically vacated; (b) Settlement Class Representatives and Settlement Class Counsel will stop functioning as class representatives and class counsel, except to the extent previously appointed by the Court; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the Settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

12.    **No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

13.    **Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines in this Action are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

14.    **CAFA Notice.**   The Court finds that CenturyLink has complied with 28 U.S.C. § 1715(b).

15.    **Modifications.**   Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.   The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.   The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

16.    **Final Approval Hearing**.   On _____ (month) ____ (day), 2020, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.   Plaintiffs' motion in support of final approval of the settlement shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing.   This Court may order the Fairness Hearing to be postponed, adjourned, or continued.   If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class Members.

17.    **Summary Timeline.**   The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Action | Timing | Citation | Date |
|---|---|---|---|
| Last day for CenturyLink to provide the Settlement Administrator the Class Member list | 21 days after entry of this Order | Settlement Agreement (S.A.) ¶ 4.1 | [Month] [Day], [Year] |
| Last day for the Settlement Administrator to publish the Settlement Website and begin operating a toll-free telephone line, and email address and P.O. Box to accept inquiries from Settlement Class Members | 45 days after entry of this Order | S.A. ¶ 4.2 | [Month] [Day], [Year] |
| Last day for the Settlement Administrator to begin Publication Notice Plain | 45 days after entry of this Order | S.A. ¶ 4.5 | [Month] [Day], [Year] |

| Action | Timing | Citation | Date |
|---|---|---|---|
| Settlement Administrator provides Email Notice to Settlement Class Members that are former CenturyLink customers | 45 days after entry of this Order | S.A. ¶ 4.4.2 | [Month] [Day], [Year] |
| Settlement Administrator provides Postcard Notice to Settlement Class Members that are former CenturyLink customers | 45 days after entry of this Order | S.A. ¶ 4.4.3 | [Month] [Day], [Year] |
| CenturyLink starts providing Bill Notice to Settlement Class Members that are current CenturyLink customers | First billing cycle that starts more than 45 days after entry of this Order | S.A. ¶¶ 4.3.1 & 4.3.2 | No earlier than [Month] [Day], [Year] |
| Last day for Settlement Class Counsel to file motion in support of Fees, Cost and Expense Award | 130 days after entry of this Order | S.A. ¶ 7.2.1 | [Month] [Day], [Year] |

| Action | Timing | Citation | Date |
|---|---|---|---|
| Last day for Settlement Class Members to file Claim Forms, object, or request exclusion from the class | 151 calendar days after the entry of this Order | S.A. ¶ 1.36 | [Month] [Day], [Year] |
| Last day for Settlement Administrator and CenturyLink to provide Settlement Class Counsel declarations regarding proof of notice | 14 days before Final Approval Hearing | S.A. ¶ 7.2.2 | [Month] [Day], [Year] |
| Last day for Settlement Class Counsel to file brief in support of Final Approval | 14 days before Final Approval Hearing | Preliminary Approval Order ¶ 16 | [Month] [Day], [Year] |

**IT IS SO ORDERED.**

Dated: _____          _____

                                        Michael J. Davis
                                        United States District Court Judge

**EXHIBIT 2**
LONG-FORM NOTICE

UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

# Current and Former CenturyLink Residential and Small Business Customers May Be Eligible for a Payment from a Settlement

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

- A settlement ("Settlement") has been proposed in a class action involving customers who had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.  CenturyLink denies it did anything wrong and the Court has not decided who is right.

- If you are a member of the Class and claim you were overcharged and not reimbursed by CenturyLink, you are eligible to make a claim for $30 from the Settlement (subject to a pro rata adjustment up or down depending on how many valid claims are filed), or more (depending on whether you choose to provide additional explanation and documentation with your claim).

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get an award under the Settlement.  Visit the Settlement website located at www.CenturyLinkMDLClassSettlement.com to obtain a Claim Form.  Deadline: **[Month] [Day], [Year]** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive any of the benefits, including monetary compensation.  Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against CenturyLink regarding the claims in this case going forward.  Deadline: **[Month] [Day], [Year]** |
| **OBJECT** | Write to the Court about why you object to the Settlement and think it shouldn't be approved.   Submitting an objection does not exclude you from the Settlement. Deadline: **[Month] [Day], [Year]** |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and request for service awards for the class representatives.  You may speak at the Fairness Hearing about any objection you submitted to the Settlement, but you are not required to.  Hearing Date: **[Month] [Day], [Year]** |
| **DO NOTHING** | You will not receive an award under the Settlement.  You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. |

- These rights and options—and the deadlines to exercise them—are explained in more detail below.

- The Court in charge of this case has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.   The relief provided to Settlement Class Members will be provided only if the Court gives final approval and any appeals have been resolved in favor of the Settlement.  Please be patient.

## WHAT THIS NOTICE CONTAINS

BACKGROUND INFORMATION ...............................................................................##

    1.      Why did I get this notice?

    2.      What is this lawsuit about?

    3.      Why is this a class action?

    4.      Why is there a Settlement?

    5.      How do I know if I am part of the Settlement?

    6.      I'm still not sure if I am included.

THE PROPOSED SETTLEMENT......................................................................................##

    7.      What relief does the Settlement provide to the Class Members?

HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A
CLAIM FORM .................................................................................................................##

    8.      How can I get a Settlement award?

    9      When will I get a Settlement award?

THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS........##

    10.    Do I have a lawyer in this case?

    11.    How will the lawyers be paid?

    12.    Will the Settlement Class Representatives receive any compensation
          for their efforts in bringing this Action?

DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS ....................................##

    13.    What am I giving up to obtain relief under the Settlement?

HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT ................................##

    14.    How do I exclude myself from the Settlement?

HOW TO OBJECT TO THE SETTLEMENT ..................................................................##

    15.    How do I tell the Court that I disagree with the Settlement?

    16.    What is the difference between excluding myself and objecting to the
          Settlement?

    17.    Can I pursue my claims in other lawsuits or arbitrations?

FAIRNESS HEARING.......................................................................................................##

    18.    What is the Fairness Hearing?

    19.    When and where is the Fairness Hearing?

    20.    May I speak at the hearing?

ADDITIONAL INFORMATION.......................................................................................##

    21.    How do I get more information?

    22.    What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.    Why did I get this notice?

You received this Notice because a Settlement has been reached in this case.  If you are a member of the Settlement Class you may be eligible for the relief detailed below.

This Notice explains the nature of the case, the general terms of the proposed Settlement, and your legal rights and options.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 21 below.

### 2.    What is this lawsuit about?

Certain individuals (the "Settlement Class Representatives") filed lawsuits against CenturyLink on behalf of themselves and all others with claims similar to theirs.  The lawsuits claim that CenturyLink engaged in unfair and deceptive billing practices, such as for example that it: (1) promised customers one rate during the sales process but then charged a higher rate during actual billing; (2) billed unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered, or not delivered as promised, for services that were appropriately canceled, and for equipment that was properly returned; and (3) caused customers to pay higher costs resulting from validly terminating their accounts, including for termination fees and for being improperly sent to collections without valid reason.

CenturyLink denies each and every one of the claims of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.  CenturyLink further denies that any Class Member is entitled to any relief other than for settlement purposes.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the claims in the case.**

For information about how to learn what has happened in the case to date, please see Section 21 below.

### 3.    Why is this a class action?

In a class action lawsuit, one or more people sue on behalf of other people who allegedly have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Settlement Class Members.  The company sued in this case, CenturyLink, is

called the Defendant.

### 4.   Why is there a Settlement?

The Settlement Class Representatives have made claims against CenturyLink. CenturyLink denies that it has done anything wrong or illegal and admits no liability. The Court has **not** decided that the Settlement Class Representatives or CenturyLink should win this case or any of the other cases pending in other courts. Instead, both sides agreed to a Settlement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive relief now rather than years from now, or never at all.

### 5.   How do I know if I am part of the Settlement?

The Court has decided that everyone who fits the following description is a Class Member for purposes of the proposed Settlement:

> All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period (January 1, 2014 to [Month] [Day], [Year]), had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies.

Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class. The list of the Operating Companies is available at www.CenturyLinkMDLClassSettlement.com.

### 6.   I'm still not sure if I am included.

If you received the official notice of this class action Settlement in your bill, or in the form of an email or postcard from the Settlement Administrator, you are a Class Member. If you are still not sure whether you are included in the Settlement Class, you can also go to www. CenturyLinkMDLClassSettlement.com and see whether you are included in the Class. You can also write or email the Settlement Administrator for free help. The Settlement Administrator's contact information is below.

*In re: CenturyLink Sales Practices Settlement*
c/o _____
[Address]
[City] [State], [Zip Code ]
[EMAIL]

## THE PROPOSED SETTLEMENT

### 7.   What relief does the Settlement provide to the Class Members?

The Settlement creates a Settlement fund of $15.5 million, which will be used to pay the

Claims of Settlement Class Members, Settlement Class Counsel's attorneys' fees, costs and expenses (see Section 11), and any Settlement Class Representatives' Service Payments (see Section 12). CenturyLink has agreed to pay $3 million on top of the Settlement Fund to cover costs of Settlement administration and notice. If administration and notice costs are over $3 million, up to an additional $1 million will be paid for equally by CenturyLink and the Settlement Fund.

If you are a Settlement Class Member, you are eligible to receive a share of the Settlement funds, by submitting a valid Claim Form. You can only qualify for a Settlement award if you claim you were overcharged by CenturyLink and not reimbursed. The amount of money you could receive is described in detail in Section 3 of the Settlement Agreement, and is summarized below:

- All payments will be made on a *pro rata* basis or distributed proportionately based on the number of valid claims filed and the amount being claimed.

- Settlement Class Members without any supporting documentation are entitled to a flat payment of $30, which will increase or decrease based upon the number of valid claims and amount being claimed.

- Settlement Class Members who want to claim more than $30 must provide additional information and documentation to support the Claim. They will be eligible to receive up to 40% of what they claim. For example, if they have documentation showing unreimbursed overcharges of $100, they would be eligible for a payment of $40.

## HOW TO REQUEST AN AWARD UNDER THE SETTLEMENT – SUBMITTING A CLAIM FORM

### 8. How can I get a Settlement Award?

To qualify for a Settlement award, you must have been overcharged by CenturyLink and not been already reimbursed. To get a payment you must send in a Claim Form. A Claim Form is available at the website www.CenturyLinkMDLClassSettlement.com. The Claim Form may be submitted electronically or by postal mail. Read the instructions carefully, fill out the form, and postmark or submit it online by **[Month] [Day], [Year]**. The Claim Form requires information about your account services and how you were overcharged.

Please note that you may have received more than one notice and you need to decide for each account whether you have a claim for that account.

### 9. When will I get a Settlement award?

As described in Sections 18 and 19 below, the Court will hold a hearing to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be

appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at www.CenturyLinkMDLClassSettlement.com.  *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS

### 10.   Do I have a lawyer in this case?

The Court has ordered that the law firms of Zimmerman Reed LLP, O'Mara Law Group, and Geragos & Geragos APC ("Settlement Class Counsel") will represent the interests of all Settlement Class Members.  You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.   How will the lawyers be paid?

Settlement Class Counsel, and any other attorneys involved in bringing the case and similar actions, will ask the Court to award attorneys' fees of up to one-third of the maximum value of the Settlement (see Section 7 above) plus reimbursement of costs.  The Court will make the final decision as to the amount to be paid to the attorneys for their fees and costs.  You will not be required to separately pay any attorneys' fees or costs.

### 12.   Will the Settlement Class Representatives receive any compensation for their efforts in bringing this Action?

Settlement Class Counsel  will request a service award of $2,500 for each Settlement Class Representative for their services as class representatives and their efforts in bringing the case and related actions.  The Court will make the final decision as to the amount to be paid to the Settlement Class Representatives.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.   What am I giving up to obtain money under the Settlement?

If the Court approves the proposed Settlement, you will be releasing your claims against CenturyLink unless you have excluded yourself from the Settlement.  This generally means that you will not be able to file or pursue a lawsuit or arbitration against CenturyLink, or be part of any other lawsuit against CenturyLink, that asserts claims that were or could have been asserted in this case. Paragraph 2.3 of the Settlement Agreement, available on the Internet at the website www.CenturyLinkMDLClassSettlement.com contains the full terms of the release.   Please also reference Paragraphs 1.48 and 1.33-1.35 of the Settlement Agreement for any defined terms included in the release

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

### 14.   How do I exclude myself from the Settlement?

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a letter to the Settlement Administrator stating:  **(a)** the case name and number ("*In re: CenturyLink Sales Practices and Securities Litigation*, D. Minn. Case No. 17-2795"); **(b)** your full name; **(c)** either the unique identification number assigned to you by the Settlement Administrator, or your account number with CenturyLink; **(d)** your address, telephone number, and email address (if you have one); and **(e)** that you do not wish to participate in the Settlement.

You must sign your request for exclusion yourself and submit it to the Settlement Administrator so that it is postmarked no later than **[Month] [Day], [Year]**.  The request for exclusion must be mailed to the Settlement Administrator at:

*In re: CenturyLink Sales Practices Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]

If you timely request to be excluded from the Settlement Class, you will not be bound by the judgment entered in the case, and you will not be precluded from prosecuting any timely claim against CenturyLink based on the conduct complained of in the case.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.   How do I tell the Court that I disagree with the Settlement?

The Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider the Settlement Class Counsel's request for an award of attorneys' fees and costs, and for a service award to the Settlement Class Representatives.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must send a letter to the Settlement Administrator stating: **(a)** the case name and number ("*In re: CenturyLink Sales Practices and Securities Litigation*, D. Minn. Case No. 17-2795"); **(b)** your full name; **(c)** your unique identification number assigned by the Settlement Administrator, or your account number with CenturyLink; **(d)** your address, telephone number, and email address (optional); **(e)** if you have a lawyer, the full name, address, telephone number, and email address of your lawyer, and the state bar(s) to which your lawyer is admitted; **(f)** all other class actions in which you or your lawyer have been involved in presenting objections over the past five year period (whether or not the lawyer appeared in the matter); and **(g)** a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection.  You must also include a declaration submitted under penalty of perjury or a sworn affidavit stating facts that show you are a member of the Settlement Class, including your account number(s) or unique

identification number.  The objection must be personally signed in ink.

The objection must be postmarked no later than **[Month] [Day], [Year]**.  The objection must be mailed to the Settlements Administrator at:

*In re: CenturyLink Sales Practices Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]

The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.  If you decide to make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

<u>**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**</u>

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement.  You are not required to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your objection a statement stating that you intend to appear at the hearing by including the statement, "Notice of Intent to Appear".

## 16. What is the difference between excluding myself and objecting to the Settlement?

Objecting is simply telling the Court that you disagree with something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class or any of the benefits of the Settlement.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## 17. Can I pursue my claims in other lawsuits or arbitrations?

The Court's order preliminarily approving the Settlement includes an injunction prohibiting you, pending the Fairness Hearing described below and issuance of any Final Approval Order and Final Judgment, from filing, commencing, prosecuting, maintaining, intervening in, participating in (individually or on a class basis), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on a claim that is being settled.  You may, however, pursue your claims if and when the Settlement is approved and becomes final.

## FAIRNESS HEARING

## 18. What is the Fairness Hearing?

The Court has preliminarily approved the Settlement and will hold a hearing to decide

whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and costs; and to consider the request for a service award to the Settlement Class Representatives.

## 19.    When and where is the Fairness Hearing?

On **[Month] [Day], [Year]** at **[time]**, a hearing will be held on the fairness of the proposed Settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness. The hearing will take place before the Honorable Judge Michael J. Davis, United States District Court, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55515, Courtroom 13E. The hearing may be postponed to a different date or time or location without notice. Please check www. CenturyLinkMDLClassSettlement.com for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

## 20.    May I speak at the hearing?

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement. You may attend, but you do not have to. As described above in Section 15, you may speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) your objection contains a timely statement of a Notice of Intent to Appear. If you have requested exclusion from the Settlement, you may not speak at the Fairness Hearing.

## ADDITIONAL INFORMATION

## 21.    How do I get more information?

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order and the operative complaint filed in the Action, please visit the Settlement website located at: www. CenturyLinkMDLClassSettlement.com. Alternatively, you may contact the Settlement Administrator at the email address [xxxx]@[xxxx].com or the U.S. postal (mailing) address: [Address] [City], [State], [Zip Code]. Other documents, such the Plaintiffs' counsel's application for attorneys' fees and costs, will be added to the website as they are filed with the Court.

This description of this case is general and does not cover all of the issues and proceedings that have occurred. In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 300 South Fourth Street, Minneapolis, MN 55415. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

**22.  What if my address or other information has changed or changes after I submit a Claim Form?**

It is your responsibility to inform the Settlement Administrator of your updated information by filling out a change of address form at www. CenturyLinkMDLClassSettlement.com or mailing the Settlement Administrator at:

*In re: CenturyLink Sales Practices Settlement*
c/o _____
[Address]
[City] [State], [Zip Code]

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

**EXHIBIT 3**
Email Notice

To: [Settlement Class Member email address]
From: [xxxx]@[xxx].com
Re: CenturyLink Class Action Settlement

## Former CenturyLink Residential and Small Business Customers
## May Be Eligible for a Payment from a Settlement

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**Why did I get this notice?**  A Settlement has been proposed in a class action involving the billing practices of CenturyLink.  According to available records, you had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What is this case about?** The case was filed against CenturyLink by several customers alleging CenturyLink engaged in unfair and deceptive billing practices.  CenturyLink denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  The court has not decided which side is right.  But both sides have agreed to settle the case and provide certain benefits to CenturyLink customers in order to avoid the costs of continued litigation.

**Am I a Class Member?**  You are a "Settlement Class Member" if you were a residential or small business customer in the United States who, during the Class Period (January 1, 2014 to [Month] [Day], [Year]), had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What relief does the Settlement provide?**  A $15.5 million Settlement fund will pay (1) claims of eligible Settlement Class Members; (2) attorneys' fees and expenses; and (3) Service Payments to Settlement Class Representatives.  CenturyLink has agreed to pay $3 million on top of the Settlement Fund to cover costs of Settlement administration and notice.  If administration and notice costs are over $3 million, up to an additional $1 million will be paid for equally by CenturyLink and the Settlement Fund.

**What can I get from the Settlement?** If you were a Settlement Class Member and claim you were overcharged and not reimbursed by CenturyLink, you are eligible to make a claim for $30, subject to pro rata adjustment depending on the number of claims filed.  You will have to complete a claim form with information about your account services and how you were overcharged.  If you want to claim more than $30, you must provide additional information and documentation to support the Claim.

**How to get a payment?** You must submit a valid Claim Form, available at www.CenturyLinkMDLClassSettlement.com, by **[Month] [Day], [Year]**.  Your Class Member Identification Number is at the top of the email.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by **[Month] [Day], [Year]**, or you won't be able to sue CenturyLink about the legal claims in this case.  If you stay in the Settlement, you may object to it by **[Month] [Day], [Year]**.  The Court will hold a hearing on **[Month] [Day], [Year]** at **[time]** to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for attorneys' fees of up to one-third of the maximum value of the Settlement, plus reimbursement for costs and expenses, and for a $2,500 service award for each class representative for their services.  You may ask to appear at the hearing, but you don't have to.  The Court has entered an

injunction prohibiting you, until the time of the Final Approval Hearing, from pursuing your claims in any other lawsuits or arbitrations.

**More information?** For a detailed notice visit www.CenturyLinkMDLClassSettlement.com, email XXXX@CenturyLinkMDLClassSettlement.com or call 1-888-xxx-xxxx.

**EXHIBIT 4**
BILL NOTICE

## Notice of Class Action Settlement Related to CenturyLink Operating Company Billing Practices

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

**Why did I get this notice?**  A Settlement has been proposed in a class action involving the billing practices of CenturyLink.  According to available records, you had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What is this case about?**  The case was filed against CenturyLink by several customers alleging CenturyLink engaged in unfair and deceptive billing practices.  CenturyLink denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  The court has not decided which side is right.  But both sides have agreed to settle the case and provide certain benefits to CenturyLink customers in order to avoid the costs of continued litigation.

**Am I a Class Member?**  You are a "Settlement Class Member" if you were a residential or small business customer in the United States who, during the Class Period (January 1, 2014 to [Month] [Day], [Year]), had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What relief does the Settlement provide?**  A $15.5 million Settlement fund will pay (1) claims of eligible Settlement Class Members; (2) attorneys' fees and expenses; and (3) Service Payments to Settlement Class Representatives..  CenturyLink has agreed to pay $3 million on top of the Settlement Fund to cover costs of Settlement administration and notice.  If administration and notice costs are over $3 million, up to an additional $1 million will be paid for equally by CenturyLink and the Settlement Fund.

**What can I get from the Settlement?** If you are a Settlement Class Member and claim you were overcharged and not reimbursed by CenturyLink, you are eligible to make a claim for $30, subject to pro rata adjustment depending on the number of claims filed.  You will have to complete a claim form with information about your account services and how you were overcharged.  If you want to claim more than $30, you must provide additional information and documentation to support the Claim.

**How to get a payment?**  You must submit a valid Claim Form, available at www.CenturyLinkMDLClassSettlement.com, by **[Month] [Day], [Year]**.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by **[Month] [Day], [Year]**, or you won't be able to sue CenturyLink about the legal claims in this case.  If you stay in the Settlement, you may object to it by **[Month] [Day], [Year]**.  The Court will hold a hearing on **[Month] [Day], [Year]** at **[time]** to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for attorneys' fees of up to one-third of the maximum value of the Settlement, plus reimbursement for costs and expenses, and for a $2,500 service award for each class representative for their services.  You may ask to appear at the hearing, but you don't have to.  The Court has entered an injunction prohibiting you, until the time of the Final Approval Hearing, from pursuing your claims in any other lawsuits or arbitrations.

**More information?**  For a detailed notice visit www.CenturyLinkMDLClassSettlement.com, email XXXX@CenturyLinkMDLClassSettlement.com or call 1-888-xxx-xxxx.

**EXHIBIT 5**
Postcard Notice

## Front of Postcard:

**Former CenturyLink Residential and Small Business Customers**

**May Be Eligible for a Payment from a Settlement**

## Back of Postcard:

**Why did I get this notice?**  A Settlement has been proposed in a class action involving the billing practices of CenturyLink.  According to available records, you had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What is this case about?** The case was filed against CenturyLink by several customers alleging CenturyLink engaged in unfair and deceptive billing practices.  CenturyLink denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial.  The court has not decided which side is right.  But both sides have agreed to settle the case and provide certain benefits to CenturyLink customers in order to avoid the costs of continued litigation.

**Am I a Class Member?**  You are a "Settlement Class Member" if you were a residential or small business customer in the United States who, during the Class Period (January 1, 2014 to [Month] [Day], [Year]), had an account for local or long distance telephone, internet, or television services with a CenturyLink Operating Company.

**What relief does the Settlement provide?**  A $15.5 million Settlement fund will pay (1) claims of eligible Settlement Class Members; (2) attorneys' fees and expenses; and (3) Service Payments to Settlement Class Representatives.  CenturyLink has agreed to pay $3 million on top of the Settlement Fund to cover costs of Settlement administration and notice.  If administration and notice costs are over $3 million, up to an additional $1 million will be paid for equally by CenturyLink and the Settlement Fund.

**What can I get from the Settlement?** If you are or were a Settlement Class Member and claim you were overcharged and not reimbursed by CenturyLink, you are eligible to make a claim for $30, subject to pro rata adjustment depending on the number of claims filed.  You will have to complete a claim form with information about your account services and how you were overcharged.  If you want to claim more than $30, you must provide additional information and documentation to support the Claim.

**How to get a payment?** You must submit a valid Claim Form, available at www.CenturyLinkMDLClassSettlement.com, by **[Month] [Day], [Year]**.  Your Class Member Identification Number is on the front of this postcard.

**What are my other options?**  If you don't want to be legally bound by the Settlement, you must exclude yourself by **[Month] [Day], [Year]**, or you won't be able to sue CenturyLink about the legal claims in this case.  If you stay in the Settlement, you may object to it by **[Month] [Day], [Year]**.  The Court will hold a hearing on **[Month] [Day], [Year]** at **[time]** to consider whether to approve the Settlement and a request by the lawyers representing all Class Members for

attorneys' fees of up to one-third of the maximum value of the Settlement, plus reimbursement for costs and expenses, and for a $2,500 service award for each class representatives for their services. You may ask to appear at the hearing, but you don't have to. The Court has entered an injunction prohibiting you, until the time of the Final Approval Hearing, from pursuing your claims in any other lawsuits or arbitrations.

**More information?** For a detailed notice visit www.CenturyLinkMDLClassSettlement.com, email XXXX@CenturyLinkMDLClassSettlement.com or call 1-888-xxx-xxxx.

.

**EXHIBIT 6**
**PUBLICATION NOTICE**

**Current and Former CenturyLink Residential and Small Business Customers May Be Eligible for a Payment from a Settlement**

www.CenturyLinkMDLClassSettlement.com

**EXHIBIT 7**
CLAIM FORM

In re: CenturyLink Sales Practices Settlement
C/O RUST CONSULTING, INC.
[Address]
[City, ST, ZIP]

## IMPORTANT LEGAL MATERIALS

*CLMNT IDNO*    UAA <<SequenceNo>>

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

**FOR OFFICIAL USE ONLY**

01

Page 1 of 5

☐  If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____ Zip Code: ____ ____ ____ - ____ ____

# CLAIM FORM

### Section I - Instructions

**This Form must be received by the Settlement Administrator no later than [Month] [Day], [Year].**

This Claim Form may be submitted in one of three ways:

1. Electronically through www.[xxx]com.
2. Upload at www.[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and upload the form.
3. Mail to: *In re: CenturyLink Sales Practices Settlement*, c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a claim under the proposed settlement, this form must be completed, signed and sent, as outlined above, **no later than [Month] [Day] [Year].** If this Claim Form is not postmarked or received by this date, you will remain a member of the Settlement Class, but will not receive any payment from the Settlement.

A separate Claim Form must be submitted for each distinct Account Number that you had with Century Link. Only one claim form per distinct Account Number may be submitted. Multiple claims submitted for the same Account Number will be invalid and only the first received Claim Form accepted.

This Claim Form should only be submitted by those persons who can confirm under penalty of perjury that they were overcharged and neither they nor anyone on their behalf previously accepted reimbursement or compensation from CenturyLink for overcharges on the Account Number.

### Section II - Settlement Class Member Information

Claimant Name (Required): _____

### Either Claimant Identification Number or Account Number (Required)

**Claimant Identification Number:** _____
* Your Claimant Identification Number was on the notice of the Settlement you received with your bill, by email, or by postal mail. If you do not have your Claimant Identification Number, you can provide your account number instead.

**Account Number:** _____
* Your account number was on your relevant billing statements. If you do not have your account number, you can provide your Claimant Identification Number instead.

**Current Contact Information**

Street Address (Required): _____

City (Required): _____ State (Required): _____ Zip Code (Required): ____ ____ ____ ____ ____

Email: _____

Preferred Phone Number (Required): ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

*0000*        *CF*

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your claim.  By providing contact information, you agree that the Settlement Administrator may contact you about your claim.*

### Section III – Confirmation of Class Membership

(Required) Please confirm each statement as being true by adding your initials where noted.  For data entry boxes, please enter the relevant information.

I had or have a residential or small business account with CenturyLink.   Initials: _____ .

The type of service I had/have from CenturyLink for this Account was/is:

_____

_____

_____

_____

The state in which I had service for this Account was/is: _____  _____

The start month and year of my service from CenturyLink was: _____

The end month and year of my service from CenturyLink was (indicate "present" if your service is ongoing): _____

I confirm under penalty of perjury of the laws of the United States of America that the content I provided is truthful.

Initials: _____

### Section IV – Election of Flat Payment or Supported Document Claim

The Settlement provides for two types of Claims: Flat Payment or Supported Document.

***Flat Payment Claim.***  A Flat Payment Claim seeks payment of $30 under the Settlement, subject to the Pro Rata Multiplier described in the Settlement.  No supporting documentation beyond this claim form is needed to make a Flat Payment Claim.

***Supported Document Claim.*** A Supported Document Claim requires submission of supporting information and documentation to support the Claim.  Supported Document Claims are also subject to the Pro Rata Multiplier described in the Settlement, as well as the 40% Litigation Risk Factor.  The precise value of a Supported Document Claim is limited to the amount claimed and supported by the required narrative statement and submission of documents supporting the claim.  Consequential damages, special damages, and lost profits damages are not recoverable, and you may only obtain compensation for up to six months of any monthly overcharges. If a Supported Document Claim is not properly supported by additional information and documentation prior to the deadline for submission of claims, the claim submitted will automatically convert to a Flat Payment Claim.

I elect:

☐   Flat Payment Claim.

☐   Supported Document Claim.

**If you wish to Make a Flat Payment Claim, you Must also complete the Following sections.**

If you claim you were overcharged for local phone, long distance phone, high speed internet, or television since January 1, 2014, put your initials in the appropriate box that describes the nature of the overcharge you assert (you must initial at least one box; initial all that apply)

1. _____ I was promised one rate during the sales process but was then charged and paid for a higher rate during actual billing;

2. _____ I was billed for and paid for services or equipment not ordered without authorization, without disclosure, and without other valid reason making the billing proper;

3. _____ I was billed for and paid for nonexistent or duplicate accounts without authorization, without disclosure, and without other valid reason making the billing proper;

Page 2 of 5

4. _____ I was billed for and paid for services ordered but never delivered, or not delivered as promised, and without other valid reason making the billing proper;

5. _____ I was billed for and paid for services that were appropriately canceled without authorization, without disclosure, and without other valid reason making the billing proper;

6. _____ I was billed for and paid for equipment that was properly returned and for which I was owed a credit;

7. _____ I was billed for and paid for early termination fees without authorization, without disclosure, and without other valid reason making the billing proper;

8. _____ I incurred costs resulting from my account being improperly sent to collections without valid reason.

I confirm under penalty of perjury of the laws of the United States of America that the assertions in the boxes I initialed and any statements I provided are truthful for me.

Initials: _____

I confirm under penalty of perjury of the laws of the United States of America that neither I nor anyone on my behalf previously accepted reimbursement or other compensation from CenturyLink for these overcharges.

Initials: _____

**If you wish to Make a Supported Document Claim, you Must also complete the Following sections.**

Please provide the following information for overcharges you assert you paid since January 1, 2014.

1. If claiming monthly / periodic overcharges:

Amount of claimed overpayment to CenturyLink per month: _____

Number of months / billing cycles of claimed overpayment to CenturyLink: _____

2. If claiming a one time or aggregate overcharge:

Amount of total claimed overpayment to CenturyLink: _____

Narrative explaining the basis for your Supported Document Claim (*Required*):

Describe the manner in which you assert you were overcharged by CenturyLink for all claimed amounts since January 1, 2014, including the services involved in the alleged overcharge (phone, internet or television) and the approximate timeframe of the overcharge (starting year and ending year). Include a detailed explanation of how you calculated the alleged overcharge, including specific references to data or documents submitted in support of your claim. Use additional pages if necessary.

_____

_____

_____

_____

_____

_____

_____

I confirm under penalty of perjury of the laws of the United States of America that the content I provided is truthful.

Initials: _____

I confirm under penalty of perjury of the laws of the United States of America that neither I nor anyone on my behalf previously accepted reimbursement or other compensation from CenturyLink for these overcharges.

Initials: _____

Page 3 of 5



For a Supported Document Claim to be valid, you must provide to the Settlement Administrator documents that support the amount claimed and your narrative explanation above. The Settlement Administrator may request additional documentation to determine the validity of your claim. If you fail to produce documents supporting your Supported Document Claim and narrative explanation above, it may be rejected by the Settlement Administrator as incomplete and you will instead receive the amount of a Flat Payment Claim by default. The following are examples of documents that may be submitted for consideration of a Supported Document Claim:

- Chat transcripts, correspondence, or other communications with CenturyLink;
- Contemporaneous notes taken during telephone conversations with CenturyLink; and
- Copies of billing statements or payment receipts showing amount billed or paid to CenturyLink.

You may submit a Supported Document Claim and supporting narrative statement and documents to the Settlement Administrator in one of three ways.

1. Electronically uploaded through www.[xxx]com.
2. Upload at www.[xxx].com. Please fill out the enclosed pages, scan the document in its entirety, and upload the form.
3. Mail to: *In re: CenturyLink Sales Practices Settlement*, c/o ___, [Address], [City] [State], [Zip Code]. Please include your Claimant Identification Number, CenturyLink Account Number, or copy of your Claim Form with the documents.

**Section IV - Manner of Transmission of Funds**

Payment will be made electronically, unless you request a paper check. You acknowledge that if you do not choose to receive your funds electronically, you may not receive payment as quickly and that the Settlement Administrator will not be responsible for Settlement Checks that do not arrive by U.S. mail and may not reissue checks that are claimed as lost or stolen.

For ▮▮▮▮▮▮

Please provide the email address associated with your ▮▮▮▮▮▮ account (if applicable):

_____

If you do not elect electronic payment, check below:

☐   I wish to receive payment by check sent via U.S. mail.

If you select check, the check will be provided to the "current" contact information you provided in Section 1.

**Section IV – Additional Required Affirmations**

All submitted Claims may be reviewed for accuracy and truthfulness, including through reference to information possessed by CenturyLink. By completing this Claim Form, you are attesting, under penalty of perjury of the Laws of the United States of America, that the following statements are true. Please indicate your agreement that the statements are true by initialing them.

I am or was (or my small business is or was) a CenturyLink customer and I believe (1) I was promised one rate during the sales process but then charged a higher rate during actual billing; (2) I was billed unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered, or not delivered as promised, for services that were appropriately canceled, for equipment that was properly returned, and for early termination fees; and/or (3) I incurred costs resulting from my account being improperly sent to collections without valid reason.

Initials: _____

(2) I have received notice of the class action Settlement in this case and I am a member of the class of persons described in the notice. I agree to release all the claims, known and unknown, stated in Section 2.3 of the **Settlement Agreement**. I submit to the jurisdiction of the United States District Court, District of Minnesota with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement. I am aware that I can obtain a copy of the full notice, Settlement Agreement and additional Claim Forms at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address] [City], [State] [Zip Code]. I agree to furnish additional information to support this claim if required to do so.

Initials: _____

Page 4 of 5

IF SUBMITTED BY U.S. MAIL:

☐ **I agree that, by submitting this Claim Form, I declare under the penalty of perjury of the laws of the United States of America that the information in this Claim Form is true and correct to the best of my knowledge. I understand that my Claim Form may be subject to audit, verification, and Court review.**

Dated: ____ ____ / ____ ____ / ____ ____ ____    Signature: _____

**SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*):** *In re: CenturyLink Sales Practices Settlement*, c/o _____, [Address], [City] [State], [Zip Code]

**EXHIBIT 8**
**[PROPOSED] FINAL APPROVAL ORDER**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION** <br><br> This Document Relates to: <br> 17-2832, 17-4613, 17-4614, 17-4615, <br> 17-4616, 17-4617, 17-4618, 17-4619, <br> 17-4622, 17-4943, 17-4944, 17-4945, <br> 17-4947, 17-5001, 17-5046, 18-1573, <br> 18-1572, 18-1565, 18-1562 | **MDL No. 17-2795 (MJD/KMM)** <br><br> **[PROPOSED] FINAL APPROVAL ORDER** |

On _____ (month) ____ (day), this Court heard the motion for final approval of the class action settlement and for entry of judgement filed by Settlement Class Representatives.[1]  This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments.  Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1.      Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves it. Among other matters considered, the Court took into account: (a) the procedural and substantive complexity of Plaintiffs' claims; (b) the arguments raised by CenturyLink,

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Inc. in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the objections to the Settlement Agreement; and (h) the requests for exclusion.

2.     The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and CenturyLink's Counsel resulting in the Settlement Agreement.  These negotiations were presided over by an experienced mediator.

3.     The Settlement Agreement provides substantial value to the Settlement Class in the form of monetary and non-monetary relief.

4.     Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.      Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

6.      For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meet all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

7.      An award of $_____ (total) in attorneys' fees, expenses and costs to Plaintiffs' Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's and Plaintiffs' Counsel's experience and efforts in prosecuting this Consumer MDL Action and the Consumer Actions, and the benefits obtained for the Settlement Class.

8.      An individual settlement award to Settlement Class Representatives of $_____ (each) is fair and reasonable in light of: (a) Settlement Class Representatives' risks (including financial, professional, and emotional) in commencing this action as Settlement Class Representatives; (b) the time and effort spent by Settlement Class Representatives in litigating this action as the Settlement Class Representatives, including participating in substantial discovery efforts; and (c) Settlement Class Representatives' public interest service.

**IT IS ORDERED THAT:**

**9.     Class Members.**   The Class Members are defined as:   All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period, had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies.   Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class.   The Class Period is January 1, 2014 to [Month] [Day], [Year].

**10.     Binding Effect of Order**.   This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Settlement Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval Order.   This order does not bind persons who filed timely and valid requests for exclusion.   Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**11.     Release**.   Settlement Class Representatives and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged CenturyLink from all claims arising out of or asserted in the Consumer MDL Action and the Consumer Actions and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.   The full terms of the release

described in this paragraph are set forth in Section 2.3 of the Settlement Agreement and are specifically incorporated herein by this reference.

12.    **Class Relief**.  CenturyLink is directed to provide the Settlement Funds to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement.  The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

13.    **Attorneys' Fees, Costs, and Expenses.**  Plaintiffs' Counsel (of TBD) are awarded $_____ (total) in fees and costs.  Payment shall be made pursuant to the manner and timeline stated in the Settlement Agreement.

14.    **Individual Settlement Award**.  Settlement Class Representatives are awarded $_____ (each) as an individual settlement award.  Payment shall be made pursuant to the manner and timeline stated in the Settlement Agreement.

15.    **Miscellaneous.**  No person or entity shall have any claim against CenturyLink, CenturyLink's counsel, Settlement Class Representatives, the Settlement Class Members, Settlement Class Counsel, Plaintiffs' Counsel or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

16.    **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.


**IT IS SO ORDERED.**

Dated: _____

                                         _____
                                         Michael J. Davis
                                         United States District Court Judge

**EXHIBIT 9**
**[PROPOSED] FINAL JUDGMENT**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br>17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, 18-1562 | **MDL No. 17-2795 (MJD/KMM)**<br><br>**[PROPOSED] FINAL JUDGMENT** |

IT IS HEREBY ADJUDGED AND DECREED THAT:

This Final Judgment incorporates by reference the defined terms in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein. The terms of the Settlement Agreement are fully incorporated in this Final Judgment as if set forth fully herein.

1.      The Court has jurisdiction over the subject matter of this Consumer MDL Action (also referred to as "Action") and all parties to the Consumer MDL Action, including all Settlement Class Members. The term Consumer MDL Action means: the Consumer Actions as they have been consolidated in the Multi-District Litigation bearing the case name and number *In re: CenturyLink Sales Practices & Securities Litigation*, Case No. MDL 17-2795 (MJD/KMM), pending in the United States District Court for the District of Minnesota. The term "Consumer Actions" means: the actions brought by and on behalf of residential and small business customers against CenturyLink relating to deceptive, unfair or improper billing practices that were consolidated for pretrial purposes

in the matter entitled *In re: CenturyLink Sales Practices & Securities Litigation*, Case No. MDL 17-2795 (MJD/KMM), and that include Case Numbers: 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, and 18-1562.

2.     The Settlement of this Action on the terms set forth in the Settlement Agreement, along with the Exhibits thereto, proposed by the Parties has been approved by this Court.

3.     The Court granted final certification, for purposes of settlement only, of a Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as: "All persons or entities in the United States who are identified by CenturyLink as a residential or small business customer and who, during the Class Period (January 1, 2014 to [Month] [Day], [Year]), had an account for local or long distance telephone, internet, or television services with one or more of the Operating Companies.  Excluded from the class are the Court, the officers and directors of CenturyLink, Inc. or any of the Operating Companies, and persons who timely and validly request exclusion from the Settlement Class."  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Persons who satisfy the class definition above are Settlement Class Members.

4.     The list of Persons excluded from the Settlement Class because they timely filed valid requests for exclusion is attached as Exhibit 1.  Persons who filed timely, completed requests for exclusion are not bound by this Final Judgment, the Final Approval Order, or any of the terms of the Settlement Agreement, and may pursue their own individual remedies against CenturyLink, Inc. and the Operating Companies (*see*

Exhibit 2).  However, such persons or entities are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement Agreement.

5.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not timely and validly filed requests for exclusion are thus Settlement Class Members who are bound by this Final Judgment, the Final Approval Order, and the terms of the Settlement Agreement.

6.      Settlement Class Representatives (*see* Exhibit 3 to this Final Judgment) and all Settlement Class Members who did not properly request exclusion are hereby: (1) deemed to have released and discharged all claims arising out of or asserted in this Consumer MDL Action and the Consumer Actions and claims released under the Settlement Agreement, including all claims that could have been asserted in this Action; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Section 2.3 of the Settlement Agreement, which provides: As of the Effective Date, each Releasing Party will be deemed to have completely released as of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims.  In addition to the definitions provided earlier in this Final Judgment, the defined terms in the release are:

(a)      The term "Effective Date" is defined as: The first date after which the following events and conditions have occurred: (a) the Court has entered this Final Judgment; and (b) this Final Judgment has become final in that the time for appeal or writ

has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If this Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not be a Final Judgment.

(b)     The term "Releasing Party" is defined as: The Settlement Class Representatives, all Settlement Class Members, and their respective heirs, executors, administrators, representatives, agents, lawyers, partners, successors, and assigns.

(c)     The term "Released Party" is defined as: CenturyLink, Inc., the Operating Companies, and each of their present, former, and future parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees.

(d)     The term "Operating Company" is defined as all entities listed in Exhibit 2 to this Final Judgment.

(e)     The term "Released Claims" means: Liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees (except as otherwise provided herein), losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or Unknown Claims, which Settlement Class Members have or may claim now or in the future to have, based on facts that occurred during the

Class Period that were alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions or that could have been alleged or asserted against any of the Released Parties in the Consumer MDL Action and/or Consumer Actions, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in any pleading or other paper filed in the Consumer MDL Action or in any pleading or other paper filed with any court in the underlying Consumer Actions, including (by way of example only and not by way of limitation): (1) promising customers one rate during the sales process but then charging a higher rate during actual billing; (2) billing unauthorized, undisclosed or otherwise improper charges, including billing for services or equipment not ordered, for nonexistent or duplicate accounts, for services ordered but never delivered or not delivered as promised, for services that were appropriately canceled, for equipment that was properly returned, and for early termination fees; and (3) caused customers to incur costs resulting from their accounts being improperly sent to collections without valid reason.

(f)     The term "Unknown Claims" means: Claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Consumer MDL Action and Consumer Actions.

7.     The Settlement Agreement, this Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a

presumption, concession or an admission by any plaintiff, defendant, Settlement Class Member, or Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, defense, wrongdoing, any claim of injury or damages, or otherwise of such Party.

8.     The Settlement Agreement, this Final Judgment and the accompanying Final Approval Order, or the fact of the Settlement shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any plaintiff, defendant, Settlement Class Member, or Released Party or in any other civil, criminal or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Final Judgment and the accompanying Final Approval Order.

9.     The Court hereby dismisses with prejudice the Consumer MDL Action, all actions consolidated into the Consumer MDL Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others, except as set forth in the Settlement Agreement and any Orders related thereto.

10.    Without affecting the finality of this Final Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Final Judgment and the Agreement, and all matters ancillary thereto.

**11.**     The Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment forthwith.


**IT IS SO ORDERED.**

Dated: _____          _____
                                        Michael J. Davis
                                        United States District Court Judge

**EXHIBIT 10**

CENTURYLINK OPERATING COMPANIES LIST

| CenturyLink Operating Companies List |
|---|
| Carolina Telephone & Telegraph Company LLC d/b/a CenturyLink |
| Central Telephone Company d/b/a CenturyLink |
| Central Telephone Company of Texas, Inc. d/b/a CenturyLink Distance (merged into CenturyLink Communications LLC, 2014) |
| Central Telephone Company of Virginia d/b/a CenturyLink |
| CenturyLink Communications LLC (created in 2014, resulting from the merger of other entities) |
| CenturyLink of Louisiana, LLC (created in 2017, resulting from the merger of nine entities) |
| CenturyTel Acquisition LLC (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Acquisition, LLC d/b/a CenturyLink Acquisition (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Broadband Services, LLC |
| CenturyTel Broadband Services, LLC d/b/a CenturyLink Broadband |
| CenturyTel Broadband Services, LLC d/b/a CenturyLink Broadband Services |
| CenturyTel Fiber Company II, LLC (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Fiber Company II, LLC d/b/a CenturyLink Wholesale (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Fiber Company II, LLC d/b/a Lightcore, a CenturyLink company (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Long Distance, LLC (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Long Distance, LLC d/b/a CenturyLink Long Distance (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Midwest – Michigan, Inc. d/b/a CenturyLink |
| CenturyTel of Adamsville, Inc. d/b/a CenturyLink |
| CenturyTel of Adamsville, Inc. d/b/a CenturyLink Adamsville |
| CenturyTel of Alabama, LLC d/b/a CenturyLink |
| CenturyTel of Arkansas, Inc. d/b/a CenturyLink |
| CenturyTel of Central Arkansas, LLC d/b/a CenturyLink |
| CenturyTel of Central Indiana, Inc. d/b/a CenturyLink |
| CenturyTel of Central Louisiana, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of Central Wisconsin, LLC |
| CenturyTel of Chatham, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in |

| CenturyLink Operating Companies List |
|---|
| 2017) |
| CenturyTel of Chester, Inc. d/b/a CenturyLink |
| CenturyTel of Claiborne, Inc. d/b/a CenturyLink Claiborne |
| CenturyTel of Colorado, Inc. d/b/a CenturyLink |
| CenturyTel of Cowiche, Inc. d/b/a CenturyLink |
| CenturyTel of Eagle, Inc. d/b/a CenturyLink |
| CenturyTel of East Louisiana, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of Eastern Oregon, Inc. d/b/a CenturyLink |
| CenturyTel of Evangeline, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of Fairwater-Brandon-Alto, LLC |
| CenturyTel of Forestville, LLC |
| CenturyTel of Idaho, Inc. d/b/a CenturyLink |
| CenturyTel of Inter Island, Inc. d/b/a CenturyLink |
| CenturyTel of Lake Dallas, Inc. d/b/a CenturyLink |
| CenturyTel of Larsen-Readfield, LLC |
| CenturyTel of Michigan, Inc. d/b/a CenturyLink |
| CenturyTel of Minnesota, Inc. d/b/a CenturyLink |
| CenturyTel of Missouri, LLC d/b/a CenturyLink |
| CenturyTel of Monroe County, LLC |
| CenturyTel of Montana, Inc. d/b/a CenturyLink |
| CenturyTel of Mountain Home, Inc. d/b/a CenturyLink |
| CenturyTel of North Louisiana, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of North Mississippi, Inc. d/b/a CenturyLink |
| CenturyTel of Northern Michigan, Inc. d/b/a CenturyLink |
| CenturyTel of Northern Wisconsin, LLC |
| CenturyTel of Northwest Arkansas, LLC d/b/a CenturyLink |
| CenturyTel of Northwest Louisiana, Inc. d/b/a CenturyLink |
| CenturyTel of Northwest Louisiana, Inc. d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |

| CenturyLink Operating Companies List |
|---|
| CenturyTel of Northwest Wisconsin, LLC |
| CenturyTel of Northwest Wisconsin, LLC d/b/a CenturyLink |
| CenturyTel of Odon, Inc. d/b/a CenturyLink |
| CenturyTel of Ohio, Inc. d/b/a CenturyLink |
| CenturyTel of Ooltewah-Collegedale, Inc. d/b/a CenturyLink Ooltewah-Collegedale |
| CenturyTel of Oregon, Inc. d/b/a CenturyLink |
| CenturyTel of Port Aransas, Inc. d/b/a CenturyLink |
| CenturyTel of Postville, Inc. d/b/a CenturyLink |
| CenturyTel of Redfield, Inc. d/b/a CenturyLink |
| CenturyTel of Ringgold, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of San Marcos, Inc. d/b/a CenturyLink |
| CenturyTel of South Arkansas, Inc. d/b/a CenturyLink |
| CenturyTel of Southeast Louisiana, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of Southern Wisconsin, LLC |
| CenturyTel of Southwest Louisiana, LLC d/b/a CenturyLink (merged into CenturyLink of Louisiana, LLC in 2017) |
| CenturyTel of the Gem State, Inc. d/b/a CenturyLink |
| CenturyTel of the Midwest-Kendall, LLC |
| CenturyTel of the Midwest-Wisconsin, LLC |
| CenturyTel of the Southwest, Inc. |
| CenturyTel of Upper Michigan, Inc. d/b/a CenturyLink |
| CenturyTel of Washington, Inc. d/b/a CenturyLink |
| CenturyTel of Wisconsin, LLC |
| CenturyTel of Wyoming, Inc. d/b/a CenturyLink |
| CenturyTel Solutions, LLC (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Solutions, LLC d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| CenturyTel Solutions, LLC d/b/a CenturyLink Solutions |
| CenturyTel Solutions, LLC d/b/a CenturyLink Solutions (merged into CenturyLink Communications LLC, 2014) |

| CenturyLink Operating Companies List |
|---|
| CenturyTel TeleVideo, Inc. d/b/a CenturyLink |
| Coastal Long Distance Services, Inc. (merged into CenturyLink Communications LLC, 2014) |
| Coastal Utilities, Inc. d/b/a CenturyLink |
| El Paso County Telephone Company |
| Embarq Communications of Virginia, Inc. d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Embarq Communications, Inc. (merged into CenturyLink Communications LLC, 2014) |
| Embarq Communications, Inc. d/b/a CenturyLink Communications (merged into CenturyLink Communications LLC, 2014) |
| Embarq Florida, Inc. d/b/a CenturyLink |
| Embarq Minnesota, Inc. d/b/a CenturyLink |
| Embarq Missouri, Inc. d/b/a CenturyLink |
| Gallatin River Communications L.L.C. d/b/a CenturyLink |
| Gulf Long Distance Inc. (merged into CenturyLink Communications LLC, 2014) |
| Gulf Long Distance LLC d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Gulf Long Distance, Inc. d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Gulf Telephone Company, LLC d/b/a CenturyLink |
| Madison River Communications, LLC d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Madison River Communications, LLC d/b/a CenturyLink MRC (merged into CenturyLink Communications LLC, 2014) |
| Mebtel, Inc. d/b/a CenturyLink |
| Qwest Communications Company, LLC (merged into CenturyLink Communications LLC, 2014) |
| Qwest Communications Company, LLC (name changed to CenturyLink Communications LLC, 2014) |
| Qwest Communications Company, LLC d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Qwest Communications Company, LLC d/b/a CenturyLink QCC (merged into CenturyLink Communications LLC, 2014) |
| Qwest Communications Company, LLC d/b/a CenturyLink QCC (name changed to CenturyLink Communications LLC, 2014) |

| **CenturyLink Operating Companies List** |
|---|
| Qwest Communications Corporation of Virginia d/b/a CenturyLink (merged into CenturyLink Communications LLC, 2014) |
| Qwest Corporation |
| Qwest Corporation d/b/a CenturyLink QC |
| Qwest Corporation d/b/a CenturyLink QC (merged into CenturyLink Communications LLC, 2014) |
| Qwest LD Corp. (merged into CenturyLink Communications LLC, 2014) |
| Qwest LD Corp. d/b/a CenturyLink LD (merged into CenturyLink Communications LLC, 2014) |
| Spectra Communications Group, LLC d/b/a CenturyLink |
| Telephone USA of Wisconsin, LLC |
| The United Telephone Company of Pennsylvania LLC d/b/a CenturyLink |
| United Telephone Company of Eastern Kansas d/b/a CenturyLink |
| United Telephone Company of Indiana, Inc. d/b/a CenturyLink |
| United Telephone Company of Kansas d/b/a CenturyLink |
| United Telephone Company of New Jersey, Inc. d/b/a CenturyLink |
| United Telephone Company of Ohio d/b/a CenturyLink |
| United Telephone Company of Southcentral Kansas d/b/a CenturyLink |
| United Telephone Company of Texas, Inc. d/b/a CenturyLink |
| United Telephone Company of the Carolinas LLC d/b/a CenturyLink |
| United Telephone Company of the Northwest d/b/a CenturyLink |
| United Telephone Company of the West d/b/a CenturyLink |
| United Telephone Company of the West d/b/a CenturyLink of the West |
| United Telephone Southeast LLC d/b/a CenturyLink |