UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to: | |
| 0:17-cv-02832   0:17-cv-04622<br>0:17-cv-04613   0:17-cv-04944<br>0:17-cv-04615   0:17-cv-04945<br>0:17-cv-04616   0:17-cv-01562<br>0:17-cv-04617   0:17-cv-01565<br>0:17-cv-04618   0:17-cv-01572<br>0:17-cv-04619   0:17-cv-01573 | **MEMORANDUM OF LAW IN SUPPORT OF THE ATTORNEY GENERAL OF DELAWARE'S MOTION FOR LEAVE TO PARTICIPATE AS** *AMICUS CURIAE* |

_____

## BACKGROUND AND ARGUMENT

On July 12, 2017, after an investigation that began in 2015, the State of Minnesota, by and through its Attorney General, brought an enforcement action in state court against CenturyLink, Inc. ("CenturyLink"). Trial in that matter is scheduled to begin on March 2, 2020. This Court is currently overseeing parallel multidistrict litigation involving numerous private class action lawsuits against CenturyLink that were filed in the wake of Minnesota's enforcement action. The multidistrict litigation involves millions of CenturyLink customers across the United States.

On August 1, 2019, CenturyLink filed a motion asking this Court to enjoin aspects of Minnesota's pending state court enforcement action. As the Court recognized in the Memorandum of Law accompanying its August 20, 2019 Order, the requested injunction implicates the State of Minnesota's "sovereign and quasi-sovereign authority" to litigate its enforcement action and to "vindicate the interests of the citizens of the State of

Minnesota." ECF No. 453, at 8. The same is true with respect to other states as well—not only because some, like Minnesota, are pursuing longstanding investigations into CenturyLink's business practices that would be hindered by the requested injunction, but also because CenturyLink's motion raises arguments and issues that implicate the sovereign and quasi-sovereign interests shared by all state attorneys general.

The Attorney General of Delaware respectfully asks the Court to allow her and other state attorneys general ("the interested Attorneys General") to participate in this matter by filing a brief as *amici curiae* in opposition to CenturyLink's motion.[1] The decision whether to grant a nonlitigant leave to file an *amicus* brief "rests in the discretion of the court which may grant or refuse leave" depending on whether "it deems the proffered information timely, useful, or otherwise." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Engineers*, 38 F. Supp. 3d 1043, 1054–55 (D. Minn. 2014) (quoting *Mausolf v. Babbitt,* 158 F.R.D. 143, 148 (D.Minn.1994), *rev'd on other grounds,* 85 F.3d 1295 (8th Cir. 1996)). For example, the Court in *Richland/Wilkin* permitted *amicus* briefing where the "brief create[d] no prejudice for the other parties" and where the Court believed there was "potentially some benefit in receiving [the *amicus curiae*'s] perspective." *Id.* Where a nonlitigant "has a special interest that justifies his having a say," such interest weighs in favor of granting him leave to participate as *amicus curiae*. *Murphy by Murphy v. Piper*, 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (citation omitted).

---

[1] The interested Attorneys General wish to participate in this matter solely in the capacity of *amici curiae*. Such participation is not intended to affirmatively invoke this Court's jurisdiction or to waive any sovereign rights, privileges, or immunities the interested Attorneys General otherwise possess.

Applying these standards, the Court should exercise its discretion to grant the interested Attorneys General leave to participate in this matter by filing a brief as *amici curiae* in opposition to CenturyLink's motion.[2] The arguments and information contained in the forthcoming *amicus* brief, which will be filed on or before November 22, 2019, are likely to assist the Court in evaluating the issues raised by CenturyLink's motion to enjoin the State of Minnesota from pursuing certain claims in state court. *See Richland/Wilkin*, 38 F. Supp. 3d at 1054–55. No party is realistically prejudiced by the participation of the interested Attorneys General as *amici curiae*. *See id.* And the interested Attorneys General plainly have "a special interest that justifies [their] having a say," both because the multidistrict litigation before the Court involves millions of CenturyLink customers across the United States and because the extraordinary nature of the requested injunction disregards legal principles that are of paramount importance to the ability of the interested Attorneys General to fulfill the essential functions assigned to them under state law. *See Piper*, 2018 WL 2088302, at *11.

## **CONCLUSION**

Pursuant to the above, the Attorney General of Delaware respectfully requests that the Court grant the accompanying Motion for Leave to Participate as *Amicus Curiae*.

---

[2] The Attorney General of Delaware requests leave only to file a brief as *amicus curiae* and does not intend to participate in oral argument at the December 11, 2019 hearing on CenturyLink's motion (unless the Court directs otherwise). The undersigned Deputy Attorney General is available at the convenience of the Court to address any questions or concerns relating to the forthcoming *amicus* brief.

3

Dated: November 15, 2019                    Respectfully submitted,

                                                             KATHLEEN JENNINGS
Attorney General
State of Delaware

/s/ David Weinstein
DAVID WEINSTEIN
Deputy Attorney General
Delaware Bar Id. No. 6099

Delaware Department of Justice
820 North French Street
Wilmington, DE 19801

Telephone: (302) 577-8971
Email: David.Weinstein@delaware,gov