UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

**In re: CenturyLink Sales Practices
and Securities Litigation**

This document relates to:

17-2832, 17-4613, 17-4614,
17-4615, 17-4616, 17-4617,
17-4618, 17-4619, 17-4622,
17-4943, 17-4944, 17-4945,
17-4947, 17-5046, 18-1562,
18-1572, 18-1565, 18-1573

Case No. 0:17-cv-02795-MJD-KMM

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR STAY PENDING APPEAL**

# **TABLE OF CONTENTS**

Introduction ........................................................................................................... 1

  I.  Movants Are Likely to Succeed on the Merits of Their Appeal ............................ 2

    A.  The Order of January 24, 2020, Violates the Federal Arbitration Act .............. 3

    B.  The Order of January 24, 2020, Violates the Due Process Clause by Purporting to Enjoin a Nonparty to the Case ...................................................... 6

  II.  Movants Will Suffer Irreparable Harm Absent a Stay ......................................... 10

  III. Neither The Plaintiffs Nor The Defendants Will Be Substantially Injured By A Stay Of The Ex Parte Injunction .................................................................. 10

  IV. A Stay of the Ex Parte Injunction Is in the Public Interest ................................... 11

Conclusion ........................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(s)**

*Allen v. Hall*,
No. 3:05-cv-00282, 2006 WL 3147446 (E.D. Ark. Nov. 1, 2006) ............................... 4

*American Express Co. v. Italian Colors Restaurant*,
570 U.S. 228 (2013) .................................................................................................. 3

*Berman v. Parker*,
348 U.S. 26 (1954) .................................................................................................. 12

*Brady v. National Football League*,
640 F.3d 785 (8th Cir. 2011) ..................................................................................... 2

*D.M. by Bao Xiong v. Minnesota State High School League*,
917 F.3d 994 (8th Cir. 2019) ................................................................................... 10

*Epic Systems Corp. v. Lewis*,
138 S. Ct. 1612 (2018) ............................................................................................... 3

*Hansberry v. Lee*,
311 U.S. 32 (1940) ................................................................................... 2, 6, 7, 10

*Hilton v. Braunskill*,
481 U.S. 770 (1987) .................................................................................................. 1

*Martin v. Wilks*,
490 U.S. 755 (1989) .................................................................................................. 7

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ...................................................................................................... 3

*Newhouse v. McCormick & Co.*,
130 F.3d 302 (8th Cir. 1997) ..................................................................................... 4

*In re Piper Funds, Inc., Institutional Government Income Portfolio
Litigation*,
71 F.3d 298 (8th Cir. 1995) ................................................................................*passim*

*Planned Parenthood v. Rounds*,
530 F.3d 724 (8th Cir. 2008) (en banc) .................................................................... 11

i

**CASES (cont.)**                                                          **PAGE(s)**

*Preston v. Ferrer,*
    552 U.S. 346 (2008) ................................................................. 10

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,*
    388 U.S. 395 (1967) ................................................................. 3, 5

*Richards v. Jefferson County,*
    517 U.S. 793 (1996) ................................................................. 6

*Shrink Missouri Government PAC v. Adams,*
    151 F.3d 763 (8th Cir. 1998) .................................................... 2

*Smith v. Bayer Corp.,*
    564 U.S. 299, 131 S. Ct. 2368, 180 L. Ed. 2d 341 (2011) ............................. 9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
    559 U.S. 662 (2010) ................................................................. 9

*Zenith Radio Corp. v. Hazeltine Research, Inc.,*
    395 U.S. 100 (1969) ................................................................. 7

**STATUTES**

9 U.S.C. § 1 ............................................................................ 2

9 U.S.C § 2 ............................................................................ 2, 3

28 U.S.C. § 2072(b) .................................................................... 4

**OTHER AUTHORITIES**

FED. R. APP. P. 8(a)(1) ................................................................ 1

FED. R. CIV. P. 23 ...............................................................*passim*

FED. R. CIV. P. 65(d) ................................................................. 7

ii

## INTRODUCTION

On January 24, 2020, this Court entered an order granting "provisional" certification of a settlement class and preliminary approval of a class-action settlement (the "Order"). The Order includes a nationwide injunction against any parties pursuing claims in arbitration that would be encompassed within the settlement. That Order—which was entered on *an ex parte* basis—directly conflicts with controlling circuit authority that the parties failed to cite to this Court. *See In re Piper Funds, Inc., Institutional Gov't Income Portfolio Litigation*, 71 F.3d 298, 300–01 (8th Cir. 1995) (an anti-arbitration injunction issued as part of preliminary approval of a class settlement violates the Federal Arbitration Act).

Mr. Edwin Miller, Ms. Vonita Taylor, and Mr. Patrick West ("Movants") intend to pursue claims against CenturyLink in arbitration. *See* Decl. of Edwin Miller, Feb. 5, 2020; Decl. of Vonita Taylor, Feb. 5, 2020; Decl. of Patrick West, Feb. 5, 2020. They, therefore, fall within the scope of the Order's injunction. While Movants are not parties to this action, they have appealed the Order. *See id.* (a non-party may "appeal[] injunctive orders interfering with its contractual right to reject the class action remedy and arbitrate"). Movants respectfully seek an expedited stay of the Order pending appeal. *See* Fed. R. App. P. 8(a)(1).[1]

There are four factors to consider when deciding whether to stay an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

---

1. Movants have not moved to intervene in this case because, as explained below, they have a contractual right to pursue their claims in arbitration and to *not* be parties to this action.

other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). A court "must consider the relative strength of the four factors, balancing them all." *Brady v. National Football League*, 640 F.3d 785, 789 (8th Cir. 2011). "The most important factor is the appellant's likelihood of success on the merits." *Id.*; *see also Shrink Missouri Government PAC v. Adams,* 151 F.3d 763, 764 (8th Cir. 1998) (same).

Movants are entitled to a stay under this four-part test and respectfully request relief on an expedited basis.[2]

## I.    Movants Are Likely to Succeed on the Merits of Their Appeal

The Order purports to enjoin Movants—non-parties to this lawsuit—from arbitrating their claims against CenturyLink:

> Pending the Final Approval Hearing and issuance of the Final Approval Order and Final Judgment, Releasing Parties are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any class action or other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action.

Prelim. Approval Order (ECF No. 528) at ¶ 10. Under binding precedent, this *ex parte* injunction violates the Federal Arbitration Act (FAA) and the Due Process Clause. *See In re Piper Funds*, 71 F.3d at 302–303; *Hansberry v. Lee*, 311 U.S. 32,

---

2.  Movants were informed that the Court will set a hearing date shortly after receiving this motion. Because the Order plainly conflicts with the Eighth Circuit's decision in *In re Piper Funds* and was issued on an *ex parte* basis, Movants respectfully request that the Court stay its Order immediately without a hearing or, alternatively, that it set a hearing for no later than February 20, 2020.

40–41 (1940). Each of these violations, standing alone, shows that Movants are likely to succeed on appeal.

### A.      The Order Violates the Federal Arbitration Act

The Order violates the FAA by preventing Movants from enforcing their contractual right to arbitrate their disputes with CenturyLink. *See* 9 U.S.C. § 1 *et seq.*

The command of the FAA is clear and unequivocal: Agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C § 2. By enjoining Movants from arbitrating their claims against CenturyLink, the Court has rendered their arbitration agreement *unenforceable*—at least for a time—in violation of Section 2's unambiguous statutory text. *See Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("[T]he Arbitration Act requires courts 'rigorously' to 'enforce arbitration agreements according to their terms'" (citation omitted)); *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013) ("[C]ourts must 'rigorously enforce' arbitration agreements according to their terms" (quoting *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 221 (1985)). And federal courts must move parties into arbitration promptly, as the substantive right is predicated on speedy access to the arbitral forum. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967).

A court cannot use the class-certification provisions in Rule 23 to curtail Movants' right to arbitrate under the terms of their contracts. Movants' contractual and statutory rights to arbitrate their claims are substantive entitlements. *See Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("The effect of [Section 2 of the FAA] is to create a body of federal *substantive*

*law* of arbitrability, applicable to any arbitration agreement within the coverage of the Act." (emphasis added)). No provision in the Federal Rules of Civil Procedure may "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). To the extent any conflict might exist between Rule 23 and the Movants' right to arbitrate, the substantive right must prevail and the FAA must be enforced.

Any doubt about how these fundamental principles apply to this case was resolved by the Eighth Circuit in *In re Piper Funds*, 71 F.3d at 302–03 (8th Cir. 1995). The decision is squarely controlling here, and the parties had an obligation to cite it to this Court before asking it to enter the *ex parte* injunction. *See Newhouse v. McCormick & Co.*, 130 F.3d 302, 304–05 (8th Cir. 1997) ("It is one thing to argue zealously for a change in law; it is altogether quite another thing to represent that the law is something it is not. Newhouse's counsel's failure to inform us of the controlling law appears contrary to the obligations imposed by [applicable rules of professional conduct.]"); *Allen v. Hall*, No. 3:05-cv-00282, 2006 WL 3147446, at *2 (E.D. Ark. Nov. 1, 2006) ("The Court reminds counsel of their duty to 'disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.'" (quoting Model Rules of Prof. Conduct Rule 3.3(a)(3)).

The plaintiffs in *Piper* brought a securities-fraud class action, and the district court in that case entered an order similar to this Court's order of January 24, 2020. "[A]t the request of the class action parties," the district court in *Piper*

> entered an order conditionally certifying a settlement class, and enjoining arbitration by any class member until after the court distributes a class notice and then rules on requests to opt out of the class (the "March 3 Order").

*Id.* at 300. An absent member of this conditionally certified class wished to arbitrate its claims against Piper and appealed the district court's order. The Eighth Circuit held that the district court's order was immediately appealable because it purported to enjoin arbitrations, and that the absent party had standing to bring the appeal without intervening because it was purportedly subject to the injunction. *Id.* at 300-301. The Eight Circuit then reversed, holding that the district court violated the FAA by enjoining the arbitrations. The Eighth Circuit (with Supreme Court Justice Byron White sitting by designation) specifically rejected the notion that a district court may enjoin arbitration while a class-action settlement is being administered:

> The district court gave one reason for issuing its injunction—because an arbitrator's "ruling on an issue such as whether or not Piper made fraudulent representations could jeopardize" the "carefully negotiated" class action settlement. For a number of reasons, we conclude that this is an insufficient basis upon which to limit Park Nicollet's rights under the FAA.

> First, *McMahon* confirmed that Park Nicollet has a contractual right to immediate submission of its securities law claims to arbitration. . . . The district court's injunction significantly frustrated Park Nicollet's contractual rights, as protected by the FAA. "Belated enforcement of the arbitration clause, though a less substantial interference than a refusal to enforce it at all, nonetheless significantly disappoints the expectations of the parties and frustrates the clear purpose of their agreement." *Dean Witter,* 470 U.S. at 225 (1985) (White, J., concurring). *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404 (1967) ("arbitration procedure, when selected by the parties to a contract, [must] be speedy and not subject to delay and obstruction in the courts").

> Second, prior cases make clear that Park Nicollet's contractual and statutory right to arbitrate may not be sacrificed on the altar of efficient class action management. As the Supreme Court said in *Dean Witter,* 470 U.S. at 220, "[the FAA] was motivated, first and fore-

most, by a congressional desire to enforce agreements into which parties had entered, and we must not . . . allow the fortuitous impact of the Act on efficient dispute resolution to overshadow the underlying motivation." *See also C. Itoh & Co. v. Jordan Int'l Co.,* 552 F.2d 1228, 1231 (7th Cir. 1977).

Third, we do not accept the class action parties' conclusory assertion that immediate arbitration by Park Nicollet (and perhaps others) will frustrate their class action settlement. For example, in *In re First Commodity Corp. Customer Accounts Litig.,* 119 F.R.D. 301, 305–06 (D. Mass. 1987), cited by the district court as the only reported decision acknowledging the power to stay arbitration by objecting class members pending approval of a settlement, the court declined to stay arbitration, and the defendants promptly waived that condition of the settlement. Moreover, even when the settling parties contemplate that class members with a substantial dollar volume of claims may opt out in favor of arbitration, their settlement agreement can conditionally take that into account; indeed, it may even assist the settlement process to have arbitration opt outs identified before the final hearing on settlement approval. Finally, the class action court should not be concerned if the settlement fund is ultimately reduced because many claimants elect to arbitrate; plaintiffs' class attorneys should not share in amounts paid to settle the claims of class members who choose arbitration.

For the foregoing reasons, we conclude that the district court violated the FAA and abused its discretion when it enjoined Park Nicollet from arbitrating its claim.

*Id.* at 302–03. The anti-arbitration injunction in this Court's order of January 24, 2020, cannot be reconciled with *Piper.* It is, to say the least, more likely than not that the injunction will be set aside on appeal.

### B. The Order Violates the Due Process Clause by Purporting to Enjoin a Nonparty to the Case

An order or judgment from a federal court cannot bind a nonparty to the litigation; this is among the most basic rules of constitutional due process. *See Hansberry*, 311 U.S. at 40–41 ("[O]ne is not bound by a judgment *in personam* in a liti-

gation in which he is not designated as a party or to which he has not been made a party by service of process."); *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (same). This rule comes from a "'deep-rooted historic tradition that everyone should have his own day in court.'" *Id.* (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4449, p. 417 (1981)); *see also Martin v. Wilks*, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.").

A federal court is likewise forbidden to enter an injunction against a non-party to the proceeding. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) ("It was error to enter the injunction against Hazeltine . . . in a proceeding to which Hazeltine was [not] a party."). The Order violates the Due Process Clause by purporting to enjoin Movants without providing notice and an opportunity to be heard.

Although there are rare situations in which a non-party to a case can be bound by a court's order or judgment, none of those exceptions are applicable. *See Richards*, 517 U.S. at 798 (describing exceptions). One such exception arises when a person "although not a party, has his interests adequately represented by someone with the same interests who is a party." *Id.*; *see also Hansberry*, 311 U.S. at 42–43 ("[M]embers of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the litigation in which members of the class are present as parties, or where the interest of the members of the class, some of whom are present as parties, is joint, or where for any other reason

the relationship between the parties present and those who are absent is such as legally to entitle the former to stand in judgment for the latter.") (citations omitted). This is what allows "absent" class members to be bound by a judgment or order even when they were not formally named as parties in a class-action lawsuit.

But none of that can salvage the injunction that this Court has entered against Movants. The first problem is that the Court has not afforded absent class members notice and an opportunity to opt out in accordance with the requirements of Rule 23(c), so Movants cannot be regarded as "class members" who are bound by this Court's injunction. Rule 23(c)(2)(B) specifically requires that absent class members be afforded notice and an opportunity to opt out *before* they can be bound by a judgment in Rule 23(b)(3) class-action lawsuits:

> For any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Movants have never received the notice or opportunity to opt out required by Rule 23(c)(2)(B), so they cannot yet be bound as part of a 23(b)(3) class.

The Court's Order would be impermissible even if the Court had fully certified a class but issued an injunction as to absent class members before providing notice and an opportunity to opt out. But the Order is particularly untenable here, as the parties did not even ask the Court to fully certify a Rule 23 class and instead asked it only to "provisionally" certify a class of CenturyLink customers. *See* Pls.' Mem. of Law in Support of Mot. for Prelim. Approval of Class Action Settlement (ECF No. 468) at 1, 4, 44; Proposed Preliminary Approval Order (ECF No. 474) at 5–6. There is nothing in Rule 23 that authorizes "provisional" class certification, and the plaintiffs cite no authority that allows or recognizes a practice of this sort.[3] Under the Federal Rules, a class may be certified under one of Rule 23(b)'s subparts, or it may not. There is no allowance for "provisional" certification. As the Supreme Court has explained, a "properly conducted class action, with binding effect on nonparties, can come about in federal courts in just one way—through the procedures set out in Rule 23." *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) (internal quotation marks omitted). The Court's "provisional" certification was improper.

---

3. The plaintiffs' brief also fails to explain how "provisional" class certification — whatever that means — differs from actual (or nonprovisional?) class certification. For example, are absent members of the "provisional" class (such as Movants) even supposed to be bound by court orders that are entered after "provisional" certification but before the actual certification has occurred?

## II.     Movants Will Suffer Irreparable Harm Absent a Stay

The primary benefit of an arbitration agreement is to provide a speedy and informal resolution to disputes that arise between parties to a contract. *See, e.g.*, *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 685 (2010) ("In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes."); *Preston v. Ferrer*, 552 U.S. 346, 357 (2008) ("A prime objective of an agreement to arbitrate is to achieve streamlined proceedings and expeditious results." (internal quotation marks omitted)). Those benefits will be irreparably lost if Movants are prevented from enforcing their contractual right to arbitrate—even if the delay is in place until the Order is later reversed on appeal. Movants cannot recover damages to compensate them for this judicially imposed delay.

Movants are also suffering a violation of their constitutional due-process rights by remaining subject to an injunction in a case to which they are not parties and have not been adequately represented by the plaintiffs or their attorneys. *See* Part I.B, *supra*; *Hansberry*, 311 U.S. at 42–43. Movants cannot recover damages for these ongoing violations of their constitutional rights, and in all events a denial of constitutional rights qualifies as irreparable harm *per se*. *See D.M. by Bao Xiong v. Minnesota State High School League*, 917 F.3d 994, 1004 (8th Cir. 2019).

## III.    Neither The Plaintiffs Nor The Defendants Will Be Substantially Injured By A Stay Of The Ex Parte Injunction

The plaintiffs and defendants are attempting to negotiate a class-action settlement on behalf of those who wish to litigate rather than arbitrate their claims.

None of those efforts will be undercut if Movants are allowed to immediately enforce their contractual right to arbitrate. The Eighth Circuit's ruling in *Piper* specifically rejects the notion that allowing immediate arbitration will frustrate class-wide settlement efforts. *See Piper*, 71 F.3d at 303 ("[W]e do not accept the class action parties' conclusory assertion that immediate arbitration by Park Nicollet (and perhaps others) will frustrate their class action settlement."). Indeed, *Piper* recognized that "it may even assist the settlement process to have arbitration opt outs identified before the final hearing on settlement approval." *Id.*

In all events, *Piper* holds that even if the allowance of immediate arbitration results in a smaller settlement, that is not a matter of judicial concern. A defendant who has promised to resolve disputes in individual arbitration does not state a cognizable harm by complaining that it might be forced to honor its contractual obligations. *Id.* (the "contractual and statutory right to arbitrate may not be sacrificed on the altar of efficient class action management"). And Plaintiffs and their counsel have no interest in preventing those who prefer to resolve their claims in individual arbitration from doing so. *Id.* ("[T]he class action court should not be concerned if the settlement fund is ultimately reduced because many claimants elect to arbitrate; plaintiffs' class attorneys should not share in amounts paid to settle the claims of class members who choose arbitration.").

## IV.    A Stay of the Ex Parte Injunction Is in the Public Interest

The public-interest prong depends largely (if not entirely) on Movants' likelihood of success on the merits, because the protection of constitutional due-process rights will always be in the public interest. *See Planned Parenthood v. Rounds*, 530 F.3d 724, 752 (8th Cir. 2008) (en banc) ("Whether the grant of a preliminary

injunction furthers the public interest in such a case is largely dependent on the likelihood of success on the merits because the protection of constitutional rights is always in the public interest."). If the *ex parte* injunction violates the Due Process Clause, then a stay is by definition in the public interest.

The same goes for the FAA, as the enforcement of an Act of Congress—like the enforcement of constitutional rights—is by its very nature consistent with the public interest. *See Berman v. Parker*, 348 U.S. 26, 32 (1954) ("Subject to specific constitutional limitations, when the legislature has spoken, the public interest has been declared in terms well-nigh conclusive."). Congress itself has declared the enforcement of arbitration agreements to be in the public interest, and its assessment of the public interest is conclusive and binding on the federal judiciary.

## CONCLUSION

The motion for stay pending appeal should be granted.

Respectfully submitted.

Dated: February 11, 2020

/s/ Jared D. Shepherd
Jared D. Shepherd
Hoff Barry, P.A.
100 Prairie Center Drive, Suite 200
Eden Prairie, Minnesota 55344
(952) 941-9220 (phone)
(952) 941-7968 (fax)
jshepherd@hoffbarry.com

/s/ Ashley C. Keller*
Ashley C. Keller
Keller Lenkner, LLC
150 N. Riverside Plaza, Suite 2570
Chicago, Illinois 60606
(312) 741-5220 (phone)
ack@kellerlenkner.com

*Pro Hac Vice admission to be sought

/s/ Warren D. Postman*
Warren D. Postman
Keller Lenkner, LLC
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334 (phone)
wdp@kellerlenkner.com

*Pro Hac Vice admission to be sought

*Counsel for Movants Edwin Miller,
Vonita Taylor, and Patrick West*

13