UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br>17-2832, 17-4613, 17-4614, 17-4615,<br>17-4616, 17-4617, 17-4618, 17-4619,<br>17-4622, 17-4943, 17-4944, 17-4945,<br>17-4947, 17-5001, 17-5046, 18-1573,<br>18-1572, 18-1565, 18-1562 | MDL No. 17-2795 (MJD/KMM)<br><br>**PLAINTIFFS' OPPOSITION TO MOVANTS' MOTION FOR STAY PENDING APPEAL** |

Edwin Miller, Vonita Taylor and Patrick West ("Movants") are members of the Settlement Class provisionally certified by the Court's Order preliminarily approving a Settlement. Prelim. Approval Order ("Order"), ECF No. 528 (Jan. 24, 2020). Having never lodged an objection with this Court despite their awareness of the MDL Plaintiffs' motion for preliminary approval, Movants nevertheless have appealed the Court's Order to the Eighth Circuit. Movants take issue with one provision, found at Paragraph 10 of the Settlement Agreement (ECF No. 469-1) ("Injunction Provision"):

> **10. Injunction against Releasing Parties' Pursuit of Released Claims**.
> Pending the Final Approval Hearing and issuance of the Final Approval Order and Final Judgment, Releasing Parties are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any class action or other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction based on or relating to the Released Claims. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this injunction.

Mem. L. In Supp. Mot. for Stay Pending Appeal ("Br."), ECF No. 538 (Feb. 10, 2020). Although the three Movants take issue with only this provision, they have appealed, and seek to stay, the entire Order, threatening to disrupt the relief available to the 17.2 million-member Settlement Class.

Movants complain that the Injunction Provision is *ipso facto* invalid under Eighth Circuit precedent because it prevents them from pursuing arbitration elsewhere. However, Movant's authority, *In re Piper Funds, Inc. Institutional Gov't Income Portfolio Litig.*, 71 F.3d 298, 304 (8th Cir. 1995), specifically held such an injunction was valid *except* to the extent a certain party with separate counsel unequivocally and irrevocably affirmed its desire to opt out of the class action settlement. Movants here, who are represented by separate, sophisticated counsel, have made no such request or attempted to exclude themselves, which is a plainly stated prerequisite to invoking *Piper*.

To successfully stay the Order and preliminary approval pending resolution of their appeal before the Eighth Circuit, Movants bear the burden of showing that they: (1) are likely to win on the merits of the appeal; (2) will suffer irreparable injury if the stay is denied; (3) the other parties will not be substantially harmed by the stay; and, (4) the public interest will be served by granting the stay. *Brady v. Nat'l Football League*, 779 F. Supp. 2d 1043, 1045-46 (D. Minn. 2011) ("Because a stay is not a matter of right, but rather an exercise of judicial discretion, the applicant bears the burden of showing that the circumstances justify an exercise of that discretion." (internal quotations removed)). Movants have failed to show any basis for staying any portion of the Order when given the fact they have failed to satisfy even the basic *Piper* requirement of attempting to exclude

themselves from the Settlement. Without taking this basic step, Movants cannot invoke *Piper,* cannot succeed on their appeal based on *Piper*, and have no entitlement to the extraordinary relief of a stay affecting millions of Class Members.

**1.     Movants are likely to fail on appeal.**

   **A.     The All Writs Act authorizes courts to enjoin class members from arbitration.**

The All Writs Act allows a court to "issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Courts are empowered under the All Writs Act to enjoin class members from pursuing parallel arbitration. *See In re Zurn Pex Plumbing Liab. Litig.*, No. 08-md-1958 ADM/AJB, 2012 WL 5055810, at *12 (D. Minn. Oct. 18, 2012) ("Federal courts' broad authority under the All Writs Act encompasses the power to enjoin both subsequent and parallel arbitration proceedings."). The All Writs Act authorizes courts to enjoin parallel proceedings "where parties to a complex, multidistrict litigation have reached a settlement agreement after lengthy, protected, and difficult negotiations." *In re Zurn*, 2012 WL 5055810, at *12, n.2; *see also In re Diet Drugs*, 282 F.3d 220, 236 (3d Cir. 2002) ("In complex cases where certification or settlement has received conditional approval, or perhaps even where settlement is pending, the challenges facing the overseeing court are such that it is likely that almost any parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal court."); *Liles v. Del Campo*, 350 F.3d 742, 746-47 (8th Cir. 2003) ("The court acted within its discretion in issuing the injunction because

enjoining related litigation was necessary to ensure the enforceability of the order approving preliminary settlement . . . .").

"[P]arallel proceedings can 'seriously impair the federal court's flexibility and authority to approve settlements in multi-district litigation' and threaten to 'destroy the utility of the multidistrict forum otherwise ideally suited to resolving such broad claims.'" *In re Zurn*, 2012 WL 5055810, at *13 (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985)). To prevent this undesirable outcome, district courts may use the All Writs Act to enjoin parallel, and potentially detrimental, proceedings. As Judge Montgomery held:

> An extensive body of federal caselaw recognizes that complex, multidistrict litigation like this one implicates special considerations under the All Writs Act. In complex cases . . . , the challenges facing the overseeing court are such that it is likely that almost any parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal court.

*In re Uponor, Inc. F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-md-2247, 2012 WL 13065005, at *10, n.2 (D. Minn. Jan. 19, 2012).

For these reasons, courts in this District regularly enjoin class members from arbitrating claims resolved in a pending settlement. *See, e.g.*, *id.*; *In re Zurn*, 2012 WL 5055810, at *12; *Busch v. Bluestem Brands, Inc.*, No. 16-cv-0644 WMW/HB, 2019 WL 1976147, at *3 (D. Minn. May 3, 2019) (enjoining arbitration in a preliminary approval order); *Fath v. Am. Honda Motor Co., Inc.*, No. 18-cv-1549 NEB/LIB, 2019 WL 6799796, at *9 (D. Minn. Dec. 13, 2019) (preliminary approval order enjoying arbitration).

In the present case, this Court is presented with a multi-district action that has proceeded through years of significant and complex litigation. Through difficult

4

negotiations and extensive confirmatory discovery, representatives of the Class and CenturyLink settled. If Movants' view were to prevail, Class Members would be permitted to remain in the Settlement Class while, at the same time, seeking a better deal through subsequent arbitration or litigation. If allowed, defendants would have little incentive to settle knowing they may bear additional expenses from parallel actions and arbitration brought by members of a class with whom they have supposedly settled. *See, e.g.*, *White v. Nat'l Football League*, 41 F.3d 402, 409 (8th Cir. 1994) ("If the district court were to approve the settlement without enjoining at least related claims, the agreement would be inadequate to end litigation relating to the labor dispute. Therefore, the district court properly exercised its jurisdiction by enjoining related actions."), *abrogated on other grounds by Amchem Prod. Inc. v. Windsor*, 521 U.S. 591 (1997). As such, the Court's injunction is appropriate here.

All this is not to say Movants have no remedy. They can arbitrate their claims if they opt out. Requiring Movants to opt out imposes no additional hurdle for Movants because, should they not opt out, Movants run the risk that their arbitrable claims will be barred upon final approval of the Settlement. *See In re Am. Exp. Fin. Advisorys Securities Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) ("Absent a violation of due process or excusable neglect for failure to timely opt out, a class-action settlement agreement binds all class members who did not do so."); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 115 (2d Cir. 2005) (stating that a class member "was required to opt out at the class notice stage if it did not wish to be bound" by a class action settlement."). Nothing precludes Movants'

from opting out here. But, unless they do so, they are bound by the Court's properly entered injunction.

### B. The Eighth Circuit does not bar injunctions on arbitrations.

Despite the Court's clear authority under the All Writs Act to enjoin Class Members from arbitrating claims resolved in the pending Settlement, Movants wrongly assert that the Eighth Circuit in *Piper* barred injunctions on arbitration.

In *Piper,* the Eighth Circuit did not hold that a preliminary approval order cannot enjoin class members from pursuing arbitration. In fact, the Eighth Circuit reversed the challenged arbitration injunction in that case only to the extent of the facts applicable to the appellant there, and let it stand as to all other class members. *See* 71 F.3d at 304 (reversing injunction "insofar as (and only insofar as) they affect[ed] [the appellant].").

Unlike here, where Movants have made no effort to opt out, the appellant party seeking arbitration in *Piper* ("Park Nicollet") made an "unrefuted showing" that it had "a contractual right to arbitrate[,]" "elected not to participate in the class action[,]" and "elected irrevocably to opt out of the class action." *Id.* at 304. Despite that "unrefuted showing" the district court denied Park Nicollet's request to immediately opt out and enjoined Park Nicollet from arbitrating its claims. *Id.* at 300.

The Eighth Circuit held that, while a district court has broad discretion to manage a class, that "discretion must be exercised consistent with the policies and principles of the [Federal Arbitration Act] when a class member *with an immediate right to arbitrate its claim seeks to opt out*." *Id.* (emphasis added). The Eighth Circuit held that the district court's "one reason for issuing an injunction" – that "an arbitrator's ruling on the issue

6

such as whether or not Piper made fraudulent representations could jeopardize the carefully negotiated class action settlement" – was an insufficient reason to bar Park Nicollet from opting out and arbitrating.  *Id.* at 302-03.  While that "one reason" was "not a sufficient basis upon which to limit Park Nicollet's rights under the FAA," the Eighth Circuit did not hold such an injunction could never be justified.  *See id.* at 304. (holding "The district court's [rulings upholding injunction in preliminary approval order] are reversed *insofar as (and only insofar as)* they affect Park Nicollet Medical Foundation." (emphasis added)).

*Piper*, therefore, at best, and as applied to the facts of the present case, stands for the proposition that this Court's injunction is proper, except as to a Settlement Class member who makes an "unrefuted showing" that it: (1) is represented by separate counsel; (2) has a contractual right to arbitrate; and (3) "elected irrevocably to opt out of the class action".  *Id*. at 304.  Here, Movants have not presented a request to opt out, and cannot invoke *Piper* to obtain a successful appeal, let alone a stay of the entire Settlement pending that appeal.

        **C.**      **Movants show no other reason the Court's injunction is invalid.**

Movants raise two other arguments in support of their position on arbitration injunctions, neither of which justify an appeal, or a stay.

***First***, Movants claim the Court's injunction violates the Rules Enabling Act's requirement that the general rules of practice and procedure established by the Supreme Court not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072.  This argument fails because the Court's authority to enjoin class members from pursuing

7

parallel litigation or arbitration comes from the All Writs Act, not Rule 23 of the Rules of Civil Procedure. Therefore, it is not subject to the Rules Enabling Act.[1]

Movants position also fails for another reason: they never explain *how* the Court's Order "abridge[s], enlarge[s], or modif[ies]" their right to arbitrate. The Court's injunction simply recognizes that Movants cannot be part of the Settlement Class while simultaneously arbitrating the same claims. Movants cite no authority that their right to arbitrate is "enlarge[d], abridge[d], or modif[ied]" by an order requiring a class member to opt out in order to pursue an individual action, including through arbitration.

**Second**, Movants claim the injunction and Order are improper because: (1) they have not been provided notice and an opportunity to opt out and (2) they are not part of the class because it is provisional. Both assertions quickly fail.

Although Movants correctly recognize a Court may bind Class Members, they incorrectly assert that the Court's authority to bind the Class does not begin until Class Members receive notice. That is not the case. The Court's authority beings upon *directing* notice to be issued (so long as it complies with Rule 23 as it does here) and allowing an opportunity to opt out. *See Carlough v. Amchem Prods. Inc.* ("once the district court ***approved*** the dissemination of notice and commenced the opt out period . . . the

---

[1] Along the same lines, the terms of a class-wide settlement agreement do not implicate the Rules Enabling Act. *See also Marshall v. Nat'l Football League*, 787 F.3d 502, n.4 (8th Cir. 2015) ("[A] class-action settlement—like any settlement—is a private contract of negotiated compromises. The agreement is not a substantive adjudication of the underlying causes of action, and therefore, approval of the settlement agreement does not implicate the Rules Enabling Act.").

8

jurisdictional problem was resolved." (emphasis added)).[2] There is no dispute that Movants are bound by the Order. *See* Order, at 3, 5.

Dispositively, however, Movants *have* received notice. Their counsel necessarily must have received (presumably via the public ECF system) and fully reviewed the preliminary approval materials, including the approved notices, in order to appeal the Preliminary Approval Order in the first place. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (noting the due process requirements to "bind absent class members" are met when "notice plus an opportunity to be heard and participate in the litigation" is provided "in person or *through counsel*." (emphasis added). Movants are therefore in actual possession of the Court-approved notice.

Lastly, Movants challenge the "provisional" status of class certification. Yet, nearly every settlement class is provisional because the certification will be vacated if the settlement is terminated for any reason. Order at 2, 5 (certifying the Class for Settlement purposes only). The class was duly certified under Rule 23, and, as Movants admit, that is all that is required. *See id.*

Movants have shown no basis for their assertion that the Court lacks the authority to enjoin them, as members of the Settlement Class, from pursuing arbitration. Therefore,

---

[2] Movants also recognized that, regardless of notice and the right to opt out, *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940) holds that the "federal courts that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the litigation in which members of the class are present as parties[.]").

9

they are likely to fail upon appeal and a stay of the Preliminary Approval Order is not warranted.

2. **Movants will not suffer an irreparable injury absent a stay.**

Movants have failed to show that they will suffer the type of "irreversible injury" necessary to stay the Order pending appeal. *See Brady*, 779 F. Supp. 2d at 1047 ("The essence of any stay pending appeal is irreparable harm – and whether the appellant (and stay applicant) would suffer *irreversible injury* if the decision at issue was not stayed pending the outcome of the appeal." (emphasis in original)). Movants assert that the Court's injunction has disrupted their right to a speedy and informal resolution through arbitration. They also assert they are "suffering a violation of their constitutional due-process rights by remaining subject to an injunction . . . ." Br. at 10.

Movants' parade of horribles would be ground to a halt should they conform to *Piper's* requirements and seek to exclude themselves from the Settlement. Since they have not, they remain bound by the Court's injunction, which is proper under *Piper* and the All Writs Act. Movants can show no injury of any kind, let alone of the irreversible kind, and their motion to stay pending appeal should be denied.

3. **A stay will harm the Settlement Class.**

In examining whether to stay an order pending appeal, the Court must compare the injuries to the movants caused by denying a stay to those of the class members caused by issuing a stay. *Brady*, 779 F. Supp. 2d at 1047. Here, The Settlement Class contains over 17 million current and former CenturyLink customers. The Movants are just three Settlement Class Members who seek to delay and disrupt the Settlement's benefits by

staying the entire Preliminary Approval Order, while, apparently strategically, declining to seek exclusion as *Piper* requires. The potential harm to the Settlement Class is particularly significant given the fact that Movants seek to stay Preliminary Approval in its entirety despite asserting an issue with only the injunction provision.

Additionally, Movants' counsel has known for weeks, if not months, of the terms of Plaintiffs' motion for preliminary approval and proposed Preliminary Approval Order. Movants, however, failed to object to the Preliminary Approval Order, make an appearance at the January 22, 2020 hearing, or raise the issue of an injunction at all prior to the entry of the Preliminary Approval Order. As such, any harm caused by the delay of Movants' right to arbitrate is of their own making, which continues to be true because Movants have not sought to satisfy the requirements of *Piper* by making an irrevocable request to opt out.

As the foregoing makes clear, Movants have attempted to upend a duly issued Preliminary Approval Order containing an entirely proper injunction provision, while invoking the *Piper* case without attempting to fit themselves into the relief *Piper* may arguably afford. On these facts, it is the MDL parties and the Court who are most harmed, not Movants. A stay is unwarranted.

**4.      The Public Interest Favors Denying the Injunction.**

As Plaintiffs explained in their motion for preliminary approval, public policy favors settlement. *See Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (holding that "strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor." (internal citations removed)); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6

(D. Minn. Feb. 27, 2013) ("The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." (citing *White*, 822 F. Supp. at 1416)); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (citing cases). Movants' proposed stay would effectively allow a tiny handful of class members and their counsel, who assert disinterest in a class-wide settlement yet fail to seek exclusion, to upend this public policy favoring settlement. Movants have failed to satisfy the authority they invoke, *Piper*, and present no other compelling argument to cast doubt upon the Court's injunction or other provisions of the Order.

## CONCLUSION

The Court should deny Movants' Motion for Stay Pending Appeal.

Dated: February 18, 2020

Respectfully submitted,

*s/ Brian C. Gudmundson*
Carolyn G. Anderson (MN 275712)
Brian C. Gudmundson (MN 336695)
Bryce D. Riddle (MN 398019)
**ZIMMERMAN REED LLP**
1100 IDS Center,
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 641-0844
carolyn.anderson@zimmreed.com
brian.gudmundson@zimmreed.com
bryce.riddle@zimmreed.com

**ZIMMERMAN REED LLP**
Hart L. Robinovitch
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400

Facsimile: (480) 348-6415
hart.robinovitch@zimmreed.com

*Plaintiffs' Interim Co- Lead and Liaison Counsel*

**O'MARA LAW GROUP**
Mark M. O'Mara
Alyssa J. Flood
Caitlin H. Reese
221 NE Ivanhoe Blvd., Suite 200
Orlando, FL 32804
Telephone: (407) 898-5151
Facsimile: (407) 898-2468
mark@omaralawgroup.com
alyssa@omaralawgroup.com
caitlin@omaralawgroup.com

**GERAGOS & GERAGOS, APC**
Mark J. Geragos
Benjamin J. Meiselas
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (231) 625-3900
Facsimile: (231) 232-3255
mark@geragos.com
meiselas@geragos.com

*Plaintiffs' Interim Co-Lead Counsel*

**GUSTAFSON GLUEK PLLC**
Daniel C. Hedlund (#258337)
Michelle J. Lobby (#388166)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dhedlund@gustafsongluek.com
mlooby@ gustafsongluek.com

*Plaintiffs' Executive Committee Chair*

**HELLMUTH & JOHNSON, PLLC**
Richard M. Hagstrom (MN 039445)
Anne T. Regan (MN 333852)
Nicholas S. Kuhlmann (MN 33750)
Jason Raether (MN 394857)
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
rhagstrom@hjlawfirm.com
aregan@hjlawfirm.com
nkuhlmann@hjlawfirm.com
jraether@hjlawfirm.com

**ROXANNE CONLIN & ASSOCIATES, PC**
Roxanne Barton Conlin
3721 S.W 61st St.
Des Moines, Iowa, 50321
Telephone: (515) 283-1111
roxlaw@aol.com

**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Telephone: (404) 996-0869
Facsimile: (205) 326-3332
jmcdonough@hgdlawfirm.com

**HENINGER GARRISON DAVIS, LLC**
Francois M. Blaudeau
W. Lewis Garrison, Jr.
Christopher B. Hood
2224 1st Ave North
Birmingham, AL 35203
Telephone: (205) 326-3336
Facsimile: (205) 380-0145
francois@southernmedlaw.com
lewis@hgdlawfirm.com
chood@hgdlawfirm.com

*Plaintiffs' Executive Committee*

| | |
|---|---|
| **HODGE & LANGLEY LAW FIRM, P.C.**<br>T. Ryan Langley<br>229 Magnolia St.<br>Spartanburg, SC 29306<br>Telephone: (864) 585-3873<br>Facsimile: (864) 585-6485<br>rlangley@hodgelawfirm.com | **OLSEN DAINES PC**<br>Michael Fuller, OSB No. 09357<br>Olsen Daines PC<br>US Bancorp Tower<br>111 SW 5th Ave., Suite 3150<br>Portland, Oregon 97204<br>Telephone: (503) 201-4570<br>michael@underdoglawyer.com |
| **FERNALD LAW GROUP LLP**<br>Brandon C. Fernald<br>6236 Laredo Street<br>Las Vegas, NV 89146<br>Telephone: (702) 410-7500<br>Facsimile: (702) 410-7520<br>brandon.fernald@fernaldlawgroup.com | **WALSH PLLC**<br>Bonner C. Walsh<br>PO Box 7<br>Bly, OR 97622<br>Telephone: (541) 359-2827<br>Facsimile: (866) 503-8206<br>bonner@walshpllc.com |
| **ATTORNEY ALFRED M. SANCHEZ**<br>Alfred M. Sanchez<br>400 Gold Ave. SW, #240<br>Albuquerque, NM 87102<br>Telephone: (505) 242-1979<br>lawyeralfredsanchez@gmail.com | **GARDY & NOTIS, LLP**<br>Orin Kurtz<br>126 East 56th Street, 8th Floor<br>New York, NY 10022<br>Telephone: (212) 905-0509<br>Fax: (212) 905-0508<br>okurtz@gardylaw.com |

*Counsel for Plaintiffs and the Proposed Class*