UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This Document Relates to<br>0:17-cv-02832   0:17-cv-04943<br>0:17-cv-04613   0:17-cv-04944<br>0:17-cv-04614   0:17-cv-04945<br>0:17-cv-04615   0:17-cv-04947<br>0:17-cv-04616   0:17-cv-05046<br>0:17-cv-04617   0:18-cv-01562<br>0:17-cv-04618   0:18-cv-01572<br>0:17-cv-04619   0:18-cv-01573<br>0:17-cv-04622   0:18-cv-01565 | MDL No. 17-2795 (MJD/KMM)<br><br>**CENTURYLINK, INC. AND ITS OPERATING COMPANIES' MOTION TO DISQUALIFY COUNSEL AND REQUIRE CORRECTIVE NOTICE** |

Defendant Century Link, Inc. and its Operating Companies (together "CenturyLink") respectfully request that the Court enter an order disqualifying Keller Lenkner LLC ("Keller") from representing any Class Member (as defined in the Court's Preliminary Approval Order dated January 24, 2020 (ECF No. 528)) in the above-captioned multidistrict litigation proceeding and all actions therein (jointly the "Proceeding") and with respect to the proposed class settlement.  In support of this Motion, CenturyLink states as follows:

1. As detailed in CenturyLink's concurrently-filed Memorandum of Law, Keller's conduct violates multiple requirements of the Minnesota and Illinois Rules of Professional Conduct, including:

    - **Rules 7.1 and 8.4(c)** by misrepresenting and omitting material information;

    - **Rules 1.1, 1.2, 1.3 and 1.4** by failing to provide adequate individualized representation and advice;

- **Rule 1.7** by simultaneously representing more than 22,000 class members despite two types of non-consentable conflicts between Keller and its clients and among its clients.

2. Disqualification is necessary and appropriate to remedy Keller's multiple ethical violations because they have harmed CenturyLink and class members and have obstructed the Court's efforts to fairly inform class members of their opportunity to participate in the class settlement.

3. The Court has broad discretion to determine the counsel who appear before it, not only to enforce ethics rules, but to maintain public confidence in the legal profession and protect absent class members.

4. CenturyLink has standing to raise Keller's ethical violations because CenturyLink has been directly harmed by Keller's misconduct, and because Keller's ethical violations impair the fairness of this Proceeding.

5. The Court also should order that the Settlement Administrator send to Keller's clients, at Keller's expense, a corrective notice in the form of the proposed Supplemental Notice attached as Exhibit 1, which provides accurate information about the class settlement to cure Keller's misinformation.

6. Further, the Court should order Keller to provide to CenturyLink's counsel at the law firm Cooley LLP an electronic list of names and all current contact information for each Class Member that has executed an engagement letter with Keller (the "Current Client List") for purposes related to this Proceeding.

7.      Still further, the Court should order Keller not to communicate further with its clients regarding the class settlement and not to be otherwise involved with its clients' submissions of opt outs with respect to the class settlement.

8.      If any Class Member on Keller's Current Client List has or will have submitted an opt out form or an objection prior to his or her first receipt of a Supplemental Notice, the Court should reject and not consider such opt out or objection. Each Class Member on Keller's Current Client List should be granted 30 days after his or her first receipt of a Supplemental Notice to submit a new opt out or objection. To the extent this 30-day period extends beyond the current June 23, 2020, deadline for submitting opt outs or objections set forth in the Preliminary Approval Order, that deadline should be extended for that Class Member.

9.      Without these Court actions, Keller's unethical conduct will continue to harm thousands of absent class members and will interfere with the fair administration of this Proceeding.

10.     Numerous courts in similar situations have ordered similar remedies. For example, Judge Magnuson barred a third-party lawyer from representing some class members before the court and ordered corrective notice due to the lawyer's misleading solicitations and misrepresentations regarding that class action. *In re Lutheran Bhd. Variable Ins. Prods. Co.*, 2002 WL 1205695 (D. Minn. 2002).

11.     This Motion is based on all the files, records, and proceedings in this matter, including CenturyLink's Memorandum of Law that will be filed and served in accordance with D. Minn. L.R. 7.1, and the arguments of counsel.

12. CenturyLink represents that it met and conferred yesterday (by email) and today (by telephone) with Ashley Keller and Warrant Postman of the Keller firm, who are counsel for Movants. Keller opposes this request. CenturyLink also met and conferred yesterday (by email and telephone) with Brian Gudmundson, counsel for Consumer Plaintiffs. Consumer Plaintiffs do not join in this Motion.

13. Pursuant to D. Minn. L.R. 7.1(c)(2) and (6)(A), Keller has 7 days to respond to this motion.

For these reasons and those stated in CenturyLink's Memorandum of Law, CenturyLink respectfully moves that the Court enter the proposed Order Granting CenturyLink, Inc. and Its Operating Companies' Motion to Disqualify Counsel and Request Corrective Notice.

Dated:  April 7, 2020 					Respectfully submitted,


							s/ *Michael T. Williams*
							Carolyn J. Fairless (CO Bar No. 30214)
							Michael T. Williams (CO Bar No. 33172)
							Andrew M. Unthank (CO Bar No. 36832)
							Wheeler Trigg O'Donnell LLP
							370 Seventeenth Street, Suite 4500
							Denver, CO  80202-5647
							Telephone:  303.244.1800
							Facsimile:  303.244.1879
							Email:   fairless@wtotrial.com
								williams@wtotrial.com
								unthank@wtotrial.com

							Douglas P. Lobel (VA Bar No. 42329)
							David A. Vogel (VA Bar No. 48971)
							COOLEY LLP
							11951 Freedom Drive
							Reston, Virginia 20190
							Tel.: (703) 456-8000
							Fax: (703) 456-8100
							Email:   dlobel@cooley.com
								dvogel@cooley.com

							Jeffrey M. Gutkin (CA Bar No. 216083)
							COOLEY LLP
							101 California Street, 5th Floor
							San Francisco, CA 94111
							Tel.: (415) 693-2000
							Fax: (415) 693-2222
							Email:   jgutkin@cooley.com

							Thomas H. Boyd (MN Bar No. 200517)
							William A. McNab (MN Bar No. 320924)
							David M. Aafedt (MN Bar No. 27561X)
							WINTHROP & WEINSTINE, P.A.
							Capella Tower, Suite 3500
							225 South Sixth Street
							Minneapolis, MN 55402
							Tel: (612) 604-6400

5

        Fax: (612) 604-6800
        Email:   tboyd@winthrop.com
                  wmcnab@winthrop.com
                  daafedt@winthrop.com

*Attorneys for Defendant CenturyLink, Inc. and Intervenors Qwest Corporation, Embarq Florida, Inc., Embarq Missouri, Inc., Carolina Telephone and Telegraph Company LLC, Central Telephone Company, CenturyTel of Idaho, Inc., CenturyTel of Larsen-Readfield, LLC, CenturyTel of Washington, Inc., CenturyTel Broadband Services, LLC, and Qwest Broadband Services, Inc.*

**CERTIFICATE OF SERVICE (CM/ECF)**

I CERTIFY that on April 7, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing electronically to the parties listed on the Court's Service List.

*s/ Michael T. Williams*
Michael T. Williams