**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re: CenturyLink Sales Practices and	MDL No. 0:11-cv-02795-MJD-KMM
Securities Litigation

This document relates to:	**ORDER**
Civil File No. 18-296 (MJD/KMM)

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing for documents filed under temporary seal in connection with the Plaintiffs' motion to compel discovery at MDL docket entry 575 and docket entry 211 in *Craig et al. v. CenturyLink, Inc. et al.*, 18-cv-296 (MJD/KMM). [Joint Mot., MDL Docket No. 621; Joint Mot., *Craig* Docket Entry 230.] The parties do not dispute that the documents may remain sealed, though the Plaintiffs indicate that they reserve rights to object to continued sealing pending further discussions among the parties. The Court has carefully reviewed the documents filed under temporary seal in connection with the underlying motion and concludes that they merit continued sealing. *IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013).

However, the Court notes that in the parties' Joint Motion they indicate that the reason the documents should remain under seal is that they were marked confidential pursuant to the terms of the Protective Order issued in this case. Pursuant to Local Rule 5.6, a party may file a document under *temporary seal* if the party contends it is confidential or proprietary or if the document has been designated confidential or proprietary by another party, by a non-party, or under a non-disclosure agreement or a protective order. D. Minn. LR 5.6(c). However, the fact that a document was so-designated to facilitate discovery does not, by itself, mean that the information in the document is appropriate for continued or permanent sealing. *Id.*, 2017 Advisory Committee to LR 5.6 ("Even if [information filed with the court] is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). Any future submission of joint motions regarding continued sealing should provide a brief explanation that allows the Court to assess the reasons any party or non-party believes that interests in confidentiality outweigh the qualified right of access.

2

Subject to the admonition above, **IT IS HEREBY ORDERED THAT:**

1. The Joint Motion Regarding Continued Sealing **[MDL Docket Entry 621;** *Craig* **Docket Entry 230]** is **GRANTED**.

2. **The Clerk of Court is directed to keep the following documents under seal:**
   a. **MDL Docket Entries: 581, 582, 587, 589, 591.**
   b. *Craig* **Docket Entries: 217, 218.**[1]

Date: April 20, 2020

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[1] The Court has not listed the separate document numbers for each of the documents attached to MDL Docket Entries 582, 589, and 591, or those attached to *Craig* Docket Entry 218. However, the Clerk of Court is instructed to keep all such documents under seal. For ease of reference, the Court requests that, in any future motions filed under Local Rule 5.6, the parties refer to the various exhibits to declarations or affidavits by the unique document number generated by the ECF filing system.