UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: CENTURYLINK SALES
PRACTICES AND SECURITIES
LITIGATION

MDL No. 17-2795 (MJD/KMM)

This document relates to Civil File Nos.
17-2832, 17-4613, 17-4614, 17-4615,
17-4616, 17-4617, 17-4618, 17-4619,
17-4622, 17-4943, 17-4944, 17-4945,
17-4947, 17-5046, 18-1562, 18-1565,
18-1572, 18-1573

**BRIEF SUPPORTING MOTION TO COMPEL DEPOSITION OF
NANCY J. MOORE AND ADD ONE WEEK TO BRIEFING SCHEDULE**

Proposed Intervenors[1] ask the Court to allow them to take a remote video deposition of the expert witness whose declaration testimony forms the basis of the Motion to Disqualify Counsel and Require Corrective Notice [ECF 634] filed by Defendant CenturyLink and its Operating Companies ("CenturyLink"), and to add one week to Proposed Intervenors' time to respond to that motion.

CenturyLink bases its refusal to produce the expert, Professor Nancy J. Moore, on an untenable reading of Rule 26, insisting that because Professor Moore will not be testifying at a "trial," her opinions are not subject to cross-examination under Rule 26. But since motions to disqualify counsel are never decided at trial,

---

[1] "Proposed Intervenors" are Keisha Covington, Daniel Sokey, Tiffany Van Riper, James Watkins, Jaclyn Finafrock, and Kelly Johnson.

CenturyLink's view of Rule 26 would mean that there could never be cross-examination of expert opinions supporting disqualification motions. The Court should not embrace such a position.

The stakes are high for Proposed Intervenors, who have a strong interest in exercising their rights to test the bases of Professor Moore's opinions via deposition. Allowing the deposition would also allow the Court to decide the motion based on a fully developed record.

## FACTS

CenturyLink filed its motion to disqualify Keller Lenkner LLC on the evening of April 7, 2020. The next day, counsel for Proposed Intervenors emailed counsel for CenturyLink to say that he thought that noticing the motion as a non-dispositive motion even though it sought injunctive relief was contrary to the Local Rules, and that attempting to require a response in seven days was unreasonable.[2] In that communication, Proposed Intervenors' counsel noted that they intended to notice a deposition of Professor Moore.[3] In a phone call later that day, the two sides' counsel discussed the appropriate deadline for a response to the motion to disqualify and also discussed Proposed Intervenors' request for a deposition of Professor Moore.[4]

---

[2] Declaration of Warren Postman ("Postman Decl."), ¶ 2.
[3] Postman Decl., ¶ 3.
[4] Postman Decl., ¶ 4.

CenturyLink's counsel said that he was not sure whether they would agree to a deposition, but would check.[5]

Proposed Intervenors' counsel followed up regarding the deposition on Monday, April 13, and both sides' counsel spoke by phone. CenturyLink's counsel laid out a potential framework for Professor Moore's deposition in which (1) CenturyLink would get any documents that Proposed Intervenors' counsel would use in advance, (2) CenturyLink would get to depose Proposed Intervenors' expert (if any), and (3) CenturyLink would get to see Proposed Intervenors' expert's report before Professor Moore was deposed.[6] But CenturyLink's counsel said that he was not sure whether his client would agree.[7] Proposed Intervenors' counsel asked that CenturyLink's counsel get back to them with his client's position.[8]

A week later, on Monday, April 20, in response to another follow-up email from Proposed Intervenors' counsel, CenturyLink's counsel stated that CenturyLink would not agree to a deposition of Professor Moore.[9] The next day, Proposed Intervenors' counsel served CenturyLink's counsel with a deposition notice for Professor Moore, noting the deposition for Friday, May 1.[10] CenturyLink's counsel

---

[5] Postman Decl., ¶ 5.
[6] Postman Decl., ¶ 6.
[7] Postman Decl., ¶ 7.
[8] Postman Decl., ¶ 8.
[9] Postman Decl., ¶ 9.
[10] Postman Decl., ¶ 10.

then reiterated the company's position, saying that "we do not intend to produce Professor Moore for deposition."[11]  On Wednesday, April 22, Proposed Intervenors' counsel served notice of a subpoena for Professor Moore's testimony and documents and asked CenturyLink's counsel whether they would accept service of a subpoena.[12]  Just this afternoon, CenturyLink's counsel agreed to treat emailing of the subpoena to CenturyLink's counsel as the equivalent of personal service and agreed not to assert any objection based on lack of personal service on Professor Moore.[13]

    Proposed Intervenors have retained Greene Espel PLLP as co-counsel for the limited purpose of responding to the motion to disqualify.  Greene Espel has asked CenturyLink's counsel to agree that, if the Court is willing, Proposed Intervenors may have one additional week (moving the due date from May 6 to May 13, 2020) to file their response to the motion to disqualify.  CenturyLink has not yet responded to that request.[14]

---

[11]    Declaration of Samuel J. Clark ("Clark Decl."), Ex. A.
[12]    Clark Decl., Ex. B.  This exhibit contains the subpoena (and document rider) for which Proposed Intervenors asked CenturyLink to accept service.
[13]    Clark Decl., Ex. C. (4-24-20 McNab correspondence to Clark).
[14]    Clark Decl., ¶ 2.

## ARGUMENT

This motion asks the Court to (A) order Professor Moore's deposition to go forward and (B) add one week to the briefing schedule on CenturyLink's motion to disqualify Keller Lenkner LLC [ECF 634].

### A. The Court should order Professor Moore's deposition to go forward.

As the Court well knows, Rule 26 provides for broad discovery. As the Eighth Circuit has noted, "[t]he rules for depositions and discovery are to be accorded a broad and liberal treatment." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (internal citations omitted). A remote video deposition of Professor Moore—on whom CenturyLink's motion to disqualify relies heavily—meets Rule 26's standard. In objecting to Professor Moore's deposition, CenturyLink has <u>not</u> asserted any privilege, contested the relevance of Professor Moore's opinions[15] or the importance of the issues at stake, or claimed that the remote video deposition would somehow be disproportional to the case's needs. CenturyLink has now submitted two declarations from its expert seeking to disqualify a law firm, Keller Lenkner, that thousands of people have chosen to represent them. This Court

---

[15] Lest there be any doubt as to relevance, Professor Moore has been clear about what her role is: she has been "asked to render opinions concerning ethical issues arising from Keller Lenkner's joint representation of tens of thousands of purported CenturyLink customers with respect to their potential claims against CenturyLink." (Moore Decl. [ECF 511], ¶ 3.) Her opinions, therefore, go to the heart of CenturyLink's motion to disqualify.

should permit Proposed Intervenors to depose that expert. Any other outcome would be highly prejudicial to Keller Lenkner's ability to defend its reputation and to Greene Espel's ability to oppose CenturyLink's motion on behalf of Proposed Intervenors.

Much is at stake here. CenturyLink's motion to disqualify seeks an adjudication of many people's rights to choose their own counsel, and, in so doing, repeatedly cites to Professor Moore's declaration. As the Court shall see when Proposed Intervenors respond to that motion, many of the factual assumptions that Professor Moore was asked to make are simply not true. Professor Moore's assumptions, and their import, should be tested via deposition and the pre-deposition production of her documents in connection with this case.

Proposed Intervenors are not unique in seeking to depose an opposing party's expert in connection with a motion to disqualify. *See, e.g., Esser v. A.H. Robins Co.*, 537 F. Supp. 197, 198 (D. Minn. 1982) (Alsop, J.) ("On September 29, 1980, defendant A. H. Robins . . . filed a motion to disqualify the Cloutier firm as counsel for plaintiffs. Various discovery was conducted with regard to the disqualification motion, and the matter was argued and submitted to the court on June 3, 1981."). Courts faced with motions to disqualify have hardly even stopped to comment on whether depositions were proper or necessary. *See, e.g.*, *In re Raymond Prof'l Grp., Inc.*, 420 B.R. 448, 470 (Bankr. N.D. Ill. 2009) (resolving, in the context of a motion to

disqualify, a dispute over which party would "pay the fees associated with the depositions of" expert witnesses).

The fact that parties need the opportunity to test the assumptions and analysis of testifying experts through depositions is routinely taken as a given by federal courts. *See, e.g.*, *Pakootas v. Teck Cominco Metals, Ltd.*, No. CV-04-256-LRS, 2011 WL 13113380, at *1 n.1 (E.D. Wash. July 7, 2011) (noting that "the areas a regular expert would legitimately be expected to testify at deposition concerning his expert report" include "facts or data and assumptions the party's attorney provided and the expert considered in forming his opinions"). Indeed, the most frequent method for discovering the work of expert witnesses is by deposition. *See Johnson v. Mead Johnson & Co.*, Civil No. 11–225 (JNE/LIB), 2012 WL 12894473, at *6 (D. Minn. May 21, 2012).

A party's right to test a testifying expert's facts, data, and assumptions has deep roots in multiple Federal Rules of Evidence and Civil Procedure, including Rule of Evidence 702(b) (allowing the testimony of expert witnesses when the witness's testimony "is based on sufficient facts or data") and Rule of Civil Procedure 26(b)(4)(C)(iii) (providing that "assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed" are discoverable). Moreover, it is "up to the opposing party" to ensure that the Federal Rules' requirements are satisfied by "examin[ing] the factual basis for the [expert's] opinion in cross-examination." *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d

7

860, 865 (8th Cir. 2004) (internal citations omitted). If Proposed Intervenors are not permitted to depose Professor Moore, they will be deprived of this opportunity. Such a result would be deeply contrary to the letter and spirit of the rules governing the preparation and submission of expert opinions.

By contrast, CenturyLink's reasons for objecting to a deposition are lacking. Although discovery has been stayed in the class action, CenturyLink is the party that has created the need for limited discovery in this situation. CenturyLink says that the deposition is not permitted by Rule 26(b)(4)(A) (allowing depositions of "any person who has been identified as an expert whose opinions may be presented at trial"), because Professor Moore is not presenting opinions at a "trial."[16] Professor Moore has, however, presented her opinions to the trial court in connection with a motion that could functionally be dispositive for many people who do not care to participate in the class settlement. She is a testifying expert, not a non-testifying expert.

Rule 26's plain language and structure, as well as case law interpreting it, do not support CenturyLink's position. Rule 26(b)(4)(A) draws a distinction between

---

[16] CenturyLink has also pointed to a May 2018 stay of discovery this Court entered on the underlying litigation against CenturyLink [ECF 145]. Such a stay should not be construed to apply to the limited purpose of taking the deposition of an expert who has submitted declaration testimony about a motion to disqualify counsel. The Court's stay <u>allowed</u> discovery to proceed on issues necessary to resolve pending motions—such as plaintiffs' discovery on the issues of mandatory arbitration and class-action waivers. The same reasoning would allow limited discovery on CenturyLink's motion to disqualify.

testifying experts, whom opposing parties have a right to depose, and non-testifying experts, who by default are not subject to discovery. Rule 26(b)(4)(A) does <u>not</u> prevent the deposition of experts in proceedings where there will be no trial. *See Johnson*, 2012 WL 12894473, at *6 (holding that Rule 26(b)(4) does not limit expert discovery to only expert reports and noting that the Committee Notes to Rule 26 "state that '[t]he most frequent method for discovering the work of expert witnesses is by deposition"). In fact, the term "expert" in Rule 26(b)(4)(A) refers to "those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters." Fed. R. Civ. P. 26 advisory committee note. Professor Moore is testifying, of course, via declarations.

CenturyLink's cramped reading of Rule 26(b)(4)(A) would require the Court to ignore the well-established principle that Rule 26(b) allows "a party to discover the opinions of testifying and consulting experts through the use of depositions or Interrogatories, subject to the limitations provided." *Olson v. Snap Prods., Inc.*, 183 F.R.D. 539, 542 (D. Minn. 1998) (Erickson, Mag. J.); *see ADS Holdings, Inc. v. Fed. Ins. Co.*, Civil No. 06-3715 ADM/AJB, 2007 WL 9735529, at *2 (D. Minn. Aug. 1, 2007) ("During pre-trial discovery, parties must be able to discover not just an opposing expert's opinion, but also what facts the expert used or rejected in making his determination.") (citing *Musselman v. Phillips*, 176 F.R.D. 194, 200 (D. Md. 1997)).

The Court should not embrace CenturyLink's position that, because motions to disqualify counsel are never resolved in a formal "trial," expert opinions

supporting such motions can never be cross-examined. The authorities cited above make clear that this is not the law. Before deciding the rights of people who have chosen Keller Lenkner to represent them, the Court would benefit from the results of Professor Moore's deposition.

### B. The Court should add a week to the briefing schedule.

Proposed Intervenors also seek a one-week extension to their May 6 deadline to respond to the motion to disqualify. Within 24 hours of CenturyLink filing its motion to disqualify, Proposed Intervenors' counsel informed CenturyLink's counsel that they would seek to depose Professor Moore, and worked diligently through multiple emails and phone conversations to avoid the need to bring this dispute to the Court. But Proposed Intervenors now have no choice but to ask the Court to resolve the issue, which in turn affects Proposed Intervenors' ability to respond to CenturyLink's motion. With new co-counsel from Greene Espel recently joining the case for the purpose of responding to the motion to disqualify, Proposed Intervenors suggest that a May 13 deadline for responding to the motion is reasonable and warranted given the unique circumstances present.

### CONCLUSION

For the foregoing reasons, the Court should order that Professor Moore's deposition go forward and that one week be added to Proposed Intervenors' deadline for responding to CenturyLink's Motion to Disqualify Counsel and Require Corrective Notice [ECF 634].

Dated:  April 24, 2020.	GREENE ESPEL PLLP

                                        s/ Samuel J Clark
                                        Robert J. Gilbertson  (# 22361X)
                                        Samuel J. Clark  (# 0388955)
                                        Faris A. Rashid  (# 0391508)
                                        Virginia R. McCalmont  (# 0399496)
                                        222 South Ninth Street, Suite 2200
                                        Minneapolis, MN  55402
                                        Telephone:   (612) 373-0830
                                        Facsimile:    (612) 373-0929
                                        E-mail:          BGilbertson@GreeneEspel.com
                                                                 SClark@GreeneEspel.com
                                                                FRashid@GreeneEspel.com
                                                                VMcCalmont@GreeneEspel.com

                                        and

                                        Ashley C. Keller
                                        Keller Lenkner LLC
                                        150 N. Riverside Plaza, Suite 4270
                                        Chicago, IL  60606
                                        Telephone:   (312) 741-5220
                                        Facsimile:    (312) 971-3502
                                        E-mail:          ack@kellerlenkner.com

                                        Warren Postman
                                        Keller Lenkner LLC
                                        1300 I Street, N.W., Suite 400E
                                        Washington, DC  20005
                                        Telephone:    (202) 749-8334
                                        E-mail:          wdp@kellerlenkner.com

                                        *Counsel for Proposed Intervenors and Movants*
                                        *Keisha Covington, Daniel Sokey, Tiffany Van Riper,*
                                        *James Watkins, Jaclyn Finafrock, and Kelly Johnson*