## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| | |
| This Document Relates to Civil File Nos. 18-2460, 18-2833, 18-2834, 18-2835, 19-263, 19-284 | **MEMORANDUM OF LAW & ORDER** |

Lawrence P. Eagel, David J. Stone, and Melissa A. Fortunato, Bragar Eagel & Squire, P.C., Lead Counsel for Plaintiffs; and Seth Leventhal, Levanthal PLLC, Liaison Counsel for Lead Plaintiffs.

William A. McNab and Thomas H. Boyd, Winthrop & Weinstine, P.A.; Patrick E. Gibbs, Ryan Blair, Douglas P. Lobel, David A. Vogel, Dana A. Moss, and Sarah M. Lightdale, Cooley LLP; and Jerry W. Blackwell, Blackwell Burke P.A.; Counsel for Defendants CenturyLink, Inc., Executive Defendants, and Non-SLC Directors.

Steven W. Usdin, John W. Joyce, Christine M. Calogero, and Laurence D. LeSueur, Barrasso Usdin Kupperman Freeman & Sarver, LLC, Counsel for SL Defendants.

## I.      INTRODUCTION

This matter is before the Court on Defendants' Motion for Suggestion of Remand.  [Docket No. 905]  The Court heard oral argument on October 26, 2021.

## II.      BACKGROUND

### A.      Creation of the MDL

On October 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML")

filed a Transfer Order creating the CenturyLink MDL and transferring nine

consumer fraud cases against CenturyLink, Inc. ("CenturyLink") and related

entities to this Court.  ([Docket No. 1]  Transfer Order.)

Each named Plaintiff alleged that they had purchased internet and, in

some cases, telephone and/or television services from "CenturyLink."  Each

Plaintiff asserted sales, billing, or quality issues.  They claimed that CenturyLink

promised a discount or promotion that was not applied; charged more for

services than it advertised or promised; charged customers for services that it did

not provide; charged customers for services that they did not request; charged

undisclosed or higher-than-agreed on fees; charged improper termination fees;

and sent customers' accounts into collections due to unpaid overcharges.

The JPML consolidated the actions because it found "that these actions

involve common questions of fact, and that centralization of these cases will

serve the convenience of the parties and witnesses and promote the just and

efficient conduct of this litigation."  (Transfer Order at 1.)  Furthermore,

"[c]entralization will eliminate duplicative discovery, prevent inconsistent

pretrial rulings on class certification and other pretrial matters, and conserve the

resources of the parties, their counsel, and the judiciary." (Id. at 2.)

### B. Consumer Action

This Court consolidated the consumer actions, which resulted in the filing

of a consolidated complaint in the Consumer Action. CenturyLink filed motions

to compel arbitration, to dismiss for lack of personal jurisdiction, and for

subsidiaries to intervene. The Court authorized discovery on those motions. The

motions were then stayed pending a tentative settlement while Plaintiffs pursued

confirmatory discovery regarding the size and scope of damages. On January 24,

2020, the Court preliminarily approved the settlement and provisionally certified

the class. [Docket No. 528] In December 2020, the Court gave final approval to

the settlement and dismissed the Consumer Action. [Docket Nos. 857-860]

### C. Securities Action

In February 2018, the JPML transferred four tag-along securities cases from

the Western District of Louisiana to this Court as part of the MDL. [Docket No.

26] These actions, brought by securities investors against CenturyLink and

certain CenturyLink executives, claimed that Defendants made false and

misleading statements concerning CenturyLink's allegedly fraudulent billing

practices and its financial condition. As a result, the prices of publicly traded

securities were artificially inflated and then, the prices of those securities

declined when the truth was revealed in a series of disclosures.

This Court consolidated the securities cases into the Securities Action.  On

July 30, 2019, the Court denied Defendants' motion to dismiss the consolidated

complaint.  [Docket No. 420]  In September 2020, the Court granted Plaintiffs'

motion for class certification.  [Docket No. 813]  In March 2021, the Court

preliminarily approved a settlement.  [Docket No. 893]  In July 2021, the Court

gave final approval to the settlement and dismissed the Securities Action.

[Docket Nos. 933, 935]

### D.    Derivative Action

On June 6, 2018, Plaintiff Neil Flanders filed a verified derivative

complaint against Nominal Defendant CenturyLink and its officers and directors

in the Western District of Louisiana.  Later that same day, Plaintiff Timothy Ault

filed a similar action in the same court.  Plaintiffs Michael Barbree, Glen Walker,

and Sona Andresian filed a similar complaint in the same court on July 3, 2018.

On August 23, 2018, Plaintiff Edward Tansey filed a similar derivative action in

the District of Minnesota.

The derivative actions all assert that CenturyLink's current and former

directors and executives breached their fiduciary duties and committed other

torts by causing CenturyLink to issue misleading statements or omit material information from its public filings regarding its improper marketing and billing practices, claims based on the same allegations of a pattern of wrongful conduct that underlaid the consumer cases and misleading statements regarding those practices that underlaid the securities cases.

Before filing suit, Plaintiffs made a written demand, pursuant to Louisiana Statute § 12:1-742, on CenturyLink's Board of Directors to investigate and take the necessary legal action against those responsible for the damages the Company has suffered. (See, e.g., Lightdale Decl., Ex. 3, Ault Compl. ¶ 142; Ault Compl., Ex. A, Sept. 6, 2017 Ault Demand Letter.) In response, the CenturyLink Board formed a Special Litigation Committee ("SLC") to investigate the allegations. (See, e.g., Ault Compl. ¶ 143; Ault Compl., Ex. B, Sept. 18, 2017 SLC Response to Sept. 6, 2017 Demand Letter.) After conducting an inquiry, the SLC refused each demand and declined to pursue litigation against directors, officers, or employees of CenturyLink. (See, e.g., Ault Compl. ¶ 145; Ault Compl., Ex. D, Apr. 13, 2018 SLC Decision Letter.)

On October 3, 2018, based on an order from the JPML, the Flanders Action, Ault Action, and Barbree Action were transferred to this Court for inclusion in

the CenturyLink MDL.  [Docket No. 285]  The JPML rejected the parties'

arguments against transfer to the MDL.  [Id.]  It held that the fact that

CenturyLink was headquartered in Monroe, Louisiana, where the relevant

corporate decisions were made, did not prevent transfer to this Court.  [Id.]  The

JPML reasoned that this Court was "fully capable of ruling" on the forthcoming

motion to dismiss argued under Louisiana law.  [Id.]  And the JPML noted that

failing to consolidate the derivative cases would leave the cases split between the

cases filed in the Western District of Louisiana and the District of Minnesota.

[Id.]

On December 4, 2018, this Court entered an order consolidating the four

derivative actions that had been filed in or transferred to this Court: Tansey v.

Perry, Civil File No. 18-2460, Flanders v. Post, Civil File No. 18-2833, Ault v Post,

Civil File No. 18-2834, and Barbree v. Bejar, Civil File No. 18-2835.  [Docket No.

310]  Subsequently, the JPML transferred two additional derivative actions to this

District, Inter-Marketing Group USA, Inc. v. Storey, Civil File No. 19-263, and

Palkon v. CenturyLink, Inc., Civil File No. 19-284, which the Court consolidated

with the other actions (consolidated "Derivative Action").  In April 2019, the

Court appointed Ault as Lead Plaintiff.  [Docket No. 400]

On July 24, 2019, based on the parties' stipulation, the Court stayed the

Derivative Action until the Court ruled on the motion to dismiss in the Securities

Action.  ([Docket No. 419] Stay Order.)  The stay was continued until March 25,

2021.  ([Docket No. 891] Order Extending Stay.)  Based on the parties' stipulation,

CenturyLink reproduced the discovery from the Consumer and Securities

Actions to Lead Plaintiff in this Derivative Action.  (Stay Order- ¶¶ 2-3.)  The

stay has now expired.  To date, no consolidated complaint has been filed in the

consolidated Derivative Action.  Now that the stay has been lifted in the

Derivative Action, Plaintiffs seek discovery on the derivative-specific aspects of

their claim in order to defend against Defendants' planned motion to dismiss.

In February 2019, the parallel derivative cases filed in Louisiana state court

were stayed pending the federal derivative cases, and the plaintiffs in the state

cases agreed that their ability to maintain derivative claims under Louisiana law

would turn on the rulings in this Derivative Action.  (Lightdale Decl., Ex. 4,

Pinsly v. Post Feb. 27, 2019 Order.)

Defendants have now filed a motion for suggestion of remand requesting

that the Court suggest that the JPML remand the five derivative lawsuits

originally filed in the Western District of Louisiana to that court.

III.   DISCUSSION

   A.   Legal Standard

The JPML must return an action in an MDL to the transferor court "at or

before the conclusion of such [coordinated or consolidated] pretrial proceedings .

. . unless it shall have been previously terminated."  28 U.S.C. § 1407(a).  The

JPML "consistently has given great weight to the transferee judge's informed

determination that remand at a given point in time is appropriate."  In re Brand-

Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d 1372, 1376 (J.P.M.L.

2003).

> In determining whether to issue a suggestion of remand to the
> JPML, the court should be guided by standards for remand
> employed by the Panel.  Generally, the decision to remand turns on
> the question of whether the case will benefit from further
> coordinated proceedings as part of the MDL.  Remand is
> appropriate when the discrete function performed by the transferee
> court has been completed.

In re Baycol Prod. Litig., 265 F.R.D. 453, 455 (D. Minn. 2008) (citations omitted).

"Section 1407 contemplates that the transferee judge in his discretion will

conduct the common pretrial proceedings with respect to the actions and any

additional pretrial proceedings as he deems otherwise appropriate."  Id. (citation

omitted).

   B.   Analysis

8

The Court denies the motion for suggestion of remand.  Keeping the

Derivative Action in the MDL and before this Court will prevent inconsistent

pretrial rulings and conserve the resources of the parties, their counsel, and the

judiciary.  The derivative cases are in the early stages, and there are many

outstanding pretrial matters for this Court to address before remand would be

appropriate.

Defendants correctly note that the law, facts, and discovery surrounding

the forthcoming motion to dismiss are unique to the Derivative Action and will

likely involve little duplication of the Court's previous work in the MDL.

Moreover, unique aspects of Louisiana law will apply.  However, as the JPML

recognized, this Court is capable of applying Louisiana law in deciding the

forthcoming motion to compel discovery and motion to dismiss.  If the Court

grants the motion to dismiss, this MDL will conclude, and no new court will

need to invest the substantial time and effort to familiarize itself with this

complicated and large-scale MDL in order to accrue the institutional knowledge

necessary to manage these cases.  If the Court denies the motion to dismiss, the

Derivative Action will continue forward, with cases originating in two separate

districts, and the Court will then need to address issues that are factually and

legally intertwined with the issues it has already addressed in the other strands

of the MDL, including whether billing and marketing misconduct occurred and

whether CenturyLink executives made materially misleading statements about

that misconduct.  If the case survives the motion to dismiss, there will likely be

discovery disputes that are related to the discovery issues that the Court

addressed in the Securities Action and Consumer Action.

The JPML already rejected the same arguments Defendants now make in

favor of remand.  The factors in favor of keeping the cases centralized before this

Court are even stronger now given the substantial resources already expended in

this MDL to acquire deep knowledge and an efficient management structure.

This Court has ruled on class certification and dispositive motions in the

Securities and Consumer Actions, so the Court's institutional knowledge of the

underlying facts of these cases would be most efficiently used in addressing the

pretrial matters in the Derivative Action and ensuring that the parties receive

consistent rulings on similar issues.  See also In re Baycol Prods. Litig., 265 F.R.D.

at 456 (denying motion for suggestion of remand when 1) "[a]ny court that

receives this matter will need to invest significant time learning the issues to

decide the pending [motions];" and based on 2) "the long-term duration of the . .

. MDL and the extensive background, expertise, and knowledge acquired by this

Court over the course of this litigation").

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

Defendants' Motion for Suggestion of Remand [Docket No. 905] is
**DENIED**.

Dated:   October 27, 2021          s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court